1   Jeffrey F. Keller (State Bar No. 148005)
    KELLER GROVER, LLP
2   1965 Market Street San Francisco,
    California 94103
3   Telephone: (415) 543-1305
    Facsimile: (415) 543-7861
4   E-Mail: jfkeller@kellergrover.com

5   John G. Jacobs (*pro hac vice*)
    Bryan G. Kolton (*pro hac vice*)
6   JACOBS KOLTON, CHTD.
    122 South Michigan Avenue, Suite 1850
7   Chicago, Illinois 60603
    Telephone: (312) 427-4000
8   Facsimile: (312) 427-1850
    E-Mail: jgjacobs@thejacobslawfirm.com
9   E-Mail: bgkolton@thejacobslawfirms.com

10  David Schachman (*pro hac vice*)
    DAVID SCHACHMAN & ASSOCIATES,
11  P.C.
    122 South Michigan Avenue, Suite 1850
12  Chicago, Illinois 60603
    Telephone: (312) 427-9500
13  Facsimile: (312) 427-1850
    E-Mail: ds@schachmanlaw.com

14

15  *Attorneys for Plaintiff Joy Nwabueze and*
    *the putative class*

16

Douglas R. Tribble (State Bar No. 116868)
Connie J. Wolfe  (State Bar No. 207661)
PILLSBURY WINTHROP SHAW PITTMAN
LLP
501 W. Broadway, Suite 1100
San Diego, CA  92101-3575
Telephone: (619) 234-5000
Facsimile: (619) 236-1995
E-Mail: douglas.tribble@pillsburylaw.com
E-Mail: connie.wolfe@pillsburylaw.com

Roxane A. Polidora (State Bar No. 135972)
PILLSBURY WINTHROP SHAW PITTMAN
LLP
50 Fremont Street, Fifth Floor
Post Office Box 7880
San Francisco, CA  94120-7880
Telephone:  (415) 983-1000
Facsimile:  (415) 983-1200
E-Mail:  roxane.polidora@pillsburylaw.com

*Attorneys for Defendants*
*Pacific Bell Telephone Company,*
*AT&T Services, Inc., and*
*AT&T Operations, Inc.*

17
## UNITED STATES DISTRICT COURT
18
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| 19  JOY NWABUEZE, individually and on behalf of a class of similarly situated 20  individuals, | Case No.  CV 09-1529 SI |
| 21  Plaintiff, | STIPULATION AND [~~PROPOSED~~] ORDER COORDINATING DISCOVERY |
| 22  vs. | Courtroom:  10 |
| 23  AT&T INC., a Delaware corporation; PACIFIC BELL TELEPHONE 24  COMPANY d/b/a AT&T CALIFORNIA, a California corporation; AT&T SERVICES, 25  INC., a Delaware corporation; AT&T OPERATIONS, INC., a Delaware 26  corporation; and DOES 1 through 21, | Judge:      Hon. Susan Illston

First Amended Class Action Complaint Filed:  August 13, 2009 |
| 27  Defendants. | |

28

1   The parties, by their undersigned counsel, hereby enter into the following Stipulation,
2   subject to the approval of the Court.

3   **<u>RECITALS</u>**

4   WHEREAS, *Terry v. Pacific Bell Telephone Co.*, No. RG 09 488326 ("*Terry*"), is pending
5   in the Superior Court for the State of California, County of Alameda, before Judge Steven A.
6   Brick;

7   WHEREAS, *Terry* is a proposed class action challenging AT&T's alleged practice of
8   placing unauthorized charges on customers' telephone bills for third party products and services
9   they did not purchase and therefore involves issues relevant in this litigation;

10   WHEREAS, Plaintiff Joy Nwabueze ("Plaintiff"), Defendants Pacific Bell Telephone
11   Company d/b/a AT&T California, AT&T Services, Inc., and AT&T Operations, Inc.
12   ("Defendants"), and *Terry* plaintiff's counsel have acknowledged that the discovery in this action
13   overlaps with the discovery in *Terry*;

14   WHEREAS on June 16, 2011, the *Terry* court entered an Order Coordinating Discovery
15   (the "California Order"), a copy of which is attached hereto as <u>Exhibit A</u>;

16   WHEREAS, the California Order provides for, *inter alia*, coordination of discovery
17   between this action and *Terry*, allowing plaintiff in *Terry* to receive discovery from and attend
18   depositions in this action, expressly in a manner that will not interfere with the scheduling,
19   prosecution, and defense of this action, and permits Plaintiff to receive discovery from and attend
20   depositions in *Terry*, expressly in a manner that will not interfere with the scheduling,
21   prosecution, and defense of this action or *Terry*;

22   WHEREAS, except as set forth above, plaintiff in *Terry* may not propound or seek
23   discovery in this action;

24   WHEREAS, the Court in *Terry* has entered a protective order ("*Terry* Protective Order"),
25   a copy of which is attached hereto as <u>Exhibit B</u>;

26   WHEREAS, the California Order provides that Defendant Pacific Bell Telephone
27   Company must produce to plaintiff in *Terry* all written and electronic discovery it has
28   propounded or produced or will propound or produce in this action, subject to the *Terry*

1  Protective Order, with the exception of any personal identifying information relating to Plaintiff

2  Joy Nwabueze, which shall not be produced to counsel in *Terry* unless and until Defendant

3  receives express written consent from Ms. Nwabueze to release such information; and

4         WHEREAS, the California Order provides that, if acceptable to this Court, plaintiff in

5  *Terry* may attend depositions noticed in this action and may ask questions related to the claims in

6  *Terry* subsequent to questioning by counsel in this action.

7         NOW, THEREFORE, the parties hereby stipulate and agree as follows:

8                      **STIPULATION**

9       1.     The parties will contemporaneously serve (by facsimile or e-mail) plaintiff in

10  *Terry* with copies of any deposition notices or deposition subpoenas.

11       2.     The parties shall attempt in good faith to meet and confer regarding all aspects of

12  written discovery and depositions (including the scheduling and locations of such depositions) so

13  that discovery in *Terry* may proceed expeditiously, economically, and in a manner that will not

14  delay or disrupt discovery or other proceedings in this action.

15       3.     Plaintiff in *Terry* may not move to compel, or otherwise challenge the discovery

16  proceedings, in this action.

17       4.     Plaintiff's counsel in *Terry* may attend depositions in this action and may question

18  witnesses on matters related to the claims in *Terry*, subsequent to the conclusion of all

19  questioning by counsel to the parties in this action.  If Terry Plaintiff's counsel wish to pose

20  questions to a deponent in a *Nwabueze* deposition, such  counsel will be allowed to ask questions

21  at the conclusion of questioning by the parties , avoiding unduly repetitive questioning (*e.g*, each

22  witness will not be subject to asked and answered questions under the same rules as if there are

23  multiple parties on the same side in a single case).  Each witnesses will only be noticed and

24  deposed once (absent good cause) as in any single litigation matter.

