<table>
<tr><td>

Jeffrey F. Keller (State Bar No. 148005)
KELLER GROVER, LLP
1965 Market Street San Francisco,
California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
E-Mail: jfkeller@kellergrover.com

John G. Jacobs (*pro hac vice*)
Bryan G. Kolton (*pro hac vice*)
JACOBS KOLTON, CHTD.
55 West Monroe Street, Suite 2970
Chicago, Illinois 60603
Telephone: (312) 427-4000
Facsimile: (312) 268-2425
E-Mail: jgjacobs@jacobskolton.com
E-Mail: bgkolton@jacobskolton.com

David Schachman (*pro hac vice*)
DAVID SCHACHMAN & ASSOCIATES,
P.C.
55 West Monroe Street, Suite 2425
Chicago, Illinois 60603
Telephone: (312) 427-9500
Facsimile: (312) 268-2425
E-Mail: ds@schachmanlaw.com

</td><td>

Douglas R. Tribble (State Bar No. 116868)
Connie J. Wolfe  (State Bar No. 207661)
PILLSBURY WINTHROP SHAW PITTMAN
LLP
501 W. Broadway, Suite 1100
San Diego, CA  92101-3575
Telephone: (619) 234-5000
Facsimile: (619) 236-1995
E-Mail:  douglas.tribble@pillsburylaw.com
E-Mail:  connie.wolfe@pillsburylaw.com

Roxane A. Polidora (State Bar No. 135972)
PILLSBURY WINTHROP SHAW PITTMAN
LLP
Four Embarcadero Center, 22nd Floor
Post Office Box 2824
San Francisco, CA  94126
Telephone:  (415) 983-1000
Facsimile:  (415) 983-1200
E-Mail:  roxane.polidora@pillsburylaw.com

*Attorneys for Defendants*

</td></tr>
</table>

*[Additional counsel listed on last page]*

*Attorneys for Plaintiff Joy Nwabueze and
the putative class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>

JOY NWABUEZE, individually and on
behalf of a class of similarly situated
individuals,

                Plaintiff,

      vs.

AT&T INC., a Delaware corporation;
PACIFIC BELL TELEPHONE
COMPANY d/b/a AT&T CALIFORNIA, a
California corporation; AT&T SERVICES,
INC., a Delaware corporation; AT&T
OPERATIONS, INC., a Delaware
corporation; and DOES 1 through 21,

           Defendants.

</td><td>

Case No.  CV 09-1529 SI

[~~PROPOSED~~] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

Courtroom: 10
Judge:    Hon. Susan Illston

</td></tr>
</table>

601872066

1    Plaintiff Joy Nwabueze, individually and in her representative capacity ("Plaintiff" or

2    "Class Representative"), and defendants Pacific Bell Telephone Company d/b/a AT&T

3    California, AT&T Operations, Inc. and AT&T Services, Inc. on its own behalf and as agent for

4    Southwestern Bell Telephone Company d/b/a AT&T Arkansas, AT&T Kansas, AT&T Missouri,

5    AT&T Oklahoma and AT&T Texas; Pacific Bell Telephone Company d/b/a AT&T California;

6    Nevada Bell Telephone Company d/b/a AT&T Nevada; Illinois Bell Telephone Company d/b/a

7    AT&T Illinois; Indiana Bell Telephone Company, Incorporated d/b/a AT&T Indiana; Michigan

8    Bell Telephone Company d/b/a AT&T Michigan; The Ohio Bell Telephone Company d/b/a

9    AT&T Ohio; Wisconsin Bell, Inc. d/b/a AT&T Wisconsin; The Southern New England

10   Telephone Company d/b/a AT&T Connecticut; and Bell South Telecommunications, Inc. d/b/a

11   AT&T Alabama, AT&T Florida, AT&T Georgia, AT&T Louisiana, AT&T Kentucky, AT&T

12   Mississippi, AT&T North Carolina, AT&T South Carolina, and AT&T Tennessee (collectively,

13   "AT&T" or "Defendants" and collectively with Plaintiff the "Parties"), have reached a proposed

14   settlement of the above-captioned Action (the "Proposed Settlement").  Plaintiffs have moved the

15   Court for preliminary approval of the Proposed Settlement on the terms and conditions set forth in

16   the Settlement Stipulation and Agreement first dated December 28, 2012 and the attached

17   exhibits ("Settlement Agreement").