25       5.     Defendants shall notify Plaintiff of *any* discovery order that the *Terry* court enters,

26  or of any action that the *Terry* court instructs any party herein to take.  Plaintiff shall cooperate

27  with any such requests to the extent that they are consistent with this Order.

28

1    6.    The parties shall contemporaneously serve plaintiff in *Terry* with all written

2    discovery requests propounded, written discovery responses produced, and material produced in

3    this action, subject to the terms of the *Terry* protective order.  However, Defendant shall not

4    produce any personal identifying information relating to Plaintiff Joy Nwabueze to counsel in

5    *Terry* unless and until Defendant receives express written consent from Ms. Nwabueze to release

6    such information.

7    7.    All discovery initially propounded or produced in *Terry*, or hereafter propounded,

8    produced, or obtained in *Terry*, shall be deemed as if issued in this action and all responses and

9    productions by Defendants in *Terry* shall be deemed as if provided in response to discovery

10   issued in this case and may be used in this action as if it had been initially propounded, produced,

11   or obtained in this action, to the extent and in the manner permitted under the Federal Rules of

12   Civil Procedure and subject to the terms of the protective order in this action.  Depositions

13   noticed and taken as provided for in this stipulation shall be deemed to have been noticed and

14   taken in both proceedings and such deponents shall not be subject to further depositions in these

15   matters absent good cause.

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

8.      This Order applies regardless of whether discovery material originates with a party or a non-party.

IT IS SO STIPULATED.

Dated: June 23, 2011.

PILLSBURY WINTHROP SHAW PITTMAN LLP
ROXANE A. POLIDORA
CONNIE J. WOLFE

By  /s/ Connie J. Wolfe
                    Connie J. Wolfe
              Attorneys for Defendants
     Pacific Bell Telephone Company, AT&T Services,
           Inc., and AT&T Operations, Inc.

Dated:  June 23, 2011

KELLER GROVER, LLP
JEFFREY F. KELLER

JACOBS KOLTON, CHTD.
JOHN G. JACOBS
BRYAN G. KOLTON

DAVID SCHACHMAN & ASSOC., PC
DAVID SCHACHMAN

By  /s/  David Schachman
                    David Schachman
              Attorneys for Plaintiff
     Joy Nwabueze and the Putative Class

**ATTESTATION OF SIGNATURE**
**(N.D. Cal. General Order 45)**

I, Connie J. Wolfe, hereby attest that concurrence in the filing of the following document:

STIPULATION AND [PROPOSED] ORDER COORDINATING DISCOVERY has been

obtained from all of the signatories.

Dated:  June 23, 2011

/s/  Connie J. Wolfe
                    Connie J. Wolfe

**[PROPOSED] ORDER**

The foregoing stipulation is approved, and **IT IS SO ORDERED**.

Dated:  _6/27/11_  _____

The Honorable Susan Illston
United States District Judge

Stipulation









1  Michael W. Sobol (State Bar No. 194857)
   Jahan C. Sagafi (State Bar No. 224887)
2  Allison S. Elgart (State Bar No. 241901)
   LIEFF, CABRASER, HEIMANN &
3  BERNSTEIN, LLP
   275 Battery Street, 29th Floor
4  San Francisco, CA  94111-3339
   Telephone: (415) 956-1000
5  Facsimile: (415) 956-1008
   E-Mail: msobol@lchb.com
6  E-Mail: jsagafi@lchb.com
   E-Mail: aelgart@lchb.com
7

Douglas R. Tribble (State Bar No. 116868)
Connie J. Wolfe  (State Bar No. 207661)
PILLSBURY WINTHROP SHAW PITTMAN
LLP
501 W. Broadway, Suite 1100
San Diego, CA  92101-3575
Telephone: (619) 234-5000
Facsimile: (619) 236-1995
E-Mail: douglas.tribble@pillsburylaw.com
E-Mail: .connie.wolfe@pillsburylaw.com

8  Michael A. Caddell (State Bar No. 249469)
   Cynthia B. Chapman (State Bar No. 164471)
9  CADDELL & CHAPMAN
   1331 Lamar, Suite 1070
10 Houston, TX  77010
   Telephone: (713) 751-0400
11 Facsimile: (713) 751-0906
   E-Mail: mac@caddellchapman.com
12 E-Mail: cbc@caddellchapman.com

Roxane A. Polidora (State Bar No. 135972)
PILLSBURY WINTHROP SHAW PITTMAN
LLP
50 Fremont Street, Fifth Floor
Post Office Box 7880
San Francisco, CA  94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
E-Mail: roxane.polidora@pillsburylaw.com

13 *Attorneys for Plaintiff and proposed Class*

*Attorneys for Defendant Pacific Bell Telephone
Company*

**FILED**
ALAMEDA COUNTY

14

JUN 1 6 2011

15

16  SUPERIOR COURT OF THE STATE OF CALIFORNIA

17  COUNTY OF ALAMEDA

18

19  AMELIA TERRY, individual, on behalf of
    herself and all others similarly situated,
20
                    Plaintiff,
21
         v.
22
    PACIFIC BELL TELEPHONE
23  COMPANY, d/b/a/ AT&T California, and
    DOES 1 through 99,
24
                    Defendants.
25

Case No. RG 09 488326

STIPULATION AND [PROPOSED] ORDER
COORDINATING DISCOVERY

ASSIGNED FOR ALL PURPOSES TO:
Judge:      Hon. Steven A. Brick
Dept:       17

26

**ENDORSED
FILED
ALAMEDA COUNTY**

27

JUN 1 4 2011

28

CLERK OF THE SUPERIOR COURT
BY YASMIN SINGH, Deputy

923347.2
923562.1

- 1 -

1    The parties hereby stipulate and agree as follows:

2    WHEREAS, the instant case ("*Terry*") involves issues that are involved in

3 *Nwabueze v. AT&T Inc.*, No. CV 09-1529 SI, pending in the United States District Court for the

4 Northern District of California ("*Nwabueze*"); and

5    WHEREAS, the parties stipulate to coordinate the discovery in *Terry* and

6 *Nwabueze* to preserve party and court resources and promote efficiency;

7    The parties hereby stipulate that:

8 **I.**  **Discovery In *Terry***

9    **A.**  **Avoidance of redundancy.**  All discovery propounded and/or noticed in

10 *Nwabueze* shall be deemed as if issued in *Terry*, and all responses, production, and testimony

11 provided in response to said discovery shall be deemed as if provided in response to discovery

12 issued in *Terry*.  Prior to initiating any discovery in *Terry*, Plaintiff's counsel shall make a good

13 faith effort to familiarize themselves with any previous discovery propounded in *Nwabueze* and

14 shall avoid repetition of discovery previously propounded in *Nwabueze*.  Depositions noticed and

15 taken as provided for in this stipulation shall be deemed to have been noticed and taken in both

16 proceedings, and such deponents shall not be subject to further depositions in these matters absent

17 good cause.