18        The Court, having reviewed the motion, the Proposed Settlement and accompanying

19   documents, the arguments of counsel, and the records on file in this action,  finds that preliminary

20   approval of the Proposed Settlement should be, and hereby is, GRANTED.

21        NOW, THEREFORE, THE COURT HEREBY FINDS AND HEREBY ORDERS THAT:

22        1.    The Settlement Agreement attached to Plaintiffs' Motion for Preliminary Approval

23   as Exhibit "A" is hereby incorporated in this Order.  All capitalized terms used herein shall have

24   the meanings defined in the Settlement Agreement.

25        2.    The Proposed Settlement is preliminarily approved, subject to a final approval

26   hearing of the Proposed Settlement (the "Fairness Hearing").

27

28

601872066                              - 1 -

1    3.    Based upon the claims and allegations as currently asserted in the operative

2  complaint in this Action, the Court finds that Article III standing has been established.

3    4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the following

4  Settlement Class is certified for settlement purposes only:

5
        All present and former AT&T ILEC landline telephone customers in the United
6        States who, at any time from January 1, 2005 through January 14, 2013, had a
        Third-Party charge placed on the customer's AT&T ILEC landline telephone bill
7        through a Clearinghouse. Excluded from the Settlement Class are any judicial
        officer to whom the Action is assigned and the U.S. government and any State
8        government or instrumentality thereof.

9    5.    With respect to the above-referenced Settlement Class, the Court finds for

10  purposes of settlement only that the prerequisites to a class action under Fed. R. Civ. P. 23(a) are

11  satisfied for settlement purposes in that: (1) members of the Settlement Class are too numerous to

12  be joined individually; (2) there are questions of law or fact common to the Settlement Class; (3)

13  the claims or defenses of the Class Representative is typical of the claims or defenses of the

14  Settlement Class; and (4) the Class Representatives will fairly and adequately protect the interests

15  of the Settlement Class.

16    6.    With respect to the above-referenced Settlement Class, the Court further finds that

17  the requirements of Rule 23(b)(3) have been satisfied for settlement purposes only in that: (1)

18  questions of law or fact common to members of the Settlement Class predominate over any

19  questions affecting only individual members; and (2) a class action is superior to other available

20  methods for the fair and efficient adjudication of the controversy.

21    7.    With respect to the above-referenced Settlement Class, the Court hereby appoints

22  Joy Nwabueze and Amanda Terry as Class Representatives for the Settlement Class. For

23  purposes of settlement only, the Court hereby appoints John G. Jacobs, Bryan G. Kolton, David

24  Schachman, Jeffrey F. Keller, Jahan C. Sagafi, Michael Caddell and Cynthia Chapman as Class

25  Counsel for the Settlement Class.

26    8.    The Court finds that the Proposed Settlement appears to be fair, reasonable, and in

27  the best interests of the Class. The Court further finds that there is sufficient basis for notifying

28

601872066                          - 2 -

1    class members of the Proposed Settlement, and for enjoining class members from proceeding in

2    any other action pending the conclusion of the Fairness Hearing as further ordered below.

3        9.      Should the Proposed Settlement not receive the Court's final approval, should final

4    approval be reversed on appeal, or should the Proposed Settlement be terminated or otherwise fail

5    to become effective, the Court's grant of class certification for settlement purposes and findings

6    shall be vacated, and the Class Representative and the Settlement Class would bear the full

7    burden of establishing the propriety of class certification.  In such case, neither the certification of

8    the Settlement Class for settlement purposes, nor any other act relating to the negotiation or

9    execution of the Settlement Agreement shall be referred to, used as evidence, or considered as a

10   factor in connection with any class certification issue(s).