18    **B.**  **Copies of discovery.**  Within ten days of the date of this Order, Defendant

19 Pacific Bell Telephone Company ("Defendant") will produce the following to plaintiff in

20 *Nwabueze*:  (1) all written discovery requests propounded, written discovery responses produced,

21 and material produced and (2) transcripts of all depositions taken (including exhibits) in *Terry* as

22 of the date of this Order.  On an ongoing basis following entry of this Order, the parties shall

23 contemporaneously serve *Nwabueze* plaintiff's counsel all material satisfying item 1 from the

24 preceding sentence.  However, Defendant will not produce any personal identifying information

25 relating to Plaintiff Amelia Terry (whether in the form of documents produced or deposition

26 exhibits) to counsel in *Nwabueze* without express written consent from Ms. Terry to release such

27 information.  Material propounded or produced by third parties in *Terry* shall be copied to

28 plaintiff in *Nwabueze* by Defendant, at the cost of plaintiff in *Nwabueze*.

925362.1

- 2 -

1          C.   **Depositions.**  Plaintiff's counsel will discuss depositions they wish to take

2    with *Nwabueze* plaintiff's counsel and coordinate scheduling and other logistics to provide

3    *Nwabueze* plaintiff's counsel an opportunity to attend the depositions if they wish.  The parties

4    will contemporaneously serve *Nwabueze* plaintiff's counsel with copies of all deposition notices

5    they serve.  *Nwabueze* plaintiff's counsel will be allowed to attend any deposition in *Terry* and

6    ask questions at the conclusion of questioning by the party noticing the deposition, avoiding

7    repetitive questioning (*e.g.*, each witness will not be subject to asked and answered questions

8    under the same rules as if there are multiple parties on the same side in a single case).  Each

9    witnesses will only be noticed and deposed once (absent good cause) as in any single litigation

10   matter.

11   **II.   Discovery In *Nwabueze***

12          A.   **Copies of discovery.**  Within ten days of the date of this Order, Defendant

13   will produce the following to Plaintiff's counsel:  (1) all written discovery requests propounded,

14   written discovery responses produced, and material produced and (2) transcripts of all depositions

15   taken (including exhibits) in *Nwabueze* as of the date of this Order.  On an ongoing basis

16   following entry of this Order, Defendant shall contemporaneously produce to Plaintiff's counsel

17   all material satisfying item 1 from the preceding sentence.  However, Defendant will not produce

18   any personal identifying information relating to Plaintiff Joy Nwabueze (whether in the form of

19   documents produced or deposition exhibits) to counsel in *Terry* without express written consent

20   from Ms. Nwabueze to release such information.  Material propounded or produced by third

21   parties in *Nwabueze* shall be copied to plaintiff in *Terry* by Defendant, at the cost of plaintiff in

22   *Terry*.

23          B.   **Depositions.**  Defendant shall contemporaneously serve Plaintiff's counsel

24   in *Terry* by facsimile or e-mail with all deposition notices served in *Nwabueze* and said notices

25   shall be deemed as if also issued in *Terry*.[1]  Defendant shall promptly inform Plaintiff's counsel

26   of the dates, times, and locations of depositions scheduled in *Nwabueze*, so that Plaintiff's counsel

27

28

---

[1] If *Nwabueze* plaintiff's counsel serves a deposition notice on Plaintiff's counsel in *Terry*, Defendant need not re-serve that notice.

- 3 -

1   can attend.  If Plaintiff's counsel wish to pose questions to a deponent in a *Nwabueze* deposition,

2   Plaintiff's counsel will be allowed to ask questions at the conclusion of questioning by the party

3   noticing the deposition, avoiding repetitive questioning (*e.g*, each witness will not be subject to

4   asked and answered questions under the same rules as if there are multiple parties on the same

5   side in a single case).  Each witnesses will only be noticed and deposed once (absent good cause)

6   as in any single litigation matter.

7         C.       **Admissibility.**  Any deposition noticed or taken in *Nwabueze* may be used

8   in *Terry* as if it had been taken under the California Code of Civil Procedure.  Any deposition

9   noticed or taken in *Nwabueze* shall be admissible to the extent permitted by, and its use shall be

10  governed by, the California Code of Civil Procedure and the California Evidence Code.

11  **III.    Coordination And Cooperation**

12        A.       **Parallel order in *Nwabueze*.**  Within 20 days of the date of this Order,

13  Defendant and Nwabueze plaintiff's counsel shall jointly present to the *Nwabueze* court for its

14  consideration the Stipulation And [Proposed] Order Coordinating Discovery in *Nwabueze*,

15  attached hereto as Exhibit A.  That order provides, *inter alia*, that Plaintiff's counsel are permitted

16  to attend and participate in depositions in *Nwabueze*.  Defendant shall make a good faith effort to

17  obtain the approval of that order by the *Nwabueze* Court.

18        B.       **Conferring to achieve efficiency.**  Plaintiff's and Defendant's counsel

19  shall make a good faith effort to confer with each other and with counsel in *Nwabueze* regarding

20  all aspects of written discovery and depositions (including the scheduling and locations of such

21  depositions) so that discovery in *Terry* may proceed expeditiously, economically, and in a manner

22  that will not delay or disrupt discovery or other proceedings in *Nwabueze*.

23        C.       **Limitation to *Terry*.**  Plaintiff in *Terry* may not move to compel, or

24  otherwise challenge the discovery proceedings, in *Nwabueze*.

25        D.       **The Court's powers.**  The parties acknowledge that the Court may, in its

26  discretion, endeavor to formally coordinate with United States District Court for the Northern

27  District of California insofar as may be appropriate and practicable to promote the coordination

28  goals and facilitate implementation of this Order and as a matter of this Court's inherent power to

- 4 -

925362 1

1  manage litigation.  The parties further acknowledge that any such initiative by the Court will

2  serve the purposes and provisions of this Order, and they may request, upon reasonable notice to

3  the parties in both actions, that the Court take specific action to assist the coordination of

4  discovery.

5           E.    **Notice regarding** *Nwabueze* **orders.**  Defendant shall notify Plaintiff of

6  any discovery order that the *Nwabueze* court enters, or of any action that that court may request

7  Plaintiff herein to take, to facilitate the coordination of discovery in the two actions.  Plaintiff

8  herein shall cooperate with any such requests that are consistent with this Order.  If appropriate,

9  Defendant shall permit Plaintiff to enter into any confidentiality order applicable to *Nwabueze*.

10  **IV.  Miscellaneous**

11          A.    All discovery produced in *Terry*, which was initially produced or

12  propounded in *Nwabueze*, may be used in *Terry* as if it had been initially produced or propounded

13  in *Terry* and to the extent and in the manner permitted under the California Code of Civil

14  Procedure and the California Evidence Code.

15          B.    The requirements of this Order apply to discovery provided or propounded

16  by, and depositions of, parties as well as third parties.