11       10.     The Court finds that the parties entered into the Settlement Agreement in good

12   faith, following arms-length negotiation, including multiple days of mediation conducted by the

13   Honorable Eugene F. Lynch (ret.) and the Honorable Wayne D. Brazil (ret).

14       11.     The Court hereby appoints The Garden City Group, Inc ("GCG") as the Settlement

15   Administrator.  The Settlement Administrator shall administer the Proposed Settlement in

16   accordance with the terms set forth in the Settlement Agreement and perform the functions set

17   forth therein.

18       12.     The Court finds that the scope and process for notice as set forth in the Notice Plan

19   in Section VII of the Settlement Agreement, including the form and content of the notices

20   attached as Exhibits 4, 6, 7, 8, 9, and 10 of the Settlement Agreement, provides the best notice

21   practicable under the circumstances and constitutes valid, due and sufficient notice to all Persons

22   within the Settlement Class of:  (i) the pendency and nature of the Action; (ii) certification of the

23   Settlement Class; (iii) the claims, issues and defenses in the Action; (iv) that a Settlement Class

24   Member may enter an appearance through an attorney; (v) the terms of the Settlement

25   Agreement; (vi) the right of Persons within the Settlement Class to exclude themselves from the

26   Settlement Class and the time and manner for requesting exclusion; (vii) the binding effect of any

27   judgment, whether favorable or not, on Persons within the Settlement Class who do not request to

28

1  be excluded; (viii) the Final Approval Hearing; and (ix) the right of Persons within the Settlement

2  Class who do not request to be excluded to object to the Proposed Settlement, the award of

3  attorneys' fees, costs and expenses and/or payment of incentive awards, consistent with the

4  requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any

5  other applicable law.  The Parties, by agreement, may revise the Notices, Claim Forms and other

6  exhibits to the Settlement Agreement in ways that are not material, or in ways that are appropriate

7  to update those documents for purposes of accuracy.

8                   (a)      Pursuant to the Notice Plan:

9                               (i) The Notice Commencement Date shall be April 1, 2013:

10                          (A)  Beginning no later than thirty (30) days after the Notice

11  Commencement Date, for two consecutive months, each billing envelope that is sent to an AT&T

12  ILEC Customer ("billing envelope") shall have printed on it the words "Important Notice

13  regarding Third-Party Charges, including how to seek a refund if unauthorized" .25 to .50 inches

14  above the address window on the front of the envelope in blue or orange lettering with a 13 pt.

15  Clearview font; and for customers who are sent bills in electronic format AT&T shall provide this

16  same statement on the first page of each electronic bill ("ebill") that is transmitted.  AT&T shall

17  include enclosures in these billing envelopes and a link on these ebills as follows:

18                          (1)  All Current Customers will have included an

19  informational bulletin about Third-Party billing which shall include a statement of AT&T end-

20  user rights ("Informational Bulletin").

21                          (2)  In addition to the Informational Bulletin, all Settlement

22  Class Members who can be identified through the Settlement Class Member List Process, and

23  who are Current Customers, will also have included a Notice of Settlement (in the form and

24  substance of Exhibit 8 to the Settlement Agreement), Billing Summary Request form (in the form

25  and substance of Exhibit 1 to the Settlement Agreement), and Claim Form (in the form and

26  substance of Exhibit 2 to the Settlement Agreement) for each separately billed Billing Telephone

27

28

1   Number ("BTN") as to which the Class Member is receiving notice as a Current Customer. The

2   Notice of Settlement shall be on paper of a different color from any other paper in the envelope.

3       (ii) Beginning no later than the Notice Commencement Date and ending

4   no later than forty-five (45) days later, the Settlement Administrator shall mail a Postcard Notice

5   to all Former Customers for each former BTN (in the form and substance of Exhibit 9 to the

6   Settlement Agreement) by United States mail, postage prepaid, to the Former Customer's last

7   known mailing address, as available. The Settlement Administrator shall update the postal

8   mailing addresses as appropriate using the National Change of Address database maintained by

9   the United States Postal Service.