17          C.    Production required by this Order will be subject to the operative

18  Protective Order in *Terry* (entered by this Court on August 26, 2010) and the *Nwabueze*

19  Protective Order (entered on April 14, 2010).

20

21  Dated:  June 14, 2011           LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

22

23

24                                  Jahan C. Sagafi

25                                  *Attorneys for Plaintiff and proposed Class*

26

27

28

925362.1

- 5 -

1  Dated:  June 13, 2011

2                                PILLSBURY WINTHROP SHAW PITTMAN LLP

3

4                                _____

5                                Connie J. Wolfe

6                                *Attorneys for Defendant Pacific Bell Telephone Company*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

925362.1

- 6 -

STIPULATION AND [PROPOSED] ORDER COORDINATING DISCOVERY

**[PROPOSED] ORDER**

The foregoing stipulation is approved, and **IT IS SO ORDERED.**

Dated: _____ June 16 _____, 2011

_____
The Honorable Steven A. Brick
Alameda County Superior Court

- 7 -

925362.1

STIPULATION AND [PROPOSED] ORDER COORDINATING DISCOVERY

**EXHIBIT A**

Jeffrey F. Keller (State Bar No. 148005)
KELLER GROVER, LLP
1965 Market Street San Francisco,
California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
E-Mail: jfkeller@kellergrover.com

John G. Jacobs (*pro hac vice*)
Bryan G. Kolton (*pro hac vice*)
JACOBS KOLTON, CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Facsimile: (312) 427-1850
E-Mail: jgjacobs@thejacobslawfirm.com
E-Mail: bgkolton@thejacobslawfirms.com

David Schachman (*pro hac vice*)
DAVID SCHACHMAN & ASSOCIATES,
P.C.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-9500
Facsimile: (312) 427-1850
E-Mail: ds@schachmanlaw.com

*Attorneys for Plaintiff Joy Nwabueze and
the putative class*

Douglas R. Tribble (State Bar No. 116868)
Connie J. Wolfe (State Bar No. 207661)
PILLSBURY WINTHROP SHAW PITTMAN
LLP
501 W. Broadway, Suite 1100
San Diego, CA  92101-3575
Telephone: (619) 234-5000
Facsimile: (619) 236-1995
E-Mail:  douglas.tribble@pillsburylaw.com
E-Mail:  connie.wolfe@pillsburylaw.com

Roxane A. Polidora (State Bar No. 135972)
PILLSBURY WINTHROP SHAW PITTMAN
LLP
50 Fremont Street, Fifth Floor
Post Office Box 7880
San Francisco, CA  94120-7880
Telephone:  (415) 983-1000
Facsimile:  (415) 983-1200
E-Mail:  roxane.polidora@pillsburylaw.com

*Attorneys for Defendants
Pacific Bell Telephone Company,
AT&T Services, Inc., and
AT&T Operations, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

JOY NWABUEZE, individually and on
behalf of a class of similarly situated
individuals,

        Plaintiff,

    vs.

AT&T INC., a Delaware corporation;
PACIFIC BELL TELEPHONE
COMPANY d/b/a AT&T CALIFORNIA, a
California corporation; AT&T SERVICES,
INC., a Delaware corporation; AT&T
OPERATIONS, INC., a Delaware
corporation; and DOES 1 through 21,

        Defendants.

Case No.  CV 09-1529 SI

STIPULATION AND [PROPOSED] ORDER
COORDINATING DISCOVERY

Courtroom:  10
Judge:      Hon. Susan Illston

First Amended Class Action Complaint
Filed: August 13, 2009

1   The parties, by their undersigned counsel, hereby enter into the following Stipulation,

2 subject to the approval of the Court.

3         **RECITALS**

4   WHEREAS, *Terry v. Pacific Bell Telephone Co.*, No. RG 09 488326 ("*Terry*"), is pending

5 in the Superior Court for the State of California, County of Alameda, before Judge Steven A.

6 Brick;

7   WHEREAS, *Terry* is a proposed class action challenging AT&T's alleged practice of

8 placing unauthorized charges on customers' telephone bills for third party products and services

9 they did not purchase and therefore involves issues relevant in this litigation;

10   WHEREAS, Plaintiff Joy Nwabueze ("Plaintiff"), Defendants Pacific Bell Telephone

11 Company d/b/a AT&T California, AT&T Services, Inc., and AT&T Operations, Inc.

12 ("Defendants"), and *Terry* plaintiff's counsel have acknowledged that the discovery in this action

13 overlaps with the discovery in *Terry*;

14   WHEREAS on _____, 2011, the *Terry* court entered an Order Coordinating

15 Discovery (the "California Order"), a copy of which is attached hereto as <u>Exhibit A</u>;

16   WHEREAS, the California Order provides for, *inter alia*, coordination of discovery

17 between this action and *Terry*, allowing plaintiff in *Terry* to receive discovery from and attend

18 depositions in this action, expressly in a manner that will not interfere with the scheduling,

19 prosecution, and defense of this action, and permits Plaintiff to receive discovery from and attend

20 depositions in *Terry*, expressly in a manner that will not interfere with the scheduling,

21 prosecution, and defense of this action or *Terry*;

22   WHEREAS, except as set forth above, plaintiff in *Terry* may not propound or seek

23 discovery in this action;

24   WHEREAS, the Court in *Terry* has entered a protective order ("*Terry* Protective Order"),

25 a copy of which is attached hereto as <u>Exhibit B</u>;

26   WHEREAS, the California Order provides that Defendant Pacific Bell Telephone

27 Company must produce to plaintiff in *Terry* all written and electronic discovery it has

28 propounded or produced or will propound or produce in this action, subject to the *Terry*

1  Protective Order, with the exception of any personal identifying information relating to Plaintiff

2  Joy Nwabueze, which shall not be produced to counsel in *Terry* unless and until Defendant

3  receives express written consent from Ms. Nwabueze to release such information; and

4       WHEREAS, the California Order provides that, if acceptable to this Court, plaintiff in

5  *Terry* may attend depositions noticed in this action and may ask questions related to the claims in

6  *Terry* subsequent to questioning by counsel in this action.

7       NOW, THEREFORE, the parties hereby stipulate and agree as follows:

8               **STIPULATION**

9     1.    The parties will contemporaneously serve (by facsimile or e-mail) plaintiff in

10  *Terry* with copies of any deposition notices or deposition subpoenas.

11     2.    The parties shall attempt in good faith to meet and confer regarding all aspects of

12  written discovery and depositions (including the scheduling and locations of such depositions) so

13  that discovery in *Terry* may proceed expeditiously, economically, and in a manner that will not

14  delay or disrupt discovery or other proceedings in this action.

15     3.    Plaintiff in *Terry* may not move to compel, or otherwise challenge the discovery

16  proceedings, in this action.

17     4.    Plaintiff's counsel in *Terry* may attend depositions in this action and may question

18  witnesses on matters related to the claims in *Terry*, subsequent to the conclusion of all

19  questioning by counsel to the parties in this action.  If Terry Plaintiff's counsel wish to pose

20  questions to a deponent in a *Nwabueze* deposition, such  counsel will be allowed to ask questions

21  at the conclusion of questioning by the parties , avoiding unduly repetitive questioning (*e.g*, each

22  witness will not be subject to asked and answered questions under the same rules as if there are

23  multiple parties on the same side in a single case).  Each witnesses will only be noticed and

24  deposed once (absent good cause) as in any single litigation matter.