10       (iii) Beginning no later than the Notice Commencement Date and ending

11   no later than ninety (90) days later, the Settlement Administrator shall send a separate Email

12   Notice to all identified in the Settlement Class Member List Process and for whom email

13   addresses have been identified through an electronic search of reasonably available AT&T billing

14   data. The Email Notice will be in the form of Exhibit 9 to the Settlement Agreement and will

15   provide the Notice of Settlement (Exhibit 8), Billing Summary Request Form (Exhibit 1) and

16   Claim Form (Exhibit 2).

17       (iv) AT&T shall place a ½ page Legal Notice (in the form and substance

18   of Exhibit 10 to the Settlement Agreement) to be published nationwide in *USA Today* on two (2)

19   separate dates. In addition to the publications in USA Today, AT&T shall place 1/4 page Legal

20   Notices (in the same form and substance as Exhibit 10 to the Settlement Agreement) in Parade

21   Magazine regional publications in the states of Indiana, Ohio, Michigan, Wisconsin, Illinois on

22   two (2) separate dates. The first publication shall be placed within one week after the Notice

23   Commencement Date and the final publication shall occur no later than ninety (90) days

24   thereafter.

25       (v) Within thirty days of the entry of this Order, the Settlement

26   Administrator shall open an Interim Settlement Website (substantially in the form of Exhibit 7 to

27   the Settlement Agreement) that will advise visitors that a Settlement has been reached subject to

28

601872066

- 5 -

601872066v1

1    final approval of the Court and inform the visitor that the Final Settlement Website will not be

2    fully populated and operational until April 1, 2013, and instruct the viewer to revisit at that time

3    for full details of the Proposed Settlement.

4               (vi)  Beginning on April 1, 2013 and continuing until sixty (60) days after

5    the Claims Payment Deadline (unless the Agreement is terminated in accordance with its terms),

6    the Settlement Administrator or AT&T shall do the following:

7                  (A)  The Settlement Administrator shall establish and make

8    operational the Final Settlement Website (Exhibit 6 to the Settlement Agreement), which website

9    shall be operated, populated and maintained by the Settlement Administrator as described in the

10    Settlement Agreement and supported by Google Adwords.

11              (B)  Concurrent with the time that the Final Settlement Website is

12    operational, AT&T will include a link to the Final Settlement Website on each page of its own

13    website that addresses landline cramming, along with a notice that says, "If you paid for a third

14    party charge on your AT&T bill that you did not authorize between January 1, 2005 and January

15    14, 2013, visit www.[xxx].com or call 1-800-xxx-xxxx to learn about your possible right to a

16    refund under a Class Action Settlement."

17        (b)     AT&T and/or the Settlement Administrator shall file a declaration with the

18    Court attesting that: (a) AT&T complied with the Settlement Class Member List Process; (b) the

19    Notice of Settlement was sent in accordance with this Order; (c) the Postcard Notice was sent in

20    accordance with this Order; (d) the Email Notice was sent in accordance with this Order;

21    (e) Legal Notice was published in accordance with this Order; and (f) the Interim and Final

22    Settlement Websites were made operational and maintained in accordance with this Order. Such

23    declarations shall be provided to Class Counsel and Defendants' Counsel and filed with the Court

24    no later than August 29, 2013.

25        13.    Any Person within the Settlement Class who wishes to be excluded from the

26    Settlement Class must submit a timely and valid Request for Exclusion to the Settlement

27    Administrator, pursuant to the instructions set forth in the Settlement Class Notice, Postcard

28

601872066

- 6 -

601872066v1

1    Notice, and Legal Notice, postmarked no later than September 2, 2013. To be valid, a Request

2    for Exclusion must satisfy the following requirements: (1) it must contain the name, address and

3    telephone number of the Person submitting the Request for Exclusion; (2) it must be signed either

4    (i) personally, if the Person within the Settlement Class is an individual, or (ii) by an owner or

5    authorized officer, if the Person within the Settlement Class is a business entity; and (3) it must

6    state that the Person wishes to be excluded from the Action.