25     5.    Defendants shall notify Plaintiff of *any* discovery order that the *Terry* court enters,

26  or of any action that the *Terry* court instructs any party herein to take.  Plaintiff shall cooperate

27  with any such requests to the extent that they are consistent with this Order.

28

6.     The parties shall contemporaneously serve plaintiff in *Terry* with all written discovery requests propounded, written discovery responses produced, and material produced in this action, subject to the terms of the *Terry* protective order.  However, Defendant shall not produce any personal identifying information relating to Plaintiff Joy Nwabueze to counsel in *Terry* unless and until Defendant receives express written consent from Ms. Nwabueze to release such information.

7.     All discovery initially propounded or produced in *Terry*, or hereafter propounded, produced, or obtained in *Terry*, shall be deemed as if issued in this action and all responses and productions by Defendants in *Terry* shall be deemed as if provided in response to discovery issued in this case and may be used in this action as if it had been initially propounded, produced, or obtained in this action, to the extent and in the manner permitted under the Federal Rules of Civil Procedure and subject to the terms of the protective order in this action.  Depositions noticed and taken as provided for in this stipulation shall be deemed to have been noticed and taken in both proceedings and such deponents shall not be subject to further depositions in these matters absent good cause.

//
//
//
//
//
//
//
//
//
//
//
//
//

1       8.     This Order applies regardless of whether discovery material originates with a party

2    or a non-party.

3       IT IS SO STIPULATED.

4    Dated: June 14, 2011.

5                     PILLSBURY WINTHROP SHAW PITTMAN LLP
                        ROXANE A. POLIDORA

6                     CONNIE J. WOLFE

7                     By  */s/ Connie J. Wolfe*
                            Connie J. Wolfe

8                        Attorneys for Defendants
                     Pacific Bell Telephone Company, AT&T Services,

9                        Inc., and AT&T Operations, Inc.

10   Dated: June 14, 2011           KELLER GROVER, LLP
                     JEFFREY F. KELLER

11                    JACOBS KOLTON, CHTD.

12                   JOHN G. JACOBS
                     BRYAN G. KOLTON

13                    DAVID SCHACHMAN & ASSOC., PC

14                   DAVID SCHACHMAN

15                    By  */s/ David Schachman*
                         David Schachman

16                       Attorneys for Plaintiff
                     Joy Nwabueze and the Putative Class

17           **ATTESTATION OF SIGNATURE**
             **(N.D. Cal. General Order 45)**

18

19       I, Connie J. Wolfe, hereby attest that concurrence in the filing of the following document:

20   <u>STIPULATION AND [PROPOSED] ORDER COORDINATING DISCOVERY</u> has been

21   obtained from all of the signatories.

22   Dated: June 14, 2011           */s/  Connie J. Wolfe*
                          Connie J. Wolfe

23

24                   **[PROPOSED] ORDER**

25      The foregoing stipulation is approved, and **IT IS SO ORDERED.**

26

27   Dated: _____    _____

28                     The Honorable Susan Illston
                     United States District Judge

COPY

CC 17

1   Michael W. Sobol (State Bar No. 194857)
    Jahan C. Sagafi (State Bar No. 224887)
2   Allison S. Elgart (State Bar No. 241901)
    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
3   275 Battery Street, 29th Floor
    San Francisco, CA  94111-3339
4   Telephone: (415) 956-1000
    Facsimile: (415) 956-1008
5   E-Mail: msobol@lchb.com
    E-Mail: jsagafi@lchb.com
6   E-Mail: aelgart@lchb.com

7   Michael A. Caddell (State Bar No. 249469)
    Cynthia B. Chapman (State Bar No. 164471)
8   CADDELL & CHAPMAN
    1331 Lamar, Suite 1070
9   Houston, TX  77010
    Telephone: (713) 751-0400
10  Facsimile: (713) 751-0906
    E-Mail: mac@caddellchapman.com
11  E-Mail: cbc@caddellchapman.com

12  *Attorneys for Plaintiff and Proposed Class*

13          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                      **COUNTY OF ALAMEDA**

15

16  AMELIA TERRY, individual, on behalf of        Case No. RG-09-488326
    herself and all others similarly situated,
17                                                **PROOF OF SERVICE VIA EMAIL and**
              Plaintiff,                          **U.S. MAIL**
18
        v.                                        Judge:    Hon. Steven A. Brick
19
    PACIFIC BELL TELEPHONE
20  COMPANY, d/b/a/ AT&T California, and
    DOES 1 through 99,
21
              Defendant.
22

23          I am a citizen of the United States and employed in San Francisco County,

24  California.  I am over the age of eighteen years and not a party to the within-entitled action.  My

25  business address is 275 Battery Street, 29th Floor, San Francisco, California  94111-3339.  I am

26  readily familiar with this firm's practice for collection and processing of documents for service

27  via email, and that practice is that the documents are attached to an email and sent to the

28  recipient's email account the same day as the date listed on this Proof of Service.

926106.1                          - 1 -

ENDORSED
FILED
ALAMEDA COUNTY

JUN 1 4 2011

CLERK OF THE SUPERIOR COURT
BY YASMIN SINGH, Deputy

1         I am also readily familiar with Lieff, Cabraser, Heimann & Bernstein, LLP's

2   practice for collection and processing of correspondence for mailing with the United States Postal

3   Service.

4         On June 14, 2011, I served copies of the document(s) entitled:

5       **1.**    **STIPULATION AND [PROPOSED] ORDER COORDINATING**
    **DISCOVERY; and this**

6

7       **2.**    **PROOF OF SERVICE VIA EMAIL AND U.S. MAIL**

8   in a sealed envelope, postage fully paid, addressed as follows:

9   Douglas R. Tribble
    Connie J. Wolfe

10  PILLSBURY WINTHROP SHAW
    PITTMAN LLP

11  501 West Broadway, Suite 1100
    San Diego, CA 92101

12  douglas.tribble@pillsburylaw.com
    connie.wolfe@pillsburylaw.com

13  Roxane A. Polidora

14  PILLSBURY WINTHROP SHAW
    PITTMAN LLP

15  50 Fremont Street
    San Francisco, CA 94105

16  roxane.polidora@pillsburylaw.com

17        Following ordinary business practices, the envelope was sealed and placed for

18  collection and mailing on this date, and would, in the ordinary course of business, be deposited

19  with the United States Postal Service on this date.

20        On June 14, 2011, I also served the above-listed document(s) on the same

21  addressees in the attached list by email delivery.