7                  (a)      Any Person within the Settlement Class who submits a timely and valid

8    Request for Exclusion shall not be bound by the Settlement Agreement, shall not be entitled to

9    share in the benefits of the Proposed Settlement, and shall not be bound by the Final Order and

10    Judgment.

11                 (b)      Any Person within the Settlement Class who does not submit a timely and

12    valid Request for Exclusion shall be deemed a Settlement Class Member and, upon the Effective

13    Date, shall be bound by the terms of the Settlement Agreement and the Final Order and

14    Judgment, whether or not such Settlement Class Member submits a Claim. All Settlement Class

15    Members shall be bound by all determinations and judgments in the Action concerning the

16    settlement, whether favorable or unfavorable to the Settlement Class.

17                 (c)      The Settlement Administrator shall provide copies of all Requests for

18    Exclusion to Class Counsel and Defendants' Counsel as soon as practicable after receipt of each

19    Request for Exclusion. No later than October 2, 2013, the Settlement Administrator shall deliver

20    to Class Counsel, who shall file it with the Court, and serve on Defendants' Counsel, a report

21    stating the total number of persons who have submitted timely and valid Requests for Exclusion

22    from the Settlement Class, and the names, addresses and telephone numbers of all such Persons.

23    Such Persons will not be entitled to object to the Proposed Settlement.

24                 (d)      Settlement Class Members who qualify for and wish to submit a claim for

25    any benefit under the settlement as to which a claim is required shall do so in accordance with the

26    requirements and procedures of the Settlement Agreement. All Settlement Class Members who

27    qualify for any benefit under the settlement as to which a claim is required but fail to submit a

28

601872066

- 7 -

1   claim therefor in accordance with the requirements and procedures of the Settlement Agreement

2   shall be forever barred from receiving any such benefit, but will in all other respects be subject to

3   and bound by the provision of the Settlement Agreement, the Release contained therein, and the

4   Final Order and Judgment.

5        14.     A Final Approval Hearing shall be held before this Court at 9:00 a.m. on

6   November 1, 2013, in Courtroom 10 on the 19th Floor of the United States District Court for the

7   Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California

8   94102, to, *inter alia*:  (i) determine whether to grant final approval to the Settlement Agreement;

9   (ii) consider any timely objections to this Settlement and the Parties' responses to such

10  objections; (iii) determine whether judgment should be entered dismissing the Action with

11  prejudice; and (iv) rule on Class Counsel's application for attorneys' fees, costs and expenses and

12  for incentive awards to the Class Representatives.  The Final Approval Hearing may, from time to

13  time and without further notice to the Settlement Class, be continued by order of the Court.  The

14  Parties may ask the Court to reschedule the Final Approval Hearing depending on the timing of

15  the occurrence of the Notice Completion Date.

16       15.     Any Settlement Class Member who wishes to object to the proposed Settlement,

17  the applications for attorneys' fees, costs and expenses or the request for the payment of incentive

18  awards must file with the Court, and serve upon Class Counsel and Defendants' Counsel, a

19  written objection no later than September 2, 2013.

20            (a)     Any Settlement Class Member who intends to object to this Agreement

21  must include with the objection his/her name and address and telephone number and all

22  arguments, citations, and evidence supporting the objection.  An objecting Settlement Class

23  Member must state, in writing, all objections and the basis for any such objection(s), and provide

24  a statement as to whether the Objector intends to appear at the Final Approval Hearing, either

25  with or without counsel.  Objections not filed and served in accordance with this Order shall not

26  be received or considered by the Court.  Any Settlement Class Member who fails to timely file

27  and serve a written objection in accordance with this Order shall be deemed to have waived, and

28

601872066
[PROPOSED] PRELIMINARY APPROVAL ORDER, CASE NO. CV 09-1529 SI
601872066v1

1    shall be forever foreclosed from raising, any objection to the Proposed Settlement, to the fairness,

2    reasonableness, or adequacy of the Proposed Settlement, to the payment of attorneys' fees, costs,

3    and expenses, the payment of incentive awards, or to the Final Approval Order or the right to

4    appeal same.