22

23        I declare under penalty of perjury under the laws of the State of California and the United

24  States that the above is true and correct.

25      Executed on June 14, 2011, at San Francisco, California.

26

27  _____
            ALLISON S. ELGART

28

926106.1             - 2 -

Stipulation







COPY

*7345891*

ENDORSED
FILED
ALAMEDA COUNTY

AUG 2 5 2010

CLERK OF THE SUPERIOR COURT
Deputy

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   DOUGLAS R. TRIBBLE  116868
2  CONNIE J. WOLFE  207661
   douglas.tribble@pillsburylaw.com
3  connie.wolfe@pillsburylaw.com
   501 W. Broadway, Suite 1100
4  San Diego, CA  92101-3575
   Telephone: (619) 234-5000
5  Facsimile: (619) 236-1995

6  PILLSBURY WINTHROP SHAW PITTMAN LLP
   ROXANE A. POLIDORA  135972
7  roxane.polidora@pillsburylaw.com
   50 Fremont Street, Fifth Floor
8  Post Office Box 7880
   San Francisco, CA  94120-7880
9  Telephone: (415) 983-1000
   Facsimile: (415) 983-1200
10

   Attorneys for Defendant
11  PACIFIC BELL TELEPHONE COMPANY

12

FILED
ALAMEDA COUNTY

AUG 2 6 2010

CLERK OF THE SUPERIOR COURT
By: _____  KM
                Deputy

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                 IN AND FOR THE COUNTY OF ALAMEDA

15

16  AMELIA TERRY, individual, on behalf of          )    Case No. RG09488326
17  herself and all others similarly situated,      )
                                                     )    STIPULATION AND [PROPOSED]
18                      Plaintiffs,                  )    PROTECTIVE ORDER
                                                     )
19              v.                                    )    ASSIGNED FOR ALL PURPOSES TO:
                                                     )    Judge:   Hon. Steven A. Brick
20  PACIFIC BELL TELEPHONE COMPANY,                 )    Dept.:   17
    d/b/a AT&T California, and DOES 1 through       )
21  99,                                             )    Third Amended Complaint Filed:
                                                     )    June 8, 2010
22                      Defendants.                  )
                                                     )
23

24

25

26

27

28

601256199v1

1    The Court has substantial interest in protecting the legitimate privacy interests of the

2    litigants and third parties while at the same time preserving the parties' rights to conduct

3    full and complete discovery. In order to protect the confidentiality of confidential

4    information obtained by the parties in connection with the above-captioned matter, the

5    parties hereby agree and the Court hereby orders as follows:

6    1.   **Discovery Material**. The following procedures shall be employed and the

7    following terms, conditions, and restrictions shall govern with respect to all discovery

8    materials and things produced and disclosed by parties and third parties in this proceeding,

9    including all information contained in writings and documents (as defined in California

10    Evidence Code Section 250), deposition testimony, deposition exhibits, interrogatory

11    responses, and other written, recorded, or graphic matters (the "Discovery Material"). Any

12    persons receiving confidential information, as defined herein, shall not reveal or discuss

13    such information to or with any person who is not entitled to receive such information

14    except as set forth herein.

15    2.   **Confidential Information**. This Order shall govern all Discovery Material

16    that a designating or producing party or non-party believes in good faith to be entitled to

17    protection from disclosure under California law as being confidential.

18    3.   **"Confidential" Designation**. Discovery Material produced by any party or

19    non-party as part of discovery in this litigation may be designated by any party or

20    producing non-party as "Confidential." The party which designates material as

21    "Confidential" shall have a reasonable basis for believing, in good faith, that such

22    designation is appropriate and consistent with the terms of this Order and California law.

23    This designation refers to material that constitutes or contains trade secrets or other

24    confidential research, development, proprietary or commercial information, or other

25    information that is not publicly known, whether embodied in physical objects, documents,

26    or the factual knowledge of persons. Absent a specific order by the Court, once designated

27    as "Confidential" such Confidential Discovery Material shall be used by the parties solely

28    in connection with this litigation and not for any other purposes, including but not limited to

601256199v1

1   any other litigation, or any other business, competitive, governmental or regulatory

2   purposes or functions.

3        4.   **Designation Procedure**.  The designation of Discovery Material as

4   "Confidential" for purposes of this Protective Order shall be made in the following manner

5   by the party or non-party seeking protection:

6            a.   In the case of documents, exhibits, briefs, memoranda, interrogatory

7   responses, responses to requests for admission, or other material (apart from depositions or

8   other pretrial or trial testimony):  by affixing the legend "Confidential" to any such

9   Discovery Material containing any "Confidential" information at the time such documents

10  are produced or such information is disclosed, or as soon thereafter as the party or non-

11  party seeking protection becomes aware of the confidential nature of the information or

12  material disclosed and sought to be protected hereunder; and

13           b.   In the case of depositions or other pretrial or trial testimony:  A party

14  or non-party may designate information disclosed during a deposition or in response to

15  written discovery as "Confidential" by so indicating in said responses or on the record at

16  the deposition and requesting the preparation of a separate transcript of such material.  In

17  addition, a party or non-party may designate in writing, within thirty (30) days after receipt

18  of said responses or of the deposition transcript for which the designation is proposed, the

19  specific pages of the transcript and/or specific responses to be treated as "Confidential."

20  Any other party may object to such proposal, in writing or on the record.  Upon such

21  objection, the parties shall follow the procedures described in paragraph 9 below.  After any

22  designation made according to the procedure set forth in this paragraph, the designated

23  documents or information shall be treated as "Confidential" respectively until the matter is

24  resolved according to the procedures described in Paragraph 9 below, and counsel for all

25  parties shall be responsible for marking all previously unmarked copies of the Discovery

26  Material in their possession or control with the respective "Confidential" designation.

27       5.   **Material Produced by a Non-Party**.  Any party or non-party may designate

28  as "Confidential" any Discovery Material produced by a non-party if the party or non-party

1    believes in good faith that such Discovery Material is entitled to protection from disclosure

2    under the terms of this Order.  Such designation shall be made by giving written notice of

3    such intent and the relevant document numbers or other identification to all parties, and the

4    producing non-party, within thirty (30) days of the receipt of the Discovery Material, and

5    shall thereafter be stamped or otherwise marked "Confidential."

6        6.    **Submissions to the Court**.  Any party who files or intends to file any

7    Discovery Material designated as "Confidential" with the Court for use at trial or in

8    connection with any motion other than discovery motions or proceedings, and who does not

9    intend to have such records sealed must follow the procedures set forth in Rule

10   2.551(b)(3)(A) and (d) of the California Rules of Court.  The party (or producing non-party)

11   seeking to protect the confidentiality of the Discovery Material designated as

12   "Confidential" may then make a motion or application to seal the records in accordance

13   with Rule 2.551 of the California Rules of Court.

14       With respect to discovery motions or proceedings, any party seeking to submit any

15   Discovery Material designated as "Confidential" to the Court must lodge the documents

16   with the Court along with a cover letter explaining that the documents are being lodged in

17   connection with a discovery motion and should not be filed under any circumstances.