5           (b)     No objector shall be allowed to appeal the overruling of any objection or

6    the final approval of this settlement unless the objector or his or her or its counsel has appeared in

7    person at the Final Approval Hearing or in advance received for good cause shown the

8    dispensation from the Court from appearing at the Final Approval Hearing. Within five (5) days

9    of receipt of a timely filed objection, Class Counsel shall send a copy of this provision of the

10    Preliminary Approval Order to such objector at the address set forth in the objection.

11           (c)     Class Counsel should be prepared at the Final Approval Hearing to respond

12    to objections filed by Settlement Class Members, and to provide other information, as

13    appropriate, bearing on whether the Proposed Settlement should be approved.

14      16.     It shall be the responsibility of Class Counsel and the Settlement Administrator to

15    respond to all inquiries from Settlement Class Members.

16      17.     All briefs, memoranda and papers in response to objections and in support of final

17    approval of the settlement shall be filed no later than fourteen (14) days before the Final Approval

18    Hearing.

19      18.     With the exception of such proceedings as are necessary to implement, effectuate

20    and grant final approval to the proposed Settlement, all proceedings in this Action are stayed until

21    further order of this Court.

22      19.     All Settlement Class Members are hereby enjoined from commencing or

23    continuing to prosecute any action or proceeding in any court or tribunal asserting any of the

24    Released Claims, either directly, representatively, derivatively or in any other capacity, against

25    any of the Released Parties, pending the determination in the Final Approval Hearing of whether

26    the Proposed Settlement should receive final approval. Such injunction shall remain in force until

27    final approval or until such time as the parties notify the Court that the Proposed Settlement has

28

601872066                         - 9 -

been terminated.  This injunction is necessary to protect and effectuate the Proposed Settlement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Proposed Settlement and to enter final judgment when appropriate, and is in aid of the Court's jurisdiction and to protect its judgments.

20.     To the extent AT&T, GCG and Class Counsel provide and/or exchange information relating to any Person on the Settlement Class List as required under the terms of the Settlement Agreement, AT&T, GCG and Class Counsel shall be authorized to provide and/or exchange such information notwithstanding any limitations on use, or prohibitions on disclosure, which might otherwise apply to such information under 47 U.S.C. § 222, California Public Utilities Code § 2891, or any other applicable law.  Nothing herein constitutes a ruling by the Court that such information is restricted by the foregoing provisions, but, rather, a determination that even if it is, disclosure as set forth herein is appropriate and consistent with the letter and the spirit of such provisions.

21.     All information received pursuant to the preceding paragraph shall be kept confidential and used solely for the purpose of implementing the Settlement.  Such information shall not be disclosed or used for any other purpose without the consent of the providing party or pursuant to an order of the Court.

22.     Service of all papers on counsel for the Parties shall be made as follows:

(a)     Class Counsel:  (i) John G. Jacobs and Bryan G. Kolton, Jacobs Kolton, Chartered, 55 West Monroe Street, Suite 2970, Chicago, IL 60603; (ii) Jahan C. Sagafi, Lieff Cabraser Heimann & Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, California 9411-3339; (iii) Jeffrey F. Keller, Keller Grover, LLP, 1965 Market Street, San Francisco, California 94103;  (iv) David Schachman, David Schachman & Associates, P.C., 55 West Monroe Street, Suite 2970, Chicago, IL 60603; and (v) Michael Caddell and Cynthia B. Chapman, Caddell & Chapman, 1331 Lamar, Suite 1070, Houston, Texas77010.

(b)     Defendants' Counsel:  Douglas R. Tribble, Pillsbury Winthrop Shaw Pittman LLP, 501 West Broadway, Suite 1100, San Diego, California 92101-3575.

23.    Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement:  (a) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of AT&T; or (b) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of AT&T, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

24.    If the Effective Date does not occur, or if the Settlement Agreement is terminated for any reason, then: (a) the Settlement Agreement shall become null and void and shall have no further force or effect; (b) the Settlement Agreement, the Parties' acceptance of its terms, and all related negotiations, statements, documents and court proceedings shall be without prejudice to the rights of the Parties, which shall be restored to their respective status in the Action immediately prior to the execution of the Settlement Agreement; and (c) this Preliminary Approval Order, and all other orders entered pursuant to the Settlement Agreement, shall be vacated, *nunc pro tunc* and *ab initio*, and the Action shall proceed as if the Settlement Agreement had neither been entered into nor filed with the Court nor any such Orders had been issued, without prejudice to any party's position on the issue of class certification or any other issue, nor shall any such filings or Orders be deemed relevant or supportive on the issue of Judicial Estoppel or used in any way to limit the ability to oppose Class Certification on any grounds otherwise available .