18       Pursuant to the California Rules of Court pertaining to appeals and writs, any and all

19   briefs and documents containing "Confidential" Discovery Material that are lodged with the

20   Court shall constitute "lodged" papers or records under Rules 8.120 and 8.122 and

21   "documents and exhibits submitted to the trial court" under Rule 8.486, subject to this

22   Order.

23       7.    **Disclosure of "Confidential" Information**.  All Discovery Material

24   designated "Confidential" shall be used solely for the purpose of this proceeding and for no

25   other proceedings or purpose.  Discovery Material designated as "Confidential," or copies

26   or extracts therefrom and compilations and summaries thereof, may be disclosed,

27   summarized, described, characterized, or otherwise communicated or made available in

28   whole or in part only to the following persons:

1            a.      The law firms of record in the above-captioned litigation, their

2 attorneys and staff, and in house and/or general counsel and staff for any party;

3            b.      The named parties or officers or employees of any party, to the

4 extent deemed necessary by counsel for conducting the above-captioned litigation;

5            c.      Experts and consultants for the purpose of assisting in the preparation

6 of the case or for the purpose of testifying by deposition or at the trial of this matter, subject

7 to and conditioned upon compliance with Paragraph 8 herein;

8            d.      The Court, and the Court staff pursuant to Paragraph 6 herein;

9            e.      Court reporters, transcribers, notary publics, or stenographers;

10            f.      Copy services, database providers, or graphics or design providers

11 retained by counsel for a party for purposes of preparing demonstrative or other exhibits for

12 deposition, trial, or other court proceedings in this action, subject to and conditioned upon

13 compliance with Paragraph 8 herein;

14            g.      Any authors or recipients of the "Confidential" Discovery Material;

15            h.      Testifying witnesses at deposition or at trial, subject to and

16 conditioned upon compliance with Paragraph 8 herein. A witness shall sign the

17 Acknowledgment as required under Paragraph 8 before being shown Discovery Material

18 designated "Confidential." "Confidential" Discovery Material may be disclosed to a

19 witness who will not sign the Acknowledgment as required under Paragraph 8 only in a

20 deposition at which the party or non-party who designated the "Confidential" Discovery

21 Material is represented or has been given notice that "Confidential" Discovery Material

22 produced by the party or non-party may be used. At the request of any party or non-party,

23 the portion of the deposition transcript involving the "Confidential" Discovery Material

24 shall be designated "Confidential" pursuant to paragraph above. Witnesses shown

25 "Confidential" Discovery Material shall not be allowed to retain copies. The parties shall

26 meet and confer regarding the use of "Confidential" Discovery Material at trial as set forth

27 in paragraph 17 below;

28            i.      Jury or trial consultants retained by counsel for a party, subject to

1    and conditioned upon compliance with Paragraph 8 herein; and

2                    j.        Any other person only upon order of the Court or upon prior written

3    consent of the party or non-party producing the "Confidential" Discovery Material.

4        8.      **Access Subject To Agreement**.  Except as otherwise provided in Paragraph

5    7 above, all persons listed in Paragraphs 7(c), 7(f), 7(h), 7(i), and 7(j) above may be given

6    access to information or material designated as "Confidential" only to the extent that they

7    first confirm their understanding and agreement to abide by the terms of this Protective

8    Order by completing and signing the Acknowledgment attached hereto as Exhibit A

9    ("Acknowledgment").  The Acknowledgments shall be retained by counsel for the party

10   who obtains them, and nothing thereunder shall require the disclosure of reports and/or

11   consultation that would not otherwise be required by law.

12       9.      **Challenging a Designation**.  In the event that a receiving party disagrees

13   with the designation by the producing party of any information as "Confidential," the

14   receiving party shall state its objections in writing.  The parties will try, in good faith, to

15   resolve such dispute on an informal basis before presenting the dispute to the Court by

16   motion or otherwise.  In the event an informal resolution is not reached, the designating

17   party must, within (14) days of receipt of the notice of objection, file a request with the

18   Court for a ruling as to whether the Discovery Material is properly designated

19   "Confidential."  The designating party shall have the burden of persuasion that the

20   designation is consistent with California law.  A failure by the designating party to seek

21   such a ruling from the Court within the stated time shall void for purposes of this Order, the

22   "Confidential" designation of such materials.

23       10.     **Jurisdiction**.  All persons who have access to information or material

24   designated as "Confidential" under this Protective Order acknowledge they are bound by

25   this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

26       11.     **No Prejudice**.  Producing or receiving Discovery Material designated as

27   "Confidential," entering into, agreeing to or otherwise complying with the terms of this

28   Protective Order shall not:

1          a.          Operate as an admission by any party or non-party that any particular

2   Discovery Material designated as "Confidential" contains or reflects trade secrets,

3   proprietary or commercially sensitive information, or any other type of confidential

4   information;

5          b.          Operate as an admission by any party or non-party that any particular

6   Discovery Material designated as "Confidential" contains or reflects information that if

7   disclosed would cause harm or be likely to cause harm to the producing party or non-party;

8          c.          Operate as an admission by any party or non-party that the

9   restrictions and procedures set forth herein constitute or do not constitute adequate

10  protection for any particular information deemed by any party or non-party to be

11  "Confidential;"

12         d.          Prejudice in any way the rights of the parties or non-parties to object

13  to the production of documents they consider to be not subject to discovery;

14         e.          Prejudice in any way the rights of any party to object to the

15  authenticity or admissibility into evidence of any document, testimony, or other evidence

16  subject to this Protective Order;

17         f.          Prejudice in any way the rights of a party or non-party to seek a

18  determination by the Court whether any information or material should be subject to the

19  terms of this Protective Order;

20         g.          Prejudice in any way the rights of a party or non-party to petition the

21  Court for a further protective order relating to any purportedly confidential information;

22         h.          Prevent the parties to this Protective Order from agreeing in writing

23  or on the record during a deposition or hearing in this action to alter or waive the provisions

24  or protections provided for herein with respect to any particular information or material;

25         i.          Limit a party's or non-party's ability to grant other parties or non-

26  parties access to its own documents and/or information;

27         j.          Limit any party in the introduction of "Confidential" Discovery

28  Material into evidence at trial, subject to Paragraph 17 below and the designating party's or

1   designating non-party's right to seek further protection from the Court;

2          k.     Be deemed to waive any applicable privilege or work product

3   protection, or to affect the ability of a party or non-party to seek relief for an inadvertent

4   disclosure of material protected by privilege or work product protection; and/or

5          l.     Prevent a party or non-party from objecting to discovery which it

6   believes to be improper, including objections based upon the privileged, confidential, or

7   highly confidential nature of the Discovery Material requested.