25.    The Court reserves the right to adjourn the date of the Settlement Hearing, or extend any of the deadlines set forth in this Order, without further notice to the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

601872066

- 11 -

601872066v1

1       26.     The Court retains jurisdiction over this Action to consider all further matters

2  arising out of or connected with the Proposed Settlement.

3       **IT IS ORDERED.**

4

5  Dated: ___V /6 /13___

6       The Honorable Susan Illston

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

601872066

- 12 -

[PROPOSED] PRELIMINARY APPROVAL ORDER, CASE NO. CV 09-1529 SI

601872066v1

1    Jeffrey F. Keller (SBN 148005)
     KELLER GROVER, LLP
2    1965 Market Street San Francisco,
     California 94103
3    Telephone: (415) 543-1305
     Facsimile: (415) 543-7861
4    E-Mail: jfkeller@kellergrover.com

5    John G. Jacobs (*pro hac vice*)
     Bryan G. Kolton (*pro hac vice*)
6    JACOBS KOLTON, CHTD.
     55 West Monroe Street, Suite 2970
7    Chicago, Illinois 60603
     Telephone: (312) 427-4000
8    Facsimile: (312) 268-2425
     E-Mail: jgjacobs@jacobskolton.com
9    E-Mail: bgkolton@jacobskolton.com

10   David Schachman (*pro hac vice*)
     DAVID SCHACHMAN & ASSOCIATES,
11   P.C.
     55 West Monroe Street, Suite 2970
12   Chicago, Illinois 60603
     Telephone: (312) 427-9500
13   Facsimile: (312) 268-2425
     E-Mail: ds@schachmanlaw.com

14   Michael W. Sobol (SBN 194857)
     Jahan C. Sagafi (SBN 224887)
15   Eduardo E. Santacana (SBN 281668)
     LIEFF CABRASER HEIMANN &
16   BERNSTEIN, LLP
     275 Battery Street, 29th Floor
17   San Francisco, CA  94111-3339
     Telephone:  (415) 956-1000
18   Facsimile:  (415) 956-1008
     msobol@lchb.com
19   jsagafi@lchb.com
     esantacana@lchb.com
20
     Michael A. Caddell (SBN 249469)
21   Cynthia B. Chapman (SBN 164471
     CADDELL & CHAPMAN
22   1331 Lamar, Suite 1070
     Houston, TX  77010
23   Telephone:  (713) 751-0400
     Facsimile:  (713) 751-0906
24   mac@caddellchapman.com
     cbc@caddellchapman.com
25
26   *Attorneys for Plaintiff Joy Nwabueze and
     the putative class*
27
28

Douglas R. Tribble (State Bar No. 116868)
Connie J. Wolfe  (State Bar No. 207661)
PILLSBURY WINTHROP SHAW PITTMAN
LLP
501 W. Broadway, Suite 1100
San Diego, CA  92101-3575
Telephone: (619) 234-5000
Facsimile: (619) 236-1995
E-Mail:  douglas.tribble@pillsburylaw.com
E-Mail:  connie.wolfe@pillsburylaw.com

Roxane A. Polidora (State Bar No. 135972)
PILLSBURY WINTHROP SHAW PITTMAN
LLP
Four Embarcadero Center, 22nd Floor
Post Office Box 2824
San Francisco, CA  94126
Telephone:  (415) 983-1000
Facsimile:  (415) 983-1200
E-Mail:  roxane.polidora@pillsburylaw.com

*Attorneys for Defendants*

601872066                                          - 13 -

[PROPOSED] PRELIMINARY APPROVAL ORDER, CASE NO. CV 09-1529 SI

601872066v1