8       12.   **Use of Party's Own Designated Information**.  This Protective Order has

9   no effect upon, and shall not apply to, a party's or non-party's use or disclosure of its own

10   "Confidential" Discovery Material for any purpose.  Nothing contained herein shall impose

11   any restrictions on the use or disclosure by a party or non-party of documents, information,

12   or Discovery Material designated as "Confidential" obtained lawfully by such party or non-

13   party independently of any proceedings in this action, or which:

14          a.     Was already known to such party or non-party by lawful means prior

15   to acquisition from, or disclosure by, another party or non-party in this action; provided,

16   however, that any such person who provides such information is not subject to a

17   confidentiality agreement or other restriction barring the provision of such information; or

18          b.     Is or becomes publicly known through no fault or act of such party or

19   non-party.

20       13.   **Confidentiality Rights of Third-Parties**.  In the event that "Confidential"

21   Discovery Material in the possession or control of a party or non-party involves the

22   confidentiality rights of a third party or its disclosure would violate a protective order

23   issued in another action, the party or non-party having possession or control of the

24   information will attempt to obtain the consent of the third party to disclose the information

25   under this Order, unless otherwise ordered by the Court.  If the consent of the third party

26   cannot be obtained, the party or non-party having possession or control of the information

27   will notify the party seeking discovery of:  (a) the existence of the information without

28   producing such information; and (b) the identity of the third party, provided that disclosure

1   of the identity of the third party does not violate any confidentiality obligations.  The party

2   seeking discovery may then make further application to the third party or seek other means

3   to obtain such information.

4        14.   **Inadvertent Disclosure Of Confidential Information**.  Any "Confidential"

5   Discovery Material that is inadvertently produced without written notice or identification as

6   provided in Paragraphs 3 through 5 of its confidential nature may be so designated in

7   writing by the producing party or non-party after the realization that the "Confidential"

8   Discovery Material has been produced without such designation.  However, until the

9   Discovery Material is designated as "Confidential" as set forth in Paragraphs 3 through 5,

10   the parties shall be entitled to treat the material as non-confidential.  As soon as the

11   receiving party becomes aware of the inadvertent production, the information must be

12   treated as if it had been timely designated under this Protective Order, and the receiving

13   party must endeavor in good faith to obtain all copies of the document that it distributed or

14   disclosed to persons not authorized to access such information by Paragraph 7 above, as

15   well as any copies made by such persons.  This Protective Order does not affect the parties'

16   or non-parties' rights or responsibilities under California law regarding the inadvertent

17   disclosure of privileged information.

18        15.   **Modification of Protective Order**.  It is the present intention of the parties

19   that the provisions of this Protective Order shall govern discovery and other pretrial and

20   trial proceedings in this action.  Nonetheless, each of the parties or any other proper party

21   hereto shall be entitled to seek modification of this Protective Order for good cause by

22   application to the Court on notice to the other parties hereto.

23        16.   **Survival**.  Final termination of this proceeding, including exhaustion of

24   appellate remedies, shall not terminate the limitations on use and disclosure imposed by this

25   Protective Order.  Upon final termination of this proceeding, all "Confidential" Discovery

26   Material and copies thereof, including but not limited to such Discovery Material in the

27   hands of outside experts or consultants, shall be delivered to counsel of record for the

28   producing party or non-party of such "Confidential" Discovery Material, upon request,

1  within sixty (60) days of such request, or else shall be destroyed upon request and the

2  producing party shall be advised in writing within sixty (60) days of the request that such

3  Discovery Material has been destroyed, except for "Confidential" Discovery Material filed

4  with the Court, whether or not filed under seal; provided, however, that counsel of record

5  may retain copies of briefs and other papers filed with the Court and attorney work product

6  which contains or constitutes "Confidential" Discovery Material so long as such briefs and

7  other papers are maintained in accordance with the provisions of this Protective Order.

8       17.   **Use of Designated Discovery Material in Court Proceedings**.  In the event

9  that any Discovery Material designated as "Confidential" hereunder is used in any court

10  proceeding in this action or any appeal therefrom, such Discovery Material shall not lose its

11  status as "Confidential" through such use.  Counsel for the parties shall confer on such

12  procedures as are necessary to protect the confidentiality of any documents, information,

13  and transcripts used in the course of any court proceedings, and shall incorporate such

14  procedures, as appropriate, in the pre-trial order.

15       18.   **Other Actions**.  If any party (a) is subpoenaed in another action, (b) is

16  served with a demand in another action to which it is a party, or (c) is served with any other

17  legal process by one not a party to this action seeking information or material which was

18  produced or designated as "Confidential" by someone other than that party, the party shall

19  give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of

20  receipt of such subpoena, demand, or legal process, to those who produced and/or

21  designated the Discovery Material, prior to compliance with the subpoena so as to allow the

22  producing and/or designating parties or non-parties to seek protection from the Court or

23  courts.  Nothing herein shall be construed as requiring the party or anyone else covered by

24  this Protective Order to challenge or appeal any order requiring production of information

25  //

26  //

27  //

28  //

1   or material covered by Protective Order, or to subject itself to any penalties for

2   noncompliance with any legal process or order, or to seek any relief from this Court.

3   Dated: August 24, 2010.

4

5                            HOFFMAN & LAZEAR
                                  H. TIM HOFFMAN

6                            ARTHUR W. LAZEAR
                            CHAD A. SAUNDERS

7

8                        By

9                                Chad A. Saunders
                            Attorneys for Plaintiff

10                   AMELIA TERRY, individual, on behalf of herself
                      and all others similarly situated

11   Dated: August 25, 2010.

12

13                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                    DOUGLAS R. TRIBBLE

14                  CONNIE J. WOLFE
                  ROXANE A. POLIDORA

15

16                    By

17                       Connie J. Wolfe
                    Attorneys for Defendant

18               PACIFIC BELL TELEPHONE COMPANY

19

20                      **ORDER**

21      IT IS SO ORDERED.

22

23   Dated:  8-26-10

24                           Hon. Steven A. Brick
                        JUDGE OF THE SUPERIOR COURT

25

26

27

28

**EXHIBIT A**

ACKNOWLEDGMENT OF _____.

I, _____, declare:

1.    I have reviewed a copy of the Protective Order in the action entitled *Amelia Terry v. Pacific Bell Telephone Company, et al.* (the "Litigation"), pending in the Superior Court of the State of California, County of Alameda, Case No. RG09488326. I have carefully read and understand the provisions of the Protective Order.

2.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of the Litigation, any information designated as "Confidential" that I receive in the Litigation.

3.    I will maintain all material designated as "Confidential" in a secure manner to prevent unauthorized access to such material. Upon request , I will return the Confidential Discovery Material including copies, notes or other transcriptions made therefrom to the counsel who provided me with the Confidential Discovery Material no later than thirty (30) days following such request.

4.    I hereby consent to the jurisdiction of the California Superior Court, County of Alameda, for the purpose of enforcing this Protective Order.

Executed this ____ day of _____, 20__, at _____, _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on June 23, 2011, a true and correct copy of **STIPULATION AND**

3

**[PROPOSED] ORDER COORDINATING DISCOVERY** was electronically transmitted to

4

the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic

5

Filing to all ECF registrants in this case.

6

7

_____
Rosita Fe J. Quimpo-Herbilla

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28