# GROUP EXHIBIT 1

# B D SOD / BILL FAIELLA

JUN 19 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

09- 1529 SI

*Letter of Objection*                                              6-6-13

To whom it may concern;

    Although not entitled to reimbursement because I refused to pay the third party charges to AT&T. Their heavy handed tactics in their pursuit of the $75²² charge plus interest over the course of the years (amounting to some 600 plus dollars), they harrast me by mail and their attorney's constant calls (half dozen a day) prompted me through sheer frustration to cut off my Business land line and vow to never do business with AT&T again. That broke my heart because I had that number 18 years at my sod farm But I couldn't tolerate them any longer.

    In retaliation they posted a bigoted recording if dialing (352) 597-1074 insinuating B&D Sod was closed and then directed the caller to my competitors. They also put a black spot on my credit report ... And if that weren't enough; There's a posting on Google and other websites identifying me as closed. I am not closed. Since when does termination of business with a bully constitute that businesses closure.?.

    I want reimbursement for lost revenue do to their strong arm tactics - The recording taken down - a retraction on my credit report and a retraction identifying me as closed on the web.

    Just for the record, my bill was always paid in full (never late) every month - except for the third party charges.

                Sincerely  #352-403-4388

                Bill Fricilla

                B&D Sod

                10108 Makenga St.

                Weekie Wachee, FLA.

                34613-4519



c/o The Garden City Group Case3:09-cv-01529-SI Document181 Filed06/10/13 Page2 of 3
*Nwabueze v. AT&T, Case No. CV-09-1529 SI*
P.O. Box 35045
Seattle, WA 98124

**Forwarding Service Requested**

FIRST-CLASS MAIL
U.S. POSTAGE
P A I D
CHICAGO, IL
PERMIT NO. 941

ATN1623387830

BTN: 3525971074644

4644 12216670 ******AUTO**5-DIGIT 34613
26/1255/2
B D SOD
10108 MARENGO ST
WEEKI WACHEE FL 34613-4519



This is only a summary. For complete details, scan this code with your smartphone. It will take you to a website with more detailed information, plus a claim form that you can submit online; OR

CALL: 1-866-242-0603
EMAIL: info@ATTthirdpartybillingsettlement.com
GO TO: www.ATTthirdpartybillingsettlement.com

*This is a Court-ordered Notice, read it carefully. Your legal rights may be affected. This is not a solicitation from a lawyer.*

You Received This Notice Because AT&T's Records Indicate That You Have Been Billed For Third-Party Charges On An AT&T Landline Telephone Account Between January 1, 2005 And January 14, 2013, And If You Did Not Authorize Those Charges You May Be Entitled To A Payment From This Class Action Settlement.

(Para ver este aviso en Español, se puede visitar www.ATTthirdpartybillingsettlement.com/Espanol.)

**What is the case about?** Plaintiffs have brought a class action lawsuit against AT&T alleging that unauthorized Third-Party Charges have been placed on AT&T customers' landline telephone bills ("cramming"), in violation of federal and state law. AT&T denies any wrongdoing. Both sides have agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation, and the Settlement has been preliminarily approved by the Court.

**Who is in the Settlement Class?** The Settlement Class is defined as: all present and former AT&T ILEC landline customers in the United States who, at any time from January 1, 2005 through January 14, 2013, had a Third-Party charge placed on the customer's AT&T ILEC landline telephone bill through a Clearinghouse. [AT&T ILEC means an AT&T-affiliated incumbent local exchange carrier, such as Pacific Bell Telephone Company, d/b/a AT&T California, etc.] Any judge handling the action, the U.S. and state governments and government agencies are excluded from the Settlement Class.

**What does the settlement provide?** You may apply for payment of 100% of all unauthorized Third-Party Charges you paid on your AT&T landline phone bills during the Class Period that have not already been reimbursed. Payment amounts may vary considerably among class members, but Class Counsel contend that some class members may have claims of hundreds of dollars or more.

**ALERT: YOUR LEGAL OPTIONS**

**Make a claim for payment:** First, look at your old bills or get a free summary of third-party charges by submitting a Billing Summary Request form to the Settlement Administrator ("GCG"), at the address below, by December 2, 2013. Second, submit a Claim Form to GCG by **December 2, 2013** or 30 days after you get your Billing Summary, if you timely requested one, whichever is later. You may use your BTN (Billing Telephone Account Number) to request your free Billing Summary. Your BTN can be found on the front of this card above your name.

**Exclude yourself/Opt out** If you don't want to be legally bound by the settlement, you must exclude yourself. To be excluded, you must mail a signed request to be excluded from *Nwabueze v. AT&T*, with your name, address, and phone number, to GCG (at the address below) received or postmarked by September 2, 2013. If you don't exclude yourself, you won't be able to sue, or continue to sue, AT&T or any other Released Parties about the claims in this case (for a description of Released Parties, go to www.ATTthirdpartybillingsettlement.com).

**Object:** If you do not opt out, you or your lawyer have the right to object to, or comment on, the settlement, Class Counsel's request for attorneys' fees & expenses ($5,500,000) and/or incentive awards ($10,000 total), which amounts do not reduce class member payments but are paid in addition by AT&T), by mailing your objection to: John G. Jacobs, 55 West Monroe, Suite 2970, Chicago, IL 60603, and Douglas R. Tribble, 501 West Broadway, San Diego, CA 92101 and filing it with the Clerk of the Court at 450 Golden Gate Avenue, San Francisco, CA 94102 by September 2, 2013.

**Appear in Court:** The Court has scheduled a Final Approval Hearing on November 1, 2013 at 9:00 a.m. at the U.S. District Court, Northern District California, 450 Golden Gate Ave., 19th Floor, Courtroom 10, San Francisco, CA 94102. You may appear at the hearing by yourself or through an attorney if you have submitted an objection, but you do not need to appear unless you wish to.

Address of the Settlement Administrator ("GCG"): Nwabueze v. AT&T Inc., c/o GCG, P.O. Box 35045, Seattle, WA 98124

**To get Billing Summary Request Forms, Claim Forms, or more information, contact the Settlement Administrator, Garden City Group ("GCG"), at www.ATTthirdpartybillingsettlement.com, 1-866-242-0603, or via email at info@ATTthirdpartybillingsettlement.com.**

# STEVE BARCLAY

September 5, 2013

Steve Barclay
824 Howell Cove Rd
Talladega, AL 35160
ATN1485911670
BTN 256-268-1145.560

Notice To Reserve My Objection

Mail To Name Listed Below:

John G. Jacobs, 55 West Monroe Street Suite 2970
Clerk of the Court 450 Golden Gate Avenue
Douglas R. Tribble, 501 West Broadway

Sincerely,
Steve Barclay

UNITED STATES POSTAGE
$ 000.46⁰
PITNEY BOWES
02 1P
0001686737   SEP 05 2013
MAILED FROM ZIP CODE 35078

Steve Barclay
224 Howell ave Rd
Talladega AL 35160

RECEIVED
SEP 1 8 2013
JACOBS KOLTON, CHTD.

John G. Jacobs
55 West Monroe Suit 2970
Chicago, IL 60603

5060357914S

# PATRICIA BRADSHAW

Sept 2, 2013

RECEIVED
SEP 09 2013
JACOBS KOLTON, CHTD.

To: Clerk of the Court

Re: AT+T third party billing

I Patricia Bradshaw object,
I want to comment on AT+T.
This is just another example
of big corp. doing whatever
they want to people without
Peoples knowledge. Taking
every persons hard earned
dollars. I would like the
Incentive award. I think
AT+T should admit to their
wrong doing. It's an easy way
OUT!

Patricia Bradshaw

6771 NCR 600W

Gaston, IN 47342

C.C. John Jacobs    765 282 0547



INDIANAPOLIS IN 460
06 SEP 2013 PM 2 L

6771 NCR600W
Gaston, IN 47342

RECEIVED
SEP 09 2013
JACOBS KOLTON, CHTD.

John G. Jacobs
55 West Monroe Suite 2970
Chicago, IL 60603

# BLANCA E. CORDERO

Blanca E. Cordero
24281 Avenida Breve # G
Laguna Niguel, Ca. 92677



May 3, 2013

To: John G. Jacobs

Dear Mr. John:
Few days ago I received a card with Class Action Settlement Notice that give me some
legal options, because I have been client of AT& T, since 2005 until present time. I
decided to object. Please feel free to contact me at the address above. Thank you for your
help.

Sincerely,

Blanca E. Cordero



SANTA ANA CA 926

05 MAY 2013 PM 9 L

F/ Blanca E. Cordero
24281 Avenida Breve # G
Laguna Niguel, Ca. 92677

RECEIVED

MAY 09 2013

JACOBS KOLTON, CHTD.

To: John G. Jacobs
55 West Monroe Suite 2970
Chicago, IL 60603

606038501.4

# ELINOR DONOVAN

RECEIVED

MAY 0 9 2013

JACOBS KOLTON, CHTD.

John Jacobs                          May 6 - 13
55 west Monroe                       3311 22nd St apt 59
Suite 2970                           Woodward area
Chicago Il.                                        73801
        60603                        1-580-216-1104


Sir:

    I do not want to sue AT&T.

    This is my objection.

                        Thank you
                        Elena
                        Donovan



Ms. Elinor Donovan
3311 22nd St., Apt. 59
Woodward, OK 73801-6342

OKLAHOMA CITY OK 730

VED

MAY 0 9 2013

JACOBS KOLTON, CHTD.

John Jacobs

55 west Monroe Suite 2970

Chicago Il.

60 603

# ALEXANDER DRUMMOND

AT&T Third Party Billing Settlement Administrator
c/o The Garden City Group, Inc. ("GCG")
*Nwabueze v. AT&T*, Case No. CV-09-1529 SI
P.O. Box 35045
Seattle, WA 98124

**Forwarding Service Requested**

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
P A I D
CHICAGO, IL
PERMIT NO. 941

ATN1752589211



This is only a summary.  For complete
details, scan this code with your smartphone.
It will take you to a website with more
detailed information, plus a claim form that
you can submit online; OR
CALL:  1-866-242-0603
EMAIL:  info@ATTthirdpartybillingsettlement.com
GO TO:  www.ATTthirdpartybillingsettlement.com

BTN:  6014263475126

*This is a Court-ordered Notice, read it carefully.  Your legal
rights may be affected.  This is not a solicitation from a lawyer.*

**You Received This Notice Because AT&T's Records
Indicate That You Have Been Billed For Third-Party
Charges On An AT&T Landline Telephone Account
Between January 1, 2005 And January 14, 2013, And
If You Did Not Authorize Those Charges You May Be
Entitled To A Payment From This Class Action
Settlement.**

5126  14074231   ******AUTO**5-DIGIT 39440
                                    22/997/3
DRUMMOND ALEXANDER
1904 GLADIOLUS DR
LAUREL MS  39440-4818

*I Choose to Object* (handwritten)

## CLASS ACTION SETTLEMENT NOTICE

(Para ver este aviso en Español, se puede visitar www.ATTthirdpartybillingsettlement.com/Espanol.)

**What is the case about?** Plaintiffs have brought a class action lawsuit against AT&T alleging that unauthorized Third-Party Charges have been placed on AT&T customers' landline telephone bills ("cramming"), in violation of federal and state law. AT&T denies any wrongdoing. Both sides have agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation, and the Settlement has been preliminarily approved by the Court.

**Who is in the Settlement Class?** The Settlement Class is defined as: all present and former AT&T ILEC landline customers in the United States who, at any time from January 1, 2005 through January 14, 2013, had a Third-Party charge placed on the customer's AT&T ILEC landline telephone bill through a Clearinghouse. [AT&T ILEC means an AT&T-affiliated incumbent local exchange carrier, such as Pacific Bell Telephone Company, d/b/a AT&T California, etc.] Any judge handling the action, the U.S. and state governments and government agencies are excluded from the Settlement Class.

**What does the settlement provide?** You may apply for payment of 100% of all unauthorized Third-Party Charges you paid on your AT&T landline phone bills during the Class Period that have not already been reimbursed. Payment amounts may vary considerably among class members, but Class Counsel contend that some class members may have claims of hundreds of dollars or more.

## ALERT: YOUR LEGAL OPTIONS

**Make a claim for payment:** First, look at your old bills or get a free summary of third-party charges by submitting a Billing Summary Request form to the Settlement Administrator ("GCG"), at the address below, by December 2, 2013. Second, submit a Claim Form to GCG by December 2, 2013 or 30 days after you get your Billing Summary, if you timely requested one, whichever is later. You may use your BTN (Billing Telephone Account Number) to request your free Billing Summary. Your BTN can be found on the front of this card above your name.

**Exclude yourself/Opt out** If you don't want to be legally bound by the settlement, you must exclude yourself. To be excluded, you must mail a signed request to be excluded from *Nwabueze v. AT&T*, with your name, address, and phone number, to GCG (at the address below) received or postmarked by September 2, 2013. If you don't exclude yourself, you won't be able to sue, or continue to sue, AT&T or any other Released Parties about the claims in this case (for a description of Released Parties, go to www.ATTthirdpartybillingsettlement.com).

**Object:** If you do not opt out, you or your lawyer have the right to object to, or comment on, the settlement, Class Counsel's request for attorneys' fees & expenses ($5,500,000) and/or incentive awards ($10,000 total), which amounts do not reduce class member payments but are paid in addition to AT&T), by mailing your objection to: John G. Jacobs, 55 West Monroe, Suite 2970, Chicago, IL 60603, and Douglas R. Tribble, 501 West Broadway, San Diego, CA 92101 and filing it with the Clerk of the Court at 450 Golden Gate Avenue, San Francisco, CA 94102 by September 2, 2013.

**Appear in Court:** The Court has scheduled a Final Approval Hearing on November 1, 2013 at 9:00 a.m. at the U.S. District Court, Northern District California, 450 Golden Gate Ave., 19th Floor, Courtroom 10, San Francisco, CA 94102. You may appear at the hearing by yourself or through an attorney if you have submitted an objection, but you do not need to appear unless you wish to.

Address of the Settlement Administrator ("GCG"): Nwabueze v. AT&T Inc., c/o GCG, P.O. Box 35045, Seattle, WA 98124 To get Billing Summary Request Forms, Claim Forms, or more information, contact the Settlement Administrator, Garden City Group ("GCG"), at www.ATTthirdpartybillingsettlement.com, 1-866-242-0603, or via email at info@ATTthirdpartybillingsettlement.com.



Alexander A. Drummond
404 Bradley Dr.
Laurel, MS 39440

RECEIVED
JUN 10 2013

JACOBS KOLTON, CH
John G. Jacobs
55 West Monroe Suite 2970
Chicago, Illinois
60603

5060385020

# RICHARD FOX

8-23-2013

Dear Sir or Ma'am,

In the matter Nwabueze v. AT&T Inc., Case#2909-1529 SI. I find it apparent that the best interests of the aggrieved has not been attended to in a way that reflects the considerable damages caused by unscrupulous third party vendors and then knowingly AT&T passed on these fraudulent charges to their customers. When I think of my time spent calling AT&T falling on deaf ears and then contacting the offending businesses and given the runaround for months on end before getting the issue resolved time after time over a eight year period a dollar for dollar exchange is hardly acceptable. The situation became such a unplesant issue that I not only called and wrote to the FCC, it also prompted me to contact Senator Levins office by phone and in a written statement.

Knowing that AT&T has extensive legal resources they are going to recoup what they pay out for third party expenses, additional dammages will be sought for by them, legal, labor and other related suit actions. They stand to extend profit margins extensively in the courts.

Hard working citizens throughout this nation should not have to be expected to babysit their phone bills, AT&T has the responsibilty as a business to protect their customers as a matter of doing business, they are as much at fault over this fiasco as were the third party billing enterprises.

State and Federal agencies were contacted early on about this issue and it took to present day to get this far in the process. At the end of the day it is the average customer who was taken advantage of and it is they who should end up being awarded dammages. I have been turned into a watchdog over this object of disgust and I refuse to accept what is currently being offered as a resolution.

Sincerely,

FILED RECEIVED

AUG 26 2013      AUG 26 2013

RICHARD W. WIEKING   RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT   CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA   NORTHERN DISTRICT OF CALIFORNIA

Mr. Richard Fox
4830 S Greenville Rd
Greenville, MI 48838



GRAND RAPIDS MI 493

12 AUG 2013 PM 5 T

Mr. Richard Fox
4830 S Greenville Rd
Greenville, MI 48838

CLERK OF COURT
450 GOLDEN GATE AVE.   16TH FLOOR
SANFRANCISCO, CALIFORNIA   90102

94102$3810

# HEHAI MACHINERY, LLC/

# AKI HEIHAI/BIAO XU

FILED

July 24, 2013

JUL 29 2013

Clerk of the Court
450 Golden Gate Avenue, San Francisco,
California. 94102

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Subjection:   **Comment or objection of the Cast No. CV-09-1529-SI**

**To Whom it may concern,**

**Dear Sirs,**

Following is our objection and comments on the last monthly statement issued by AT &T on
Oct.11,2011 for your reference.

At 11:24 AM on Oct. 06, 2011, we called At&t customer service (1-888-321-2375) to disconnect the
service of both phone and internet on the account number 251-476-6667 043 0530.  We were told
that the disconnection code D11PKQ80 and the operator, Gary told us repeatedly (3 times) that our
balance amount due as of the date 10-06-2011 is zero from then on.

**Re. Discount under FastAccess bus DSL 36 months Term Agreement at page 2 of the statement**

The term agreement is between Sep. 23, 2008 and Oct. 09, 2011.

Since receiving the last statement,  we have mailed this same objection and comments to At&T
customer service plus many calls.

Sincerely,

Biao Xu
Hehai Machinery, LLC
P.O. Box 6863
Mobile, AL 36660
Tel. (251)47606667

P.O. Box 35045
Seattle, WA 98124

**Forwarding Service Requested**

PRESORTED
U.S. POSTAGE
PAID
CHICAGO, IL
PERMIT NO. 941



ATN1476449029

BTN: 2514766667043

This is only a summary. For complete details, scan this code with your smartphone. It will take you to a website with more detailed information, plus a claim form that you can submit online; OR

CALL: 1-866-242-0603
EMAIL: info@ATTthirdpartybillingsettlement.com
GO TO: www.ATTthirdpartybillingsettlement.com

*This is a Court-ordered Notice, read it carefully. Your legal rights may be affected. This is not a solicitation from a lawyer.*

**You Received This Notice Because AT&T's Records Indicate That You Have Been Billed For Third-Party Charges On An AT&T Landline Telephone Account Between January 1, 2005 And January 14, 2013, And If You Did Not Authorize Those Charges You May Be Entitled To A Payment From This Class Action Settlement.**

7043 13321934 ********AUTO**3-DIGIT 366
5/195/2

AKI HEIHAI
PO BOX 6863
MOBILE AL 36660-0863

RE: xxx.xxx.x667

Dear Hehai Machinery:

This notification confirms a recent change to the AT&T account shown above that was made as a result of a request we received. Your privacy is important to us and we want to confirm that you requested or authorized this change.

On 10/06/2011, we received a request to either change your mailing address of record, combine or separate your billing accounts, or disconnect a line or an account.

If the request included a change to a mailing address, this letter is being sent to the previous address on file to ensure the change to your new address is valid.

If this change request was made in error or is not authorized, please contact AT&T Customer Care at 1-866.620.6000. Otherwise, no further action is necessary.

Thank you for choosing AT&T for your communication needs.

AT&T Customer Care

© 2011 AT&T Intellectual Property. All rights reserved.

5948 00001

---

October 10, 2011

RE: xxx.xxx.x705

Dear Aki International:

This notification confirms a recent change to the AT&T account shown above that was made as a result of a request we received. Your privacy is important to us and we want to confirm that you requested or authorized this change.

On 10/07/2011, we received a request to either change your mailing address of record, combine or separate your billing accounts, or disconnect a line or an account.

If the request included a change to a mailing address, this letter is being sent to the previous address on file to ensure the change to your new address is valid.

If this change request was made in error or is not authorized, please contact AT&T Customer Care at the toll-free number on your invoice. Otherwise, no further action is necessary.

Thank you for choosing AT&T for your communication needs.

AT&T Customer Care

© 2011 AT&T Intellectual Property. All rights reserved.

5947 00001

Dear Business Customer,

We want you back. And to prove it, we have some exciting new opportunities to share with you today.

*Come back today and get it All for Less. Now starting at $60 a month\*.*

Call 1-877-287-5679 and get Broadband and unlimited nationwide voice together for one low price. That means having everything you need, and nothing you don't, to stay connected at a rate that's sure to help you save more today and beyond.

*Smarter ways to stay in touch.*

The ability to reach out at any moment — to customers, vendors, employees — is critical in your business. You need to be connected 24/7. Only AT&T keeps your business moving ahead with the most complete set of business solutions, all in one place.

Call today and receive a complimentary consultation with a small business expert. Discover all of the ways we're ready to welcome you back with just the services your business needs for success.

Sincerely,

Kevin M. Kearney
AT&T Executive Director - Teleconnections


*We're ready to talk when you are.*

Call **1-877-287-5679** today and tell us you want it All for Less – starting at $60 a month\*.


*Rethink Possible*

# MILAGROS "MILLY" HERRERA

July 10, 2013

FILED

JUL 1 ~ 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CA.

Honorable Judge Susan Illston
Phillip Burton Federal Building
& United States Courthouse
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

Reference:  Case # 09-cv-1529 SI
            Class Action Lawsuit / Settlement – Nwabueze et al vs. AT&T et al

Dear Honorable Judge Illston:

Please forgive me for having to trouble you with this matter. It is difficult for the average citizen to understand all the legal language of the class action settlement notices received from AT&T that relates to the above-referenced case, and I am also concerned with protecting my personal information.

The person I spoke with at Garden City Group (the claims company handling the settlement for AT&T) confirmed that the last four digits of our social security numbers are needed and that AT&T is requiring it.

Having to provide any part of our social security number for identity purposes in this case is unnecessary, because AT&T already has it, and they can match our name to our unique address and telephone number(s). There should also be no reason for having to provide this to Garden City Group.

We are simply requesting a billing summary from AT&T to help determine if or not we incurred unauthorized 3rd party billing charges. I mailed the form, but did not provide them with the social security number. I think they are purposely making it more difficult than it has to be. If AT&T owes its clients monies, they should know it, and AT&T should refund all of its clients whatever is owed to them.

An informal letter of complaint has also been mailed today to the Federal Communications Commission regarding this. As a victim of multiple cases of identity theft, I have learned the hard way how important it is to protect our personal information.

Thank you for your legal and knowledgeable precedent over this case and allowing me this via as an opportunity to express my concern.

Respectfully yours,

*Milagros Herrera*

Milagros "Milly" Herrera
4341 East 8 Lane
Hialeah, FL 33013

# PHILLIP JAMES

I.C.System, Inc
444 Highway 96 East PO Box 64437
St. Paul, MN 55164-0437

RECEIVED
FILED
AUG 19 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RE: AT&T SE 9665022517041
    I.C. System Reference number 57147217-1-89

C 09-1529 SI (SI)

TO WHOM IT MAY CONCERN:

In June 2009 a charge for the amount of $84.69 led us to cancel our
telephone service with AT&T. They claimed that we owed them for their
having paid a third party on our behalf – for an unauthorized and
unidentified charge.

Upon examination of our records we have confirmed that we had paid AT&T
all that we owed them when we terminated service with them. A recent call
to AT&T verified that they are still unable to identify the third party that they
claim to have paid and are unable to clarify that charge.

We suspect that this has something to do with a notice we received
concerning a class action lawsuit against AT&T.

We refused to allow them to pick our pocket in 2009 and are still unwilling to
do so now. We are not going to help defray their costs of the class action
settlement to repay those they duped into paying unauthorized third-party
charges on AT&T landline accounts between January 1, 2005 and January
14, 2013.

For verification of these facts, go to www.ATTthirdpartybillingsettlement.com
or call 1-866-242-0603.

Because we did not pay the alleged debt, we are not eligible for the
settlement, but we will inform the court of AT&T's continuing pursuit of these
charges through collection after this many years. Perhaps we will yet be
reimbursed for damages resulting from the stress of having to expend time
and energy to address these frivolous threats to our (excellent) credit.

Sincerely,

Phil A. James

Phillip James     phone  502-966-2517-041 (BTN)

Cc: Class Counsel John G. Jacobs & Clerk of the Court, San Francisco, CA

Dispute notice sent 11/2009 in response to "bad debt alert" from
Bay Area Credit Service LLC

| 1901 W 10th St. | PO Box 5914 | PO Box 468449 |
|---|---|---|
| Antioch, CA 94509 | Troy, MI 48007-5914 | Atlanta, GA 31146 |

      Date: November 3, 2009
      Creditor: AT&T – Legacy B
      Account # 82711024
      Balance due: $84.77

Received letter of "debt verified" from
      Gregory J. Barro, PLC
      400 Travis St. Suite 1004
      Shreveport, LA 71101
            Date: January 13, 2010
            Account # 502-966-2517-041
            AT&T-Kentucky
            Balance: $84.77

Received past due notice for a "recently sent...final bill for your former telephone service" from
      AT&T PO Box 5093 Carol Stream, IL 60197-5093
            Date: March 22, 2013
            Due by Date: March 22, 2013
            Account # 502-966-2517-041
            Amount due: $78.89

Received collection notice from
      NCO Financial Systems, Inc.
      15630 Dept 99, Wilmington, DE 19850
            Date: April 4, 2013
            Creditor's Account # 502-966-2517-041
            Our Account #5G4SAD
            Current balance due: $78.89

Received collection notice from
      I.C. System, Inc.
      444 Highway 96 East, PO Box 64437
      St. Paul, MN 55164-0437
            Date: July 4, 2013
            I.C. System Reference # 57147217-1-89
            RE: AT&T SE
            Principal due: $78.89
            Account # 9665022517041



Phillip H. James
6601 Buisson Ln.
Louisville, KY 40219

94102342616

LOUISVILLE KY 400
15 AUG 2013 PM 2 1

Clerk of the Court
450 Golden Gate Ave. 16
San Francisco, CA
94102

RECEIVED
2013 AUG 19 P 1:59
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Freedom
FOREVER

# ELIZABETH JORDAN

CLASS ACTION SETTLEMENT

RECEIVED
SEP 10 2013
JACOBS KOLTON, CHTD.

Case#:                           09-CV-152951

Case:                            BTN. 330-8655835775

Plaintiff:                       Elizabeth Jordan   Settlement Class

                                 P.O. B ox 22275

                                 Akron, OH  44302

Phone:  (Active                  330-459-1250 or 330-861-9848

Defendant:                       A T & T Third Party Billing Settlement

                          Landline Telephone:

Between January 1, 2005 and January 4, 2013 Account #33086558935775.  I am applying for
payment of 100% of all unauthorized Third Party Charges paid on customers A T & T landline
phone bill, BNT: 3308655835775 class action Lawsuit against A T & T alleging I am requesting
comment on the settlement class counsel request for attorney fees of an expenses ($5,500.00) and
incentive awards $10,000.00 total which do not reduce class members payment but are paid in
addition by A T & T by mailing my request to John G. Jacobs, 55 West Monroe, Suite 2970,
Chicago, IL 60603, and Douglas R. Tribble, 501 West Broadway, San Diego, CA 92101 on
filing it with the Clerk of Courts, 450 Golden Gate Avenue, San Francisco, CA 94102.

Sign: *Elizabeth Jordan*   Date:  09 - 03 - 2013

Deception fraud by hiding the truth to boost extra profits without the consumers' knowledge over
charged.  Defendant  have been taking advantage of consumer agreement, Schemes unsolicited
sales, Illegally billing and attempting to collect payment from consumers, business violation,
theft; A T & T charged consumers for worthless services by deception and made the customer
believe they were receiving services they never requested.  Imitations croaked Dealers' predatory
on deceitful sales.  A T & T should be charged with strong penalties to pay customer Elizabeth
Jordan.  Defendant violated the Law, Breach of Contract, Deception, Worthless solicited services

Page Two

Class Action Settlement

Unordered and Unwanted service, Imitation, Bait, and Switch, Fraud, False advertising, Illegal Debt collection practices, abuse, predatory, and deceitful sales, misleading advertising, customer abuse, business violation, overpriced services, taking advantage of customers and rip offs. Customers were indeed treated unfair, deceived by customer fraud, pain and suffering, panic; boosting extra profit and illegal billing, which, in return, reduce class member payment, but are paid in addition by AT&T.

*Nwabueze, et al. v. AT&T, Inc., et al.,* Case No. 09-cv-1529 SI

## SETTLEMENT CLAIM FORM

TO RECEIVE A PAYMENT OR CREDIT AS PART OF THIS SETTLEMENT,
YOU MUST COMPLETE THIS FORM AND ELECTRONICALLY SUBMIT OR MAIL IT TO THE
SETTLEMENT ADMINISTRATOR **NO LATER THAN DECEMBER 2, 2013** OR 30 DAYS
AFTER YOU ARE PROVIDED WITH A TIMELY REQUESTED BILLING SUMMARY,
WHICHEVER IS LATER.

**INSTRUCTIONS:**  This settlement relates to alleged unauthorized third-party charges placed on AT&T landline customers' telephone bills.  To be eligible to participate in the benefits of the settlement, you must complete and submit <u>either</u> a paper or electronic Claim Form.  In order to file a Claim Form, you must include with it either a Billing Summary that AT&T will provide to you free of charge (see next paragraph, below) or you must supply your own documentation of the amount you claim you were improperly charged.  If you provide incomplete, incorrect, or inaccurate information, your claim may be denied.  If you need more space to provide the information you may attach a separate sheet of paper with that information.

**IMPORTANT NOTICE:**  In order to assist you in completing this Claim Form you may request, at no cost, a Billing Summary from AT&T setting forth each third-party charge (and credit, if any) that was placed on your AT&T landline bill from January 1, 2005 through January 14, 2013 as identified from a search of reasonably available AT&T billing information.  To obtain your <u>free</u> Billing Summary, submit a Billing Summary Request to the Settlement Administrator at www.ATTthirdpartybillingsettlement.com, call 1-866-242-0603, or email it to info@ATTthirdpartybillingsettlement.com so that it is received or postmarked **no later than December 2, 2013.**  If you do not already have a Billing Summary Request form, you may obtain one from the Settlement Administrator, Garden City Group, at www.ATTthirdpartybillingsettlement.com, 1-866-242-0603 or info@ATTthirdpartybillingsettlement.com.

**DO NOT CALL THE COURT WITH ANY QUESTIONS OR REQUESTS.  Call only the Settlement Administrator or Class Counsel.**

## I.    Claim Information

**Please review the statements below, and check the boxes only if the statements apply to you.  If you cannot check <u>all four</u> of the boxes, do not submit the Claim Form because you are not a qualified claimant.**



☑  I paid for a third party charge that appeared on my AT&T landline telephone bill between January 1, 2005 and January 14, 2013; and

☑  Either (1) the third party charge was placed on my bill without authorization; or (2) authorization for the charge was obtained through deceptive or misleading marketing practices; and

☑  I have not been previously reimbursed for the third party charge or otherwise legally resolved any dispute regarding such charge (for example, in connection with another claims settlement such as this one); and

☒ The total amount of charges for which I am making a claim is $_____. The charges I am claiming are highlighted or circled on the attached/enclosed Third-Party Charge Billing Summary I received from AT&T; **or** I have attached/enclosed other documentation of the third-party charges I am claiming identifying date(s), amount(s) and the third-party (or parties) who placed the charge(s) on my bill.

I HEREBY VERIFY UNDER PENALTY OF PERJURY THAT, TO THE BEST OF MY KNOWLEDGE AND BELIEF, the information provided in Section I above is true and correct and that I paid the above third party charges on my AT&T telephone bill but I did not authorize the charges or my authorization was obtained through deceptive or misleading marketing practices:

Signature *Elizabeth Jordan*     Date *09 - 05 - 2013*

## II.    Payment and Verification Information. The following information **must be provided** for verification and payment:

Your Full Current Legal Name: *Elizabeth Jordan*

Your Current Mailing Address: *PO BOX 22275 Akron OH 44302*
                                   Street          City          State    Zip Code

Your Current Contact Phone Number(s): *330 - 861 9848 or 330 - 459 1256*

Current e-mail address: *NONE*

Billing Telephone Account Number ("BTN") for each AT&T landline account for which you are submitting a claim (**Note**: This is not simply your telephone number, it is the 13 digit number located at the top of the first page of your AT&T landline telephone bill. The BTN is also printed on the Billing Summary and on the Postcard Notice provided to former customers): (330) 865 - 5835 278; (___) ___ - _____, (___) ___ - _____; (___) ___ - _____; (___) ___ - _ _____; (___) ___ - _____; (___) ___ - _____;

Name(s) used for AT&T landline account(s) as set forth on the AT&T bills at the time of the charge(s) subject to this claim (if different than above). This information is also printed on the Billing Summary: *Elizabeth Jordan*

Billing Address(es) used for AT&T landline account(s) as set forth on the AT&T bills at the time of the charge(s) subject to this claim (if different than above). This information is also printed on the Billing Summary:

                      *Akron    OH*

Street                 City           State         Zip Code

AT&T landline 10-digit Telephone Number(s) with third party charges for which you are submitting a claim. This information is also printed on the Billing Summary: (330) 8 65 - 5835; (___) ___ - ____; (___) ___ - ____; (___) _



## III.   Returned Mail and Uncashed Checks

**If there is a problem with your address and your settlement payment check cannot be distributed to you or if you are sent a check but fail to cash it within the required 120 day period, you have the option of designating that the proceeds of your check be paid to the charity listed below. If you do not select this option, you agree by your signature above that any returned and/or un-cashed check will be paid to the state you identified above in your current address.**

☑ I hereby instruct the Settlement Administrator that should I be issued a settlement payment check and the check is returned to the Settlement Administrator due to an incorrect or old address and a correct or forwarding address is not available through the National Change of Address database maintained by the United States Postal Service; or should I be issued a settlement payment check and the check remains un-cashed one hundred and twenty (120) days after issuance, then the Settlement Administrator shall cancel my check and pay the amount stated in the check to Consumers Union.

**Important information:** All claims are subject to review. The Settlement Administrator will notify you if your claim is invalid, challenged or rejected and you will be provided the opportunity to respond. In the event of a challenge, Class Counsel will represent you, free of charge, unless you request that they do not. Further details regarding the Claim Form review process can be found at Section VIII D of the Settlement Agreement, available on the settlement website www.ATTthirdpartybillingsettlement.com. It is your responsibility to keep the Settlement Administrator informed of your correct and current mailing or email address. If you fail to do so, you may not receive payment. If you have any questions, additional information can be found at the website www.ATTthirdpartybillingsettlement.com or by calling the Settlement Administrator at 1-866-242-0603.

**FAILURE TO FILL OUT THE CLAIM FORM COMPLETELY MAY RESULT IN THE REJECTION OF YOUR CLAIM.**

**NO PAYMENTS WILL BE MADE AVAILABLE UNTIL AFTER FINAL APPROVAL OF THE SETTLEMENT BY THE COURT, INCLUDING AFTER ANY APPEALS ARE RESOLVED. THE PROCESS MAY TAKE TIME. PLEASE BE PATIENT.**

COMPLETE AND SUBMIT THIS FORM ONLINE AT www.ATTthirdpartybillingsettlement.com
OR MAIL TO:
Garden City Group
Nwabueze v. AT&T Inc. c/o GCG

Elizabeth Jordan
PO Box 22275
Akron OH 44302

RECEIVED
SEP 10 2013
JACOBS KOLTON, CHTD.

John G Jacobs
55 West Monroe
Suite 2970
Chicago IL
60603



U.S. POSTAGE
PAID
AKRON,OH
44310
SEP 07'13
AMOUNT
$0.66
00063669-11
1000
60603



# CLASS ACTION SETTLEMENT

| | |
|---|---|
| Case#: | 09-CV-152951 |
| Case: | BTN. 330-8655835775 |
| Plaintiff: | Elizabeth Jordan  Settlement Class |
| | P.O. B ox 22275 |
| | Akron, OH 44302 |
| Phone: (Active | 330-459-1250 or 330-861-9848 |
| Defendant: | A T & T Third Party Billing Settlement |

Landline Telephone:

Between January 1, 2005 and January 4, 2013 Account #33086558935775. I am applying for payment of 100% of all unauthorized Third Party Charges paid on customers A T & T landline phone bill, BNT: 3308655835775 class action Lawsuit against A T & T alleging I am requesting comment on the settlement class counsel request for attorney fees of an expenses ($5,500.00) and incentive awards $10,000.00 total which do not reduce class members payment but are paid in addition by A T & T by mailing my request to John G. Jacobs, 55 West Monroe, Suite 2970, Chicago, IL 60603, and Douglas R. Tribble, 501 West Broadway, San Diego, CA 92101 on filing it with the Clerk of Courts, 450 Golden Gate Avenue, San Francisco, CA 94102.

Sign: *Elizabeth Jordan*  Date: 09 - 02 - 2013

Deception fraud by hiding the truth to boost extra profits without the consumers' knowledge over charged. Defendant have been taking advantage of consumer agreement, Schemes unsolicited sales, Illegally billing and attempting to collect payment from consumers, business violation, theft; A T & T charged consumers for worthless services by deception and made the customer believe they were receiving services they never requested. Imitations croaked Dealers' predatory on deceitful sales. A T & T should be charged with strong penalties to pay customer Elizabeth Jordan. Defendant violated the Law, Breach of Contract, Deception, Worthless solicited services

Page Two

Class Action Settlement

Unordered and Unwanted service, Imitation, Bait, and Switch, Fraud, False advertising, Illegal Debt collection practices, abuse, predatory, and deceitful sales, misleading advertising, customer abuse, business violation, overpriced services, taking advantage of customers and rip offs. Customers were indeed treated unfair, deceived by customer fraud, pain and suffering, panic; boosting extra profit and illegal billing, which, in return, reduce class member payment, but are paid in addition by AT&T.

*Nwabueze, et al. v. AT&T, Inc., et al.,* Case No. 09-cv-1529 SI

## SETTLEMENT CLAIM FORM

TO RECEIVE A PAYMENT OR CREDIT AS PART OF THIS SETTLEMENT,
YOU MUST COMPLETE THIS FORM AND ELECTRONICALLY SUBMIT OR MAIL IT TO THE
SETTLEMENT ADMINISTRATOR **NO LATER THAN DECEMBER 2, 2013** OR 30 DAYS
AFTER YOU ARE PROVIDED WITH A TIMELY REQUESTED BILLING SUMMARY,
WHICHEVER IS LATER.

**INSTRUCTIONS:** This settlement relates to alleged unauthorized third-party charges
placed on AT&T landline customers' telephone bills. To be eligible to participate in the
benefits of the settlement, you must complete and submit either a paper or electronic
Claim Form. In order to file a Claim Form, you must include with it either a Billing
Summary that AT&T will provide to you free of charge (see next paragraph, below) or
you must supply your own documentation of the amount you claim you were
improperly charged. If you provide incomplete, incorrect, or inaccurate information,
your claim may be denied. If you need more space to provide the information you may
attach a separate sheet of paper with that information.

**IMPORTANT NOTICE:** In order to assist you in completing this Claim Form you may
request, at no cost, a Billing Summary from AT&T setting forth each third-party charge
(and credit, if any) that was placed on your AT&T landline bill from January 1, 2005
through January 14, 2013 as identified from a search of reasonably available AT&T
billing information. To obtain your free Billing Summary, submit a Billing Summary
Request to the Settlement Administrator at www.ATTthirdpartybillingsettlement.com,
call 1-866-242-0603, or email it to info@ATTthirdpartybillingsettlement.com so that it is
received or postmarked **no later than December 2, 2013.** If you do not already
have a Billing Summary Request form, you may obtain one from the Settlement
Administrator, Garden City Group, at www.ATTthirdpartybillingsettlement.com, 1-866-
242-0603 or info@ATTthirdpartybillingsettlement.com.

**DO NOT CALL THE COURT WITH ANY QUESTIONS OR REQUESTS. Call only
the Settlement Administrator or Class Counsel.**

## I.    Claim Information

**Please review the statements below, and check the boxes only if the
statements apply to you. If you cannot check all four of the boxes, do not
submit the Claim Form because you are not a qualified claimant.**

☑ I paid for a third party charge that appeared on my AT&T landline telephone bill between
January 1, 2005 and January 14, 2013; and

☑ Either (1) the third party charge was placed on my bill without authorization; or (2) authorization
for the charge was obtained through deceptive or misleading marketing practices; and

☑ I have not been previously reimbursed for the third party charge or otherwise legally resolved
any dispute regarding such charge (for example, in connection with another claims settlement
such as this one); and

☒ The total amount of charges for which I am making a claim is $_____. The charges I am claiming are highlighted or circled on the attached/enclosed Third-Party Charge Billing Summary I received from AT&T; **or** I have attached/enclosed other documentation of the third-party charges I am claiming identifying date(s), amount(s) and the third-party (or parties) who placed the charge(s) on my bill.

I HEREBY VERIFY UNDER PENALTY OF PERJURY THAT, TO THE BEST OF MY KNOWLEDGE AND BELIEF, the information provided in Section I above is true and correct and that I paid the above third party charges on my AT&T telephone bill but I did not authorize the charges or my authorization was obtained through deceptive or misleading marketing practices:

Signature _Elizabeth Jordan_          Date _09 - 05 . 2013_

## II.  Payment and Verification Information. The following information **must be provided** for verification and payment:

Your Full Current Legal Name: _Elizabeth Jordan_

Your Current Mailing Address: _PO Box 22275 Akron OH 44302_
              Street          City          State    Zip Code

Your Current Contact Phone Number(s): _330 - 861 9848 or 330 - 459 1256_

Current e-mail address: _None_

Billing Telephone Account Number ("BTN") for each AT&T landline account for which you are submitting a claim (**Note**: This is not simply your telephone number, it is the 13 digit number located at the top of the first page of your AT&T landline telephone bill. The BTN is also printed on the Billing Summary and on the Postcard Notice provided to former customers): (_330_) _865 - 58 35 275_; (___) ___ - _____; (___) ___ - _____; (___) ___ - _____; (___) ___ - _____; (___) ___ - _____; (___) ___ - _____;

Name(s) used for AT&T landline account(s) as set forth on the AT&T bills at the time of the charge(s) subject to this claim (if different than above). This information is also printed on the Billing Summary: _Elizabeth Jordan_

Billing Address(es) used for AT&T landline account(s) as set forth on the AT&T bills at the time of the charge(s) subject to this claim (if different than above). This information is also printed on the Billing Summary:

_____ _Akron_    _OH_    _443_
Street          City          State    Zip Code

AT&T landline 10-digit Telephone Number(s) with third party charges for which you are submitting a claim. This information is also printed on the Billing Summary: (_330_) _865 - 5835_; (___) ___ - ____; (___) ___ - ____; (___) _

\_ \_ - \_ \_ \_ \_  (\_ \_) \_ \_ \_ - \_ \_ \_ \_ ;  (\_ \_) \_ \_ \_ - \_ \_ \_ \_ ;  (\_ \_) \_ \_
\_ - \_ \_ \_ \_ ;  (\_ \_) \_ \_ \_ - \_ \_ \_ \_ ; (\_ \_) \_ \_ \_ - \_ \_ \_ \_ ;  (\_ \_) \_ \_ \_
- \_ \_ \_ ;  (\_ \_) \_ \_ \_ - \_ \_ \_ \_ .

## III.  Returned Mail and Uncashed Checks

**If there is a problem with your address and your settlement payment check cannot be distributed to you or if you are sent a check but fail to cash it within the required 120 day period, you have the option of designating that the proceeds of your check be paid to the charity listed below.  If you do not select this option, you agree by your signature above that any returned and/or un-cashed check will be paid to the state you identified above in your current address.**

☑ I hereby instruct the Settlement Administrator that should I be issued a settlement payment check and the check is returned to the Settlement Administrator due to an incorrect or old address and a correct or forwarding address is not available through the National Change of Address database maintained by the United States Postal Service; or should I be issued a settlement payment check and the check remains un-cashed one hundred and twenty (120) days after issuance, then the Settlement Administrator shall cancel my check and pay the amount stated in the check to Consumers Union.

**Important information:**  All claims are subject to review.  The Settlement Administrator will notify you if your claim is invalid, challenged or rejected and you will be provided the opportunity to respond.  In the event of a challenge, Class Counsel will represent you, free of charge, unless you request that they do not.  Further details regarding the Claim Form review process can be found at Section VIII D of the Settlement Agreement, available on the settlement website www.ATTthirdpartybillingsettlement.com.  It is your responsibility to keep the Settlement Administrator informed of your correct and current mailing or email address. If you fail to do so, you may not receive payment.  If you have any questions, additional information can be found at the website www.ATTthirdpartybillingsettlement.com or by calling the Settlement Administrator at 1-866-242-0603.

**FAILURE TO FILL OUT THE CLAIM FORM COMPLETELY MAY RESULT IN THE REJECTION OF YOUR CLAIM.**

**NO PAYMENTS WILL BE MADE AVAILABLE UNTIL AFTER FINAL APPROVAL OF THE SETTLEMENT BY THE COURT, INCLUDING AFTER ANY APPEALS ARE RESOLVED.  THE PROCESS MAY TAKE TIME.  PLEASE BE PATIENT.**

COMPLETE AND SUBMIT THIS FORM ONLINE AT www.ATTthirdpartybillingsettlement.com
OR MAIL TO:
Garden City Group
Nwabueze v. AT&T Inc. c/o GCG

# CATHY LOCHRIDGE

# FILED

SEP 03 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEP 16 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SI

August 29, 2013

Dear Court,

My name is Cathy Lochridge. I live at 4063 Dunhaven Road in Dallas,
Texas 75220 and my telephone number is 214-808-1776.  I got an email
saying that I was a class member in the AT&T court case (Class
Action Case No. 09-cv-1529)

I am not sure of the right legal terms to use, but I think this
settlement is unfair.  If other customers say it better than I do,
then I want to go with their complaints too. The lawyers are getting
$5,500,000 but we are only getting whatever we go to the trouble to
add up. I don't understand why AT&T can't figure out these fees for
us. We should not have to be the ones taking time to add this stuff up
when AT&T is the one who made all the money off of it in the first
place.  I filled out the request for my billing summary online, but
haven't gotten it yet so am not sure how much I've been charged. I'm
not sure of what they have to do, but $5,000 for the Class
Representatives seems really high.

It is just wrong that AT&T would be able to charge us without us
knowing.  And I never knew because the bill is very hard to make sense
of in the first place. I'm glad someone decided to sue them so this
all came to light.

Thanks,

*Cathy Lochridge*

From: attthirdpartybillingsettlement <attthirdpartybillingsettlement@tgcqinc.com>
To: CATHY0955 <CATHY0955@AOL.COM>
Sent: Tue, Jun 11, 2013 8:46 pm
Subject: Class Action Settlement Notice Ordered by the Federal Court in Nwabueze, et al. v. AT&T, et al.,
Case No. 09-cv-1529-SI

## CLASS ACTION SETTLEMENT NOTICE
(Para ver este aviso en Español, se puede visitar www.ATTthirdpartybillingsettlement.com/Español.)
*A federal court authorized this Notice. Read this Notice carefully. Your legal rights may be affected.*
**United States District Court for the Northern District of California**
***Nwabueze et al v. AT&T et al.,* Class ActionCase No. 09-cv-1529 SI**
**You Received This Notice Because AT&T's Records Indicate You Have Been Billed for Third-Party Charges on Your AT&T Landline Telephone Bill between January 1, 2005 and January 14, 2013, and If You Did Not Authorize the Charges, You May Be Entitled to a Payment From this Class Action Settlement.**
A Settlement has been preliminarily approved by the Court in a class action lawsuit against AT&T alleging that third-party companies placed unauthorized charges on AT&T's landline customers' telephone bills (a practice known as "cramming"), in violation of federal and state law. AT&T denies any wrongdoing. Both sides have agreed to settle the lawsuit in order to avoid the cost, delay, and uncertainty of litigation. The Settlement calls for payments pursuant to a claims approval process to Settlement Class Members who assert they paid for Third-Party Charges placed on their AT&T landline telephone bills they did not authorize.
ALERT: If you don't want to be legally bound by the settlement, you must exclude yourself by September 2, 2013, or you won't be able to sue, or continue to sue, AT&T or any other Released Parties about the claims in this case [for a description of Released Parties, click here]. If you exclude yourself, you cannot receive a payment under this settlement.
**What are "Third-Party Charges"?** Third-party Charges are charges that customers like you could authorize to be billed on your AT&T landline telephone bill for products or services provided by third-party companies (i.e., companies not affiliated with AT&T). Examples of the types of products and services are: voicemail, email, fax, web page services (design, hosting or marketing), yellow page services, diet plans, identity protection and others. To see a non-exhaustive list of Third Parties who may have placed such charges click here.
**What are "Unauthorized Third-Party Charges"?** Unauthorized Third-Party Charges are Third-Party Charges placed on a customer's AT&T landline bill without the customer's knowing authorization.
**How much could your payment be?** That depends on the amount of unauthorized Third-Party Charges, if any, you paid that have not already been reimbursed. While the size of payment to which individual customers could be entitled is likely to vary considerably, **class counsel contend that some class members may have claims of hundreds of dollars or more**. If you file a Claim that is approved, you will receive the **full** amount (i.e., **100%**) of all Third-Party Charges you paid between January 1, 2005 and January 14, 2013 (the "Class Period") that you assert were not authorized and were not previously reimbursed. If you have not retained or do not otherwise have access to your prior AT&T landline bills, it may not be possible for you to determine if you were billed for Third-Party Charges you did not authorize. Therefore, as described below, at your request AT&T will provide you, **free of charge**, as part of this Settlement a Billing Summary, showing all Third-Party Charges that appeared on your AT&T landline bill during the Class Period as identified from a search of reasonably available AT&T billing information. To obtain a Billing Summary Request Form click here. To apply for payment under this Settlement, you must complete and submit the Claim Form. To obtain a Claim Form click here. Additional Billing Summary Request and Claim Forms are available from the Settlement Administrator at www.ATTthirdpartybillingsettlement.com, 1 -866-242-0603, or info@ATTthirdpartybillingsettlement.com. You can file a claim online or by email or mail. In the Claim Form, you must state, among other things, that you paid Third-Party Charges that you did not knowingly authorize and that you were not previously reimbursed for such charges.
**You can get a Billing Summary of all your Third-Party Charges.** You may have been billed for third-party charges over a period of months without having noticed it. To help you determine if you were billed

unauthorized Third-Party Charges during the Class Period, you can request a <u>free</u> **Billing Summary,** **listing all Third-Party Charges that appeared on your AT&T landline bill during the Class Period** as identified from a search of reasonably available AT&T billing information. To request a Billing Summary, you must complete and submit the Billing Summary Request. To obtain a Billing Summary Request <u>click</u> <u>here</u>. Additional Billing Summary Request forms are available from the Settlement Administrator at <u>www.ATTthirdpartybillingsettlement.com</u>, 1-866-242-0603, or <u>info@ATTthirdpartybillingsettlement.com</u>. You can submit the Billing Summary Request online, by email or mail, or you may submit your request by telephone at 1 -866-242-0603. **To obtain a Billing Summary you must submit the Billing Summary** **Request no later than December 2, 2013.**

**Who is in the Settlement Class?** The Court certified a class for settlement purposes only consisting of: all present and former AT&T ILEC landline telephone customers in the United States who, at any time from January 1, 2005 through January 14, 2013, had a Third-Party Charge placed on the customer's AT&T ILEC landline telephone bill through a Clearinghouse. Excluded from the Settlement Class are any judicial officer to whom the Action is assigned and the U.S. government and any State government or instrumentality thereof. [AT&T ILEC means an AT&T-affiliated incumbent local exchange carrier, such as Pacific Bell Telephone Company, d/b/a AT&T California, Illinois Bell Telephone Company, d/b/a AT&T Illinois, etc.]

**Do you have a lawyer representing you in this lawsuit?** The Court appointed lawyers from five law firms to act as Class Counsel for the Settlement Class, whose information is at <u>www.ATTthirdpartybillingsettlement.com</u>. Class Counsel will ask the Court to approve payment of up to $5,500,000 for attorneys' fees and expenses for their efforts in achieving this Settlement and for their risk in undertaking their representation on a contingency basis and payment of $5,000 each to Joy Nwabueze and Amelia Terry, for their services as Class Representatives. The Settlement Class will not be required to pay any portion of the fees and expenses and incentive awards awarded by the Court, which will be paid by AT&T. Payment of these items will not reduce the benefits available to the Settlement Class. You may hire your own attorney at your own cost if you wish, who may enter an appearance on your behalf.

**The Court has preliminarily approved the settlement.** Class Counsel have extensively investigated and researched the claims and underlying facts at issue in the lawsuit and, after considering, among other things, the risks, uncertainties and delay attendant to protracted litigation and the substantial benefits available now through the proposed Settlement, believe that the proposed Settlement is fair, reasonable and adequate and in the best interests of the Settlement Class members. This is only a summary. For complete information, including deadlines by which you must act, you should read the full notice of the settlement agreement, available by clicking <u>here</u>.

## YOUR LEGAL RIGHTS AND OF

| | |
|---|---|
| **Submit a Claim Form** | This is the only way to get a payment. You have the right as a member of the Settlemen Charges you paid between January 1, 2005 and January 14, 2013, that you assert were n <u>must</u> submit a Claim Form by **December 2, 2013** or within 30 days of receiving a timel as part of this settlement and identify on that summary any charges that you claim were you claim were not authorized). If you wish to obtain an additional Claim Form <u>click he</u> <u>www.ATTthirdpartybillingsettlement.com</u>, call 1 866-242-0603 or email <u>info@ATThir</u> |
| **Exclude yourself** | Get no payment, but do not give up right to sue Defendants or Released Parties. **If you c** **you won't be able to sue, or continue to sue, AT&T or any other Released Parties a** <u>www.ATTthirdpartybillingsettlement.com</u>]. **If you exclude yourself, you cannot re** excluded with your name, address, and phone number, to the Settlement Administrator r Class, and if the Settlement is approved, will be bound by it, and release claims against l <u>www.ATTthirdpartybillingsettlement.com</u> for a full description of the Release in this ca by the Release. |

| | |
|---|---|
| **Comment or object** | If you do not exclude yourself, you or your lawyer have the right to object to or comment mailing objections, in writing, to: Class Counsel, John G. Jacobs at 55 West Monroe Str 1100, San Diego, California 92101 and filing the same with the Clerk of the Court at 45C the objector's name, address, phone number, a detailed statement of the objection, all fac Settlement Class, and the caption and case number appearing on the Settlement Class N( timely comply with the requirements listed above for objecting. You will also waive an have filed a timely objection. |
| **Go to the hearing** | If you have filed a timely objection you may also ask to speak in Court about the settlem hold a Final Approval Hearing on November 1, 2013 at 9:00 a.m. at the U.S. District Co California, 94102 to decide whether the Settlement should be approved as fair, reasonab attorneys' fees and expenses and class representative incentive awards. The Court will b date or time without notice. It is your responsibility to check the Court's calendar or the |
| **Do nothing** | Get no payment and give up your right to sue Defendants and Released Parties with rega |

If you want more information about the Settlement and how to participate in the Settlement, please read the detailed Notice and Claim Filing Instructions at www.ATTthirdpartybillingsettlement.com .
**DO NOT CALL THE COURT WITH QUESTIONS ABOUT THIS NOTICE OR THE SETTLEMENT. CALL THE SETTLEMENT ADMINISTRATOR OR CLASS COUNSEL. You can contact the Settlement Administrator, Garden City Group, at Nwabueze v. AT&T Inc. c/o GCG, PO Box 35045, Seattle, WA 98124, or by email at info@ATTthirdpartybillingsettlement.com, or you may call toll free 1-866-242-0603.**

If you wish to UNSUBSCRIBE from future email messages from the Settlement Administrator with regard to this Settlement, please click on this link.

# DIANA MARMORSTEIN

13010 Snowview Rd.
Victorville, CA 92392
21 July 2013



Clerk of the Court
450 Golden Gate Ave.
San Francisco, CA 94102

To the Clerk of the Court:

I object to the settlement in the AT&T Third Party Billing case (Nwabueze v. AT&T, Case No. CV-09-1529 SI). This case is an abuse of the U.S. Judicial System. Its only purpose is to enrich a few sleazy lawyers.

As a taxpayer who helps to fund the court system, I am sick and tired of receiving notices like these, for which I am given the opportunity to spend hours filing paperwork to obtain a few cents to several dollars as a result of minor transgressions of large corporations. The lawyers, on the other hand, seek millions to hundreds of millions of dollars to do court filings, amounting to probably tens of thousands to millions of dollars for each hour of their useless, unproductive 'work'.

Our courts should dedicate time to adjudicating cases of true abuse of people, animals, and the environment and valid cases of breach of contracts, not these class action lawsuits that are based on obscure, meaningless laws and regulations, many of which these lawyers probably were involved in creating.

I request that the judge in this case throw out the settlement and the case as being frivolous and a waste of the court's time.

Sincerely yours,

Diana Marmorstein, Ph.D.

cc Douglas R. Tribble, John G. Jacobs

# PEARLIE MENDOSA

Pearlie Mendosa
3700 E. Hwy 85
Apt. 510
Ennis, TX 75119
May 10th 2013

RECEIVED

MAY 13 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Court Clerk
450 Golden Gate Ave
19th fl  Court room 10
San Francisco, CA 94102

FILED

MAY 14 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Re: Nwabueze V. AT&T
Ca. No: CV-09-152951

Ojection

I do hereby make my objection
Known and give my attorney the right to
comment on the settlement.

S/ Pearlie Mendosa

BTN: 972 875 4304 300

# GORDON MORGAN

August 30, 2013

**FILED**
2013 SEP -3 P 3: 35
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*Via Federal Express*
Clerk of the Court
U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Nwabueze et al v. AT&T et al.,* Class Action; Case No. 09-cv-1529 SI
      United States District Court for the Northern District of California

Dear Clerk of Court:

Please accept this letter as my objection to the proposed class action settlement, the award of excessive attorneys' fees to class counsel, and the Court's approval of the settlement in the above referenced class action lawsuit. The proponents of this settlement have <u>not</u> met their burden to show that the settlement is fair, reasonable, and adequate.

I am class member who received a postcard notice because AT&T's records indicated that I had been billed for third-party charges on my AT&T landline telephone bill between January 1, 2005 and January 14, 2013. To the best of my knowledge, I did not authorize these charges.

On August 29, 2013, I submitted a billing summary request online, which generated the following:

Confirmation #: 11C1EC1A45
Control #: 8168114254

My name, address, and phone number are:

Gordon Morgan
4701 Ayers Street
Suite 105
Corpus Christi, TX 78415
(361) 887-4700

I additionally object on the following grounds:

Objection is made based on the proposed award of attorneys' fees, which is excessive under both a lodestar and a percentage of recovery methodologies. Objection is made to the extent of the failure of class counsel to make a detailed attorneys' fee and expense application within a reasonable and adequate amount of time for objectors to evaluate the fee and expense application. There is no way to determine the amount to be paid to class members until well after the December 2, 2013

1

deadline for submitting billing summary requests, yet the fairness hearing will be held on November 1., 2013. There will be no way for the court to determine if the $5.5 million in requested fees is reasonably proportional to the amount the class will receive, thus fairness cannot be established.

Objection is made to the insufficiency of the notice. The Settlement references a request for fees in an amount of $5,500,000, but gives no further information with which to assess fairness. Additional objection is made to the $5,000 incentive awards to each class representative as excessive Objection is also made to the inadequacy of the notice found on the settlement website and the postcard notice. Neither explicitly defines who is a class member.

Objection is made that the proponents of this settlement have _not_ met their burden to show that the settlement is fair, reasonable, and adequate.

Objection also is made to the overly broad release.

I also object to the proponents of the settlement not sustaining their burden of proof on commonality, predominance, superiority and adequacy of class counsel and class representatives under Federal Rule of Civil Procedure 23.

Objection is made to any procedures or requirements to object that require information or documents other than those that are contained herein to the extent that such requirements are unnecessary, unduly burdensome, are calculated to drive down the number and quality of objections to the settlement and violate objectors' due process rights and Rule 23(e)(5).

I will not attend the fairness hearing.

I join in and incorporate herein by reference any and all objections filed by other objectors as though set forth in full, to the extent not inconsistent with the specific objections made herein.


Sincerely,


Gordon Morgan


cc:
*Via Federal Express*
John G. Jacobs                          Douglas R. Tribble
55 West Monroe Street                   501 West Broadway
Suite 2970                              Suite 1100
Chicago, IL  60603                      San Diego, CA  92101


2

**AT&T Third Party Billing Settlement Administrator**
c/o The Garden City Group, Inc. ("GCG")
*Nwabueze v. AT&T*, Case No. CV-09-1529 SI
P.O. Box 35045
Seattle, WA 98124

**Forwarding Service Requested**



PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
CHICAGO, IL
PERMIT NO. 941

ATN0967717591

 This is only a summary.  For complete details, scan this code with your smartphone. It will take you to a website with more detailed information, plus a claim form that you can submit online; OR

CALL:  1-866-242-0603
EMAIL:  info@ATTthirdpartybillingsettlement.com
GO TO:  www.ATTthirdpartybillingsettlement.com

*This is a Court-ordered Notice, read it carefully. Your legal rights may be affected. This is not a solicitation from a lawyer.* **You Received This Notice Because AT&T's Records Indicate That You Have Been Billed For Third-Party Charges On An AT&T Landline Telephone Account Between January 1, 2005 And January 14, 2013, And If You Did Not Authorize Those Charges You May Be Entitled To A Payment From This Class Action Settlement.**

BTN:  3618874700912

0912  05560444   **AUTO**SCH 5-DIGIT 78415
                                   23/1130/2
GORDON B MORGAN P C
4701 AYERS ST STE 105
CORPUS CHRISTI TX  78415-1420

## CLASS ACTION SETTLEMENT NOTICE
(Para ver este aviso en Español, se puede visitar www.ATTthirdpartybillingsettlement.com/Espanol.)

**What is the case about?**  Plaintiffs have brought a class action lawsuit against AT&T alleging that unauthorized Third-Party Charges have been placed on AT&T customers' landline telephone bills ("cramming"), in violation of federal and state law.  AT&T denies any wrongdoing. Both sides have agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation, and the Settlement has been preliminarily approved by the Court.
**Who is in the Settlement Class?**  The Settlement Class is defined as:  all present and former AT&T ILEC landline customers in the United States who, at any time from January 1, 2005 through January 14, 2013, had a Third-Party charge placed on the customer's AT&T ILEC landline telephone bill through a Clearinghouse.  [AT&T ILEC means an AT&T-affiliated incumbent local exchange carrier, such as Pacific Bell Telephone Company, d/b/a AT&T California, etc.]  Any judge handling the action, the U.S. and state governments and government agencies are excluded from the Settlement Class.
**What does the settlement provide?**  You may apply for payment of 100% of all unauthorized Third-Party Charges you paid on your AT&T landline phone bills during the Class Period that have not already been reimbursed.  Payment amounts may vary considerably among class members, but Class Counsel contend that some class members may have claims of hundreds of dollars or more.

### ALERT: YOUR LEGAL OPTIONS

**Make a claim for payment:**  First, look at your old bills or get a free summary of third-party charges by submitting a Billing Summary Request form to the Settlement Administrator ("GCG"), at the address below, by December 2, 2013. Second, submit a Claim Form to GCG by December 2, 2013 or 30 days after you get your Billing Summary, if you timely requested one, whichever is later.  You may use your BTN (Billing Telephone Account Number) to request your free Billing Summary.  Your BTN can be found on the front of this card above your name.
**Exclude yourself/Opt out**  If you don't want to be legally bound by the settlement, you must exclude yourself.  To be excluded, you must mail a signed request to be excluded from *Nwabueze v. AT&T*, with your name, address, and phone number, to GCG (at the address below) received or postmarked by September 2, 2013.  If you don't exclude yourself, you won't be able to sue, or continue to sue, AT&T or any other Released Parties about the claims in this case (for a description of Released Parties, go to www.ATTthirdpartybillingsettlement.com).
**Object:**  If you do not opt out, you or your lawyer have the right to object to, or comment on, the settlement, Class Counsel's request for attorneys' fees & expenses ($5,500,000) and/or incentive awards ($10,000 total), which amounts do not reduce class member payments but are paid in addition by AT&T), by mailing your objection to: John G. Jacobs, 55 West Monroe, Suite 2970, Chicago, IL 60603, and Douglas R. Tribble, 501 West Broadway, San Diego, CA 92101 and filing it with the Clerk of the Court at 450 Golden Gate Avenue, San Francisco, CA 94102 by September 2, 2013.
**Appear in Court:**  The Court has scheduled a Final Approval Hearing on November 1, 2013 at 9:00 a.m. at the U.S. District Court, Northern District California, 450 Golden Gate Ave., 19th Floor, Courtroom 10, San Francisco, CA  94102.  You may appear at the hearing by yourself or through an attorney if you have submitted an objection, but you do not need to appear unless you wish to.
Address of the Settlement Administrator ("GCG"): *Nwabueze v. AT&T* Inc., c/o GCG, P.O. Box 35045, Seattle, WA 98124
To get Billing Summary Request Forms, Claim Forms, or more information, contact the Settlement Administrator, Garden City Group ("GCG"), at www.ATTthirdpartybillingsettlement.com, 1-866-242-0603, or via email at info@ATTthirdpartybillingsettlement.com.

# PATRICIA PENNEY

John G Jacobs, I am waiting
to receive my billing summary
from the Settlement Administrator
"GCG." I am not opting out, but
I do object to attorneys' fees
and expenses.

Thank you,

4/29/13                    Patricia Penrey

Att
concerning Third party billing settlement

P. Penney
105 Irene St.
Bakersfield, Ca
93305

BAKERSFIELD CA 933
MOJAVE C.A.
30 APR 2013 PM 4 T

John G. Jacobs
55 West Monroe Ste. 2970
Chicago, IL 60603

RECEIVED
MAY 03 2013
JACOBS KOLTON, CHTD.

60603+5125

# ANGELA PRICE

I, Angela Price, object

account # 864895 1888942, also
864895 2342221

addressa: 15 Cross Lake Lane
Green, SC 29651

RECEIVED

SEP 03 2013

JACOBS KOLTON, CHTD.



Angela Price
15 Cross Lake Ln
Greer, SC 29651



U.S. POSTAGE
29650

FOREVER
07*13
06334686

FE0001900105687   062S   APC

John G. Jacobs
55 West Monroe, Ste 2720
Chicago, Ill 60603

RECEIVED

SEP 0 3 2013

JACOBS KOLTON, CHTD.

# ALMA ROSE SNYDER

FILED

SEP 03 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk of the Court
450 Golden Gate Avenue,
16th Floor, San Francisco, CA
94102

Regarding the Settlement in Nwabueze v. AT&T, Inc., Case No. CV 09-1529 SI, I object
to the settlement. The remuneration of fraudulent billing does not redress the issues of
invasive use of another's information by a third party. The settlement does not address the
grievances of those whose privacy has been invaded by third-party use of their phone
number and other information. The settlement doesn't assess the larger picture of those
Class Members like myself, who continue to suffer financial losses due to abusive and
invasive business communications practices from the perpetrators of the third-party
billing scheme.

I intend to appear at the Final Approval Hearing with the counsel:

Keller and Grover
1965 Market Street
San Francisco, CA 94103
(888) 535-5291


Thank you,


Alma Rose Snyder
415-242-0967 (original AT&T billing number)

PO Box 640052
San Francisco, CA
94164
415-829-2342

August 30, 2013

Supporting Documentation for
Objection to the Settlement in Nwabueze
v. AT&T Inc., Case No. CV 09-1529 SI
(Alma Rose Snyder 415 2420967 319)

- Third-Party Billing Summary    (3 pages)

- Fraudulent Bill on behalf of AT&T by
  SOS'CCA (June 10, 2011) for AT&T Uverse

- Track & Confirm dated within
  the required return period for
  equipment from AT&T Uverse

- Return shipping label on item returned
  to AT&T Uverse January 2011

- Incident report & SFPD re: ongoing
  invasive & abusive communications
  practices from AT&T & others.
  ~~providers~~
  (AT&T refused to install a land
  line & continued to bill me for
  equipment I returned within the allotted
  time frame

- Photographic evidence that the ongoing events
  are related to defacto denial of service
  and/or more serious offenses



ATN1995048083



Dear   ALMA ROSE SNYDER
PO BOX 640052
SAN FRANCISCO, CA 94164

### BILLING SUMMARY OF THIRD PARTY CHARGES AND CREDITS ON YOUR AT&T LANDLINE TELEPHONE

#### Your Billing Telephone Account Number (BTN): 4152420967319

Enclosed is the summary of Third-Party Charges that you requested in connection with the class action settlement in Nwabueze v. AT&T et al (Case No. 09 CV 1529 SI), in the United States District Court for the Northern District of California.

**What Is This Summary?**

This summary lists  Third-Party Charges covered by the Settlement that appeared on your AT&T landline telephone bills between January 1, 2005 and January 14, 2013, that have been identified through a search of reasonably available billing data.

**How Do I Use This Summary?**

This summary is provided to you to allow you to determine if you were billed for unauthorized Third-Party Charges, and, if so, to submit a claim seeking a full refund of those charges under the Settlement.

Each third-party service provider and/or Clearinghouse whose charges appeared on your AT&T landline telephone bill during the relevant period is listed in the summary separately.  Each charge imposed is separately listed, giving the date of the charge and the amount of the charge.   If any credit was given with regard to that service provider, any such credit is also listed by date and amount.

If a listed charge was not authorized by you, place an "X" in the box next to the row that contains that charge.   If some, but not all, of that company's charges were unauthorized, then you must total all the charges you have indicated were not authorized and be sure to include that total on your Claim Form.

At the end of the listings, you will find a table providing the total charges, net of any credits, subtotaled by third party service provider and Clearinghouse.  If you claim that none of the charges by a third party service provider and/or Clearinghouse were authorized, you should place an "X" next to the entire provider

Once you have gone through the Summary and identified all unauthorized charges, you must then file a Claim Form in order to obtain a refund of unauthorized charges. Every Claim Form must attach either a Billing Summary or copies of AT&T landline bills or other documentation with the unauthorized charges indicated on it. You must file your Claim Form no later than December 2, 2013, or 30 days after receiving your Billing Summary, whichever date is later.

**How Do I File A Claim?**

If you choose to file a claim, you must either attach this complete Summary or other documentation of the unauthorized Third-Party Charges you claim (such as copies of old bills). You must file your claim by December 2, 2013 or 30 days after receiving this Summary, whichever is later. Send your completed Claim Form (and your documentation) to:

*Nwabueze v. AT&T, Inc.*
c/o GCG
P.O. Box 35045
Seattle, WA 98124

**Or**

File online at www.ATTthirdpartybillingsettlement.com/claim. For detailed instructions on how to submit a claim online, go to www.ATTthirdpartybillingsettlement.com/faq#Q15.

**Individual Charges**

| Month/Year | Third-Party Service Provider | Clearinghouse | Charges to Your Account | Credits to Your Account | Mark "X" if Charge Not Authorized |
|---|---|---|---|---|---|
| 12/2006 | | USBI | $4.59 | $0.00 | |
| 09/2006 | | USBI | $2.97 | $0.00 | |
| 09/2007 | | USBI | $8.27 | $0.00 | |
| 10/2007 | | USBI | $8.27 | $0.00 | |
| 11/2007 | | USBI | $8.27 | $0.00 | |
| 12/2007 | | USBI | $8.27 | $0.00 | |
| 01/2008 | Consumer Telcom | USBI | $8.27 | $0.00 | |
| 02/2008 | Consumer Telcom | USBI | $9.37 | $0.00 | |
| 03/2008 | Consumer Telcom | USBI | $8.24 | $0.00 | |
| 04/2008 | Consumer Telcom | USBI | $8.24 | $0.00 | |
| 05/2008 | Consumer Telcom | USBI | $8.24 | $0.00 | |
| 06/2008 | Consumer Telcom | USBI | $8.27 | $0.00 | |
| 07/2008 | Consumer Telcom | USBI | $8.27 | $0.00 | |
| 08/2008 | Consumer Telcom | USBI | $8.27 | $0.00 | |
| 09/2008 | Consumer Telcom | USBI | $8.31 | $0.00 | |
| 10/2008 | Consumer Telcom | USBI | $8.31 | $0.00 | |
| 11/2008 | | USBI | $8.31 | $0.00 | |
| 12/2008 | Consumer Telcom | USBI | $8.30 | $0.00 | |
| 01/2009 | Consumer Telcom | USBI | $8.30 | $0.00 | |

| | | | | | |
|---|---|---|---|---|---|
| 11/2006 | | USBI | | $4.59 | $0.00 | |
| 12/2008 | Calling 10 15 15 800 | ILD Teleservices, Inc | | $12.13 | $0.00 | |
| 02/2009 | Consumer Telcom | USBI | | $8.30 | $0.00 | |
| 03/2009 | Consumer Telcom | USBI | | $10.24 | $0.00 | |
| 04/2009 | Consumer Telcom | USBI | | $6.26 | $0.00 | |
| 05/2009 | Consumer Telcom | USBI | | $6.74 | $0.00 | |
| 08/2007 | | USBI | | $8.27 | $0.00 | |

Totals for each Third-Party Service Provider and/or Clearinghoue, Net of Credits

| Third-Party Service Provider | Clearinghouse | Net Charges to Your Account | Mark "X" if These Charges Were Not Authorized |
|---|---|---|---|
| | USBI | $66.45 | |
| CALLING 10 15 15 800 | ILD Teleservices, Inc | $12.13 | |
| CONSUMER TELCOM | USBI | $131.93 | |

**Remember: In filling out your claim form to add all of the subtotals that you have indicated were unauthorized.**

If you have any questions please refer to the information available at www.ATTthirdpartybillingsettlement.com or contact the Settlement Administrator at 1 (866) 242-0603

8/30/13

Case3:09-cv-01529-SI  Document230-1  Filed10/18/13  Page73 of 139
Case3:09-cv-01529-SI  Document215  Filed09/03/13  Page6 of 10




June 10, 2011

EOS CCA
700 LONGWATER DRIVE
NORWELL, MA 02061

Toll Free : 1-888-266-6471
Phone Number: 1-708-342-2370

**Office Hours:**

| | |
|---|---|
| Monday - Thursday: | 8:00 AM - 9:00 PM CT |
| Friday: | 8:00 AM - 5:00 PM CT |
| Saturday: | 8:00 AM - 12:00 PM CT |

## NOTICE OF COLLECTION PLACEMENT

RE:
Your Account with our Client: at&t
Client Reference #: 704108520
Agency Account #: 9779595
Original Creditor, if different from Client:

| | | |
|---|---|---|
| Principal: | $ | 82.13 |
| Interest: | $ | 0.00 |
| Fees/Coll Costs: | $ | 0.00 |
| Other Accounts: | $ | 0.00 |
| **Total Due:** | **$** | **82.13** |

**at&t** has placed your account with us for collection. This is a demand for payment of your debt. We urge you to remit payment to our office, unless you dispute this debt. If you dispute this debt, please see the reverse side of this notice for important rights.
**at&t** ha puesto su cuenta con nosotros para la colección. Esta es una demanda de pago de su deuda. Le recomendamos que envíe su pago a nuestra oficina si usted debe esta deuda. Si usted disculte esta deuda, favor de leer la infermacion al dorso de esta carta sobre sus derechos.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
Esta communicación es de un cobrador de deudas. Esto es un intento para cobrar una deuda y cualquier información obtenida será usada para ese propósito.

We may report information about your account to credit bureaus.
Informacion sobre su cuenta puede ser reportada a la Oficina de Credito (Credit Bureau).

To make a payment by touch tone phone, on the web or by credit card, please see reverse side.
Para hacer un pago via su telefono, internet o via una tarjeta de credito, por favor debuela a la carta.

If you feel you are or have been a victim of Theft of Identity, please call AT&T at 1-866-718-2011.

*U Verse .att . com*

DAL-9779595-11-061011-205-27449-122

PLEASE SEE REVERSE SIDE FOR IMPORTANT RIGHTS  ***  FAVOR DE LEER SUS DERECHOS IMPORTANTES AL OTRO LA DO
✂ Detach Bottom Portion And Return With Payment  ✂Devuelva esta porción con su pago

EOS CCA
PO BOX 296
NORWELL, MA 02061-0296
FORWARD SERVICE REQUESTED

| Account # : | Client Reference # : | Total Due : |
|---|---|---|
| 9779595 | 704108520 | $82.13 |
| Client : at&t | | |

PERSONAL & CONFIDENTIAL
DAL-9779595-11-061011-205-27449-122

**********AUTO**ALL FOR AADC 940
ALMA SNYDER
644 HYDE ST
SAN FRANCISCO CA 94109-7216

MAIL ALL PAYMENTS AND CORRESPONDENCE TO:

EOS CCA
PO BOX 439
NORWELL, MA 02061-0439

Case3:09-cv-01529-SL Document230-1 Filed10/18/13 Page74 of 139
Case3:09-cv-01529-SL Document215 Filed09/03/13 Page7 of 10
8/30/13                    Gmail - FW: U.S. Postal Service Track & Confirm email Restoration - 5890 1007 0540 5883 3709



# FW: U.S. Postal Service Track & Confirm email Restoration - 5890 1007 0540 5883 3709

**Alma Rose Snyder <arsnyder@mail.sfsu.edu>**                    Sun, Mar 3, 2013 at 11:14 PM
To: "dusttodustsupply@gmail.com" <dusttodustsupply@gmail.com>

From: U.S._Postal_Service_ [U.S._Postal_Service@usps.com]
Sent: Friday, October 07, 2011 5:11 PM
To: ARSNYDER@SFSU.EDU
Subject: U.S. Postal Service Track & Confirm email Restoration - 5890 1007 0540 5883 3709

This is a post-only message. Please do not respond.

ALMA SNYDER has requested that you receive this restoration information for Track & Confirm as listed below.

Current Track & Confirm e-mail information provided by the U.S. Postal Service.

Label Number: 5890 1007 0540 5883 3709

Service Type: Parcel Return Service

| Shipment Activity | Location | Date & Time |
|---|---|---|
| Picked Up and Processed by Agent | 01/10/11 | |
| Picked Up by Shipping Agent | SAN FRANCISCO CA 94109 | 01/07/11 5:54pm |
| Available for Pickup | SAN FRANCISCO CA 94109 | 01/07/11 5:51pm |

USPS has not verified the validity of any email addresses submitted via its online Track & Confirm tool.

For more information, or if you have additional questions on Track & Confirm services and features, please visit the Frequently Asked Questions (FAQs) section of our Track & Confirm site at http://www.usps.com/shipping/trackandconfirmfaqs.htm



900 4236
777-420

DMC ZIP    USPS PARCEL RTN SVC

420 54901 9158 3810 0705 4058 8337 09

PARCEL SELECT RTN SVC

SMARTLABEL RETURNS
PARCEL RETURN SERVICE
BULK MAIL CENTER
54901

V160

10/12/12
Case3:09-cv-01529-SI Document230-1 Filed10/18/13 Page76 of 139
Case3:09-cv-01529-SI Document215 Filed09/03/13 Page9 of 10
Print Report



**This incident has been reported to the San Francisco Police Department and is pending approval**

San Francisco Police Department
850 Bryant Street, Room 475
San Francisco, CA 94103
415-553-1242

## General Information

| | |
|---|---|
| Incident Type | Harassing Phone Call |
| Case Number | Pending |
| Report Date | 10/12/2012 11:01 AM |

## Reporting Person Information

| | |
|---|---|
| Name | Snyder, Alma Rose |
| Home Address | 644 HYDE Street, SAN FRANCISCO, CA 94109, US |
| Nighttime Phone | 415-829-2342 |
| Email | arsnyder@sfsu.edu |
| Employer Name | Dust to Dust Cleaning Service |
| Work Address | 644 HYDE Street, SAN FRANCISCO, CA 94109, US |
| Daytime Phone | 415-829-2342 |
| Race | Unknown |
| Sex | Female |
| DOB | 04/17/1962 |
| Driver License No | CAN9451843 EXPIRED |
| Licensing State | CA |

## Incident Information

| | |
|---|---|
| Incident Location | 644 HYDE, SAN FRANCISCO, CA |
| Incident Time (start) | 11/12/2010 11:00 AM |
| Incident Time (end) | 10/12/2012 10:57 AM |
| Location Type | ALLEY |
| Incident Description | There have been numerous and ongoing attempts to interfere with the telephone service at the business located at 644 Hyde Street. The CPUC denied that whoever physically cut my comcast voice cable was under their jurisdiction due to comcast voice being a voip technology. When I called the Public Defender back in March no one ever got back to ME... I fear my calls are being under surveillance or forwarded to unknown persons and putting innocent lives at risk.<br>I'm tired of whoever it is using me for a front. This is called identity theft and invasion of privacy; both offenses punishable by law. |



## Comcast.

### Important information regarding your Comcast service.

Account Number 8145200016071971

Dust To Dust Cleaning
644 Hyde St
San Francisco CA 94109-7215

Dear Dust To Dust Cleaning

Our records show that you recently made a change to your account such as updating your password, adding an email address to your account or assigning ownership of your account to a secondary user. If you did not authorize this change, please call Business Class Customer Care at 1-800-391-3000 and we'll be happy to assist in any way we can

Your security is top priority at Comcast. To learn more visit our FAQs at https://businessclass.comcast.net, and then click on the "Digital Voice" tab

Best regards,

The Comcast Customer Care Team

ōmcast.
PO. Box 2309
Warminster, PA 18974-0040
ELECTRONIC SERVICE REQUI

## n important n
### ease read!

BISZSEMAR ACDR911CHG



# MICHALE STANBERRY

Aug 20-2013

TO: Clerk of the Court
450 Golden Gate Avenue
San Francisco, CA 94102

09-1529 I

This is a AT&T Third Party Class member
Objection to be file with the Clerk of the Court
450 Golden Gate Avenue San Francisco, CA 94102

FILED

AUG 22 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED

AUG 22 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Michale Stenberry
214 Champagne St
Greenwood, Ms 38930-7507
Ph 6624539106
or 6624535266
Cell 6623856397
Fax 6624539106
    or
   6624535266

TO: Douglas R. Tribble
501 West Broadway
San Diego, CA 92101

This is the objection to the Request class Counsels.
I Object to the request and should be paid a said amount,
or parcel payment of $999,999 that Nine Hundred and
Nifity nine thousand Nine Hundred and Nifity Nine Dollars
for advertising cost I can not advertise my business and
should be compensated for pain and suffering a long with
the class member amount whatever it should be.
Third Party this is known as Klan-ing and is Illegal
copyright enfringement should be no less than $250,000
Two hundred Fifty thousand Dollars and Lies-codes tampering
$1,000,000,000 One Billion Dollars

Michale Stanberry
214 Champegne St.
Greenwood, Ms 38930-7507
Pho 6624539106
or 6624535266
Cell 662385-6397
FAX 6624539106
or
662 453 5266

May 20 - 2013

BTN: 66245194163749
Control number 8761836109
Notice number 99A3FD5B76
Authorization

BTN: 6624539106608
Control number 1167701430
notice number 7D84COAC56
Authorization

Michale Steinberry
214 Champagne St
Greenwood, Ms 38930-7507
Ph 6624539106
or 6624535266
Cell 6623856397
Fax 6624539106
or
6624535266

TO. John G. Jacobs
955 West Monroe Suite 2970
Chicago, IL 60603

This is the Objection to the Request class Counsel's.
I object to the request and should be paid a said amount,
or parcel payment of $1,999,999 that Nine Hundred and Ninty
nine thousand and Nine Hundred and Nifty nine dollers
for advertising cost I can not advertise my business and should
be compensated for pain and suffering along with the Class
Member amount what ever it shoud be.
Third party this is Known as Klan-ing and is Illegal
copyright Enfringement should be no less than $250,000
Two hundred Fifty thousand Dollars and lec-codes tampering
$1,000,000,000 One Billion Dollars.

Michale Stanberry
214 Champagne St
Greenwood, MS 38930-7507
Pho 662 453 9106
or 662 453 5266
cell 662 385 6397
FAX 662 453 9106
or
662 453 5266

Aug 20-2013

BTN: 662 451 9463 749

Control number 876 1836 109

Notice number 99A3 F D5 B76

Authorization

---

BTN: 662 453 9106 608

Control number 1167 701 430

Notice number 7D 84 C0A C56

Authorization

Michele Stanberry
214 Champagne st
Greenwood, MS 38930-7507
Ph 662 453 9106
or 662 453 5266
Cell 662 385 6397
FAX 662 453 9106
or



Michale Stanberry
14 Champagne St
Greenwood, MS 38930-7807
No 662 453 9106

Clerk of the Court
450 Golden Gate Avenue
San Francisco, CA 94102

9410234321

# MILLIE STANBERRY

Aug 20-2013

TO: Clerk of the Court
450 Golden Gate Avenue
San Francisco, CA 94102

009-1529SI

This is a AT&T Third party Class member
objection to be file with the Clerk of the Court
450 Golden Gate Avenue San Francisco, CA 94102

FILED

AUG 22 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED
2013 AUG 22
R.D.W. WIEKING
U.S. DISTRICT COURT
N.D. OF CA., S.F.
# 35

Millie Stanberry
214 Champagne St
Greenwood, Ms 38930-7807
Pho 662 453 9106

TO: John G. Jacobs
55 West Monroe Suite 2970
Chicago, IL 60603

This is the Objection to the Request class Counsels.
I object to the request and should be paid a said amount,
or parcel payment of $999,999, that Nine Hundred and
Ninty nine thousand and Nine Hundred and Ninty nine dollars
for advertising cost I can not advertise my business
and should be compensated for pain and suffering along
with the class members amount what ever it should be.
Third Party this is known as Klan-ing and is illegal
copyright infringement sheud be no less than $250,000
Two hundred Fifty thousand Dollars and lec-codes tampera
$1,000,000,000 One Billion Dollars.

Millie Stanberry
214 Champoyne st
Greenwood, Ms 38930-7507
Ph 6624539106

Aug 20 - 2013

BTN: 6624539106604
Control number 36610379@
Notice Number 5558BAB2C3D
Authorization

BTN: 6624539106611
Control number 366103798
Notice number 5558BAB2C3D
Authorization

Millie Stanberry
214 Champagne St
Greenwood Ms 38930-7507
Pho 6624539106

Aug 20 - 2013

TO: Douglas R. Tribble
501 West Broadway
San Diego, CA 92101

This is the Objection to the Request class Counsels.
I Object to the request and should be paid a seed amount,
or parcel payment of $999,999 that Nine Hundred and
Nealy nine thousand Nine Hundred and fifty nine Dollars
for advertising cost I can not advertise my business
and should be compensated for pain and suffering along
with the class member amount what ever it should be.
Third Party this is known as Klan-ing and is illegal
copyright infringement should be no less than
$250,000 Two Hundred fifty thousand Dollars and
lec-codes Tampering $1,000,000,000 One Billion Dollars.

Millie Stanberry
214 Champagne st
Greenwood, Ms 38930-2507
Ph: 6624539106

Aug 20-2013

BTN: 6624539106609
Control number 366103798
notice number 5558BAB2(3D)
Authorization

BTN: 6624539106611
Control number 366103798
notice number 5558BAB2C3D
Authorization

Millie Stanberry
214 Champagne St
Greenwood, Ms 38930-7507
Ph 6624539106



Mollie Steinberg
214 Champagne St
Greenwood, MS 38930-2807
Ph 662-453-8106

Clerk of the Court
450 Golden Gate Avenue
San Francisco, CA 94102

94102343210

# LOU JANET TAYLOR

CO9-1529SI

Dear Clerk of the Court,

RECEIVED
MAY 13 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Please file this 'objection of settlement
for me as I do not feel it is enough for all
the many many times I called A T+ T and had
to argue my point with them. EVERY Month
not just once in a while. My Phone bill was
suppose to be a set amount and each month
they would add this and that on months I
wasn't even at home.

FILED
MAY 1 4 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFOR

        Your Help will be greatly appreciated

                Lou Janet Taylor
                LOU JANET TAYLOR
                (BOB TAYLOR is my
                    LATE HUSBAND)

    BTN 405 379 7474 326

JANET TAYLOR (BOB TAYLOR)

926 N COUNTY RD 369

HOLDENVILLE OK 74848

BTN 405 379 7474 326

CLERK OF THE COURT

450 GOLDEN GATE AVENUE

SAN FRANCISCO CA 94102

RECEIVED

MAY 1 3 2013

JACOBS KOLTON, CHTD.

LOU JANET TAYLOR
3926 N COUNTY RD 369
HOLDENVILLE OK 74848

BTN # 4053797474326

DEAR MR JACOBS,
    I am objecting to the settlement
because I feel I should get compensated
not only for being billed too much but also:
    I had to call this phone company every
month and argue for long periods of time
wasting my other cellphone minutes and my
time and each time I was very stressed out
and practically had my day ruined.
           Please Help.
        Lou Janet Taylor

P.S. could you please inform me on how to
File this with the "CLERK OF THE COURT
        at 450 GOLDEN GATE AVE
        SAN FRANCISCO CA 94102"?

        Thanks Again and Have a Great Day

 P.S.S. BOB TAYLOR IS MY LATE HUSBAND

LOU JANET TAYLOR   BTN # 40537974 74326
3926 N COUNTY RD 369
HOLDENVILLE OK 74848

09 MAY 2013 PM 2 1
OKLAHOMA CITY OK 730

RECEIVED
MAY 18 2013
JACOBS KOLTON, CHTD.

JOHN G JACOBS
55 WEST MONROE   SUITE 2970
CHICAGO ILLINOIS   60603

Freedom
FOREVER

60603509199

# SHIRLEY D. THOMAS

Shirley B. Thomas
8635 Prest
Detroit, Mi. 48228

09-1529 SI

Clerk of the Court:

Dear Clerk;

I am writing to let you know that I object to the settlement because I wish the Class Counsel's request for attorney's fees & expenses and or incentive awards which amounts do not reduce class member payments but are paid in addition by A T & T.

Sincerley,
Shirley D. Thomas

**FILED**

AUG 28 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

John G. Jacobs
55 West Monroe
Suite 2970
Chicago, Il. 60603

Dear Mr. Jacobs,

Since I do not wish to opt out of the class action settlement. The reason I am writing you so that you can object to the settlement in my behave. I hope I am not too late in making my request.

Your Truly,
Shirley D. Thomas



**PRIORITY MAIL**

**UNITED STATES POSTAL SERVICE**



U.S. POSTAGE
PAID
DETROIT,MI
48228
AUG 26, 13
AMOUNT

**$5.60**

1006      60603      00085156-04

# Flat Rate Mailing Envelope

**For Domestic and International Use**



UNITED STATES POSTAL SERVICE

**USPS TRACKING #**

9114 9011 2308 6622 4980 86

Label 400 Jan. 2013
7690-16-000-7948

**PRIORITY MAIL**

**UNITED STATES POSTAL SERVICE**

For Domestic
and International Use

From:

From: *Shirley Thomas*
*8625, Prest*
*Detroit, Mi. 48228*

TO *John G. Jacobs*
*55 West Monroe*
*Suite 2970*
*Chicago, Il. 60603*

Label 228, January 2008

# CHARLES M. THOMPSON

FILED

SEP 03 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Charles M. Thompson**
1401 Doug Baker Blvd
Suite 135
Birmingham, AL  35242
(205) 908-8259
(205) 995-0078 Fax

RECEIVED

SEP 03 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

<u>**Sent Via Fedex Mail**</u>
August 30, 2013

Clerk of the Court
450 – Golden Gate Avenue
San Francisco, CA  94102

Re:  Case #: CV-09-1529-SI

Dear Sir or Madam:

Please be advised that I am a class member in subject case having received a class action notice card informing me of my class member status.  My number is 205-908-9677.  Obviously I was falsely charged third party charges and other violations making me so damaged.  I object to said settlement and the complex procedure requiring class members to be compensated while paying millions of dollars to attorneys.  I have read on line other complaints and objections of other class members and join in any of those validly made.

Very truly yours,

*Charles M. Thompson*

Charles M. Thompson

cc: John G. Jacobs
    Douglas R. Tribble

# LULA M. WARDLAW

A.t.w 1453046033 RECEIVED

JUN 1 4 2013

B.t.N.: 229-226-8965-464 JACOBS KOLTON, CHTD.

Dear Mr. John G. Jacobs,
the objection that I am sending
A.tt. Class act Settlement.

Lula, M. Wardlaw
316 Grady Street
Thomasville Ga. 31792-6125

Lula Wardlaw
316 Grady Street
Thomasville, Ga 31792-6125
B.7.N. 229-226-8965-464
A. + to

RECEIVED
JUN 14 2013
JACOBS KOLTON, CHTD.

TALLAHASSEE FL 323
11 JUN 2013 PM 1 L

Equalit

Mr. John G. Jacobs
55 West Monroe Suite
Chicago, IL 66603

09-1529
A.t.N. 1453046033

B.t.N. 229-226-896546

Objection At.t. Class act Settlement
To the Clerk of the Court
at 450 Golden Gate Avenue.
San Francisco Ca. 94102

FILED

MAY 3 0 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Lula M. Wardlaw

316 Grady Street

Thomasville Ga 31792-6125

# ROSA AMELIA ZUREK

June 10, 2013

Michael Zurek
558 South 2nd Street, Apt. 8
El Centro, CA 92243-2760
310.570.5069

RECEIVED

JUN 1 3 2013

JACOBS KOLTON, CHTD.

John G. Jacobs
(Class Counsel)
55 West Monroe Street, Suite 2970
Chicago, IL 60603

**RE: <u>AT&T Landline Third Party Billing Settlement, Nwabueze v. AT&T, Inc., Case No. CV 09-1529 SI</u>**

Mr. Jacobs:

I am writing this letter on behalf of my wife Rosa Amelia Zurek to vindicate her rights as a non-named class member who would be bound by final approval of the proposed settlement in Nwabueze v. AT&T, Inc., No. CV 09-1529 SI, filed in the U.S. District Court for the NORTHERN DISTRICT OF CALIFORNIA. Your firm and others proposed a class action settlement which, if approved, would vacate my wife's rights in exchange for receiving the amount of unauthorized Third-Party Charges on an AT&T landline telephone Account (BTN: 7603533529679) that my wife, the Class Member, asserts were not authorized which amounts to nearly no value at best, while awarding your firm and others $5,500,000 in fees.

My wife alleges that your proposed settlement is unfair, unreasonable and inadequate, and does not merit approval. The proposed settlement displays all of the red flags identified by the Ninth Circuit in Bluetooth. Yet, the settlement contains none of the information that the Court would need to accurately review the fairness of the settlement. You will be profiting handsomely at the expense of my wife and the class, having requested attorneys' fees in the amount of $5,500,000. This is despite ensuring that the vast majority of the class will be unnecessarily barred from recovery since it requires class members to complete a procedural maze. We are prepared to fully participate in the judicial process to ensure that this settlement does not survive review. This includes an appeal in the unlikely event her objection will be dismissed.

This letter is to advise you that an objection was filed to your proposed settlement. I am enclosing a copy of the objection. If you settle this matter, my wife will withdraw her objection. I will extend to you an offer to settle this matter with my wife for $30,000.00 if the settlement terms are reached by 5:00 PM PST on Friday, June 28, 2013. If you reject this settlement the offer to settle is revoked and will not be extended at the previous settlement amount of $30,000.00.

Govern yourself accordingly.

Sincerely,

Michael Zurek

1  Rosa Amelia Zurek
   IN PRO PER
2  558 South 2nd Street, Apt. 8
   El Centro, CA 92243-2760
3  Phone: 310.570.5069

4
                                            FILED
5          Case No.: CV 09-1529 SI
                                            JUN 1 4 2013
6
                                            RICHARD W. WIEKING
7        UNITED STATES DISTRICT COURT       CLERK, U.S. DISTRICT COURT
         NORTHERN DISTRICT OF CALIFORNIA    NORTHERN DISTRICT OF CALIFOR.
8

9  IN RE: AT&T Landline Third Party Billing  )  Case No.: CV 09-1529 SI
                                             )
10 Settlement, Nwabueze v. AT&T, Inc.        )
                                             )
11 ─────────────────────────────────────    )
                                             )
12                                           )  OBJECTION OF CLASS
                                             )  MEMBER ROSA AMELIA ZUREK
13                                           )  TO THE PROPOSED
   Rosa Amelia Zurek,                        )  SETTLEMENT AND NOTICE OF
14                                           )  INTENT TO APPEAR
                   Objector.                 )
15                                           )  Courtroom: 10
                                             )  Judge: Hon. Susan Illston
16                                           )
                                             )
17 ─────────────────────────────────────    )

18

19

20

21

22

23

24

25

26

27

28

# Table of Contents

INTRODUCTION ................................................................. 5

I.   The Objector Is a Member of the Class ................................. 6

II.  The Objector changed her name due to marriage ....................... 7

III. The objector has moved ............................................... 8

IV.  The Objector is in PRO SE ............................................ 8

V. The Objector Provides a Valuable Perspective for the Court in the Exercise of its

Independent Duty to Closely Scrutinize the Proposed Settlement ...................... 9

VI.  The "Claim Forms" Are Coupons, and the Proposed Settlement Should Be Evaluated

As Such .................................................................... 11

VII. The Proposed Settlement Would Violate the Class Action Fairness Act (CAFA), and

Final Approval Should Be Denied On This Basis Alone .............................. 14

VIII.   The Proposed Settlement Class Should Be Decertified Because Individualized

Issues Predominate Over Common Issues ........................................ 16

IX.  The Attorney Fee Request Is Disproportionate to the Actual Benefit Derived By

the Class and Should Be Both Reduced and Delayed. ................................. 18

  a.  The particular circumstances and terms of the Proposed Settlement necessitate an

  especially high level of scrutiny........................................... 20

  b.  The attorney fee request is excessive under a lodestar analysis, shows evidence

  of unreasonable hours claimed, and requires scrutiny by the Court................. 21

CONCLUSION ................................................................ 25

# Cases

Amchem Prods., Inc. v. Windsor ........................................... 9, 16, 17

Bluetooth ............................................................... passim

Bluetooth Headset Prod. Liability ........................................... 18

Bridgestone/Firestone, Inc. ................................................. 18

Cann v. Carpenters' Pension Trust Fund ........................................ 22

Create-A-Card, Inc. v. Intuit, Inc. ........................................... 22

Create-A-Card, Inc. v. Intuit, Inc. ........................................... 19

Davis v. City and Cnty. of San Francisco ...................................... 22

Diaz v. Trust Territory of Pacific Islands ..................................... 9

Dunleavy v. Nadler ............................................................. 9

Figueroa v. Sharper Image ..................................................... 13

Figueroa v. Sharper Image Corp. ............................................... 13

Fischer v. SJB-P.D. Inc. ...................................................... 23

Fleury v. Richemont North Am., Inc ............................................ 12

Gates v. Deukmejian ........................................................... 23

General Motors Corp. Pick-Up Truck Fuel Tank .................................. 16

Grand Theft Auto Video Game Consumer Litig .................................... 17

Grand Theft Auto Video Game Consumer Litig. ................................... 18

Grand Theft Auto Video Game Consumer Litigation .............................. 17

Hanlon v. Chrysler Corp ....................................................... 10

Hanlon v. Chrysler Corp. ...................................................... 18

Hensley ....................................................................... 23

Hensley v. Eckerhart .......................................................... 22

HP Inkjet Printer Litig. ...................................................... 19

McCown v. City of Fontana ..................................................... 22

McLaughlin v. Am. Tobacco Co. ............................................. 16, 17

Molski ......................................................................... 9

Molski v. Gleich ............................................................... 9

Pl.'s Notice Of Mot. & Mot. For Award of Att'y's Fees, Reimbursement of Expenses &
Incentive Award Payments, June 22, 2012, ECF No. 48.......................... 24

Role Models Am., Inc. v. Brownlee ............................................. 23

Silber v. Mabon ................................................................ 9

Six (6) Mexican Workers v. Arizona Citrus Growers ............................ 18

Sobel v. Hertz .................................................. 13

St. Jude Med., Inc. .............................................. 17

Staton v. Boeing Co. ............................................ 19

Synfuel Techs., Inc. v. DHL Express (USA), Inc. ................. 13

Torrisi v. Tucson Elec. Power Co. ............................... 10

True v. Am. Honda Motor Co. ................................. passim

Weinberger v. Great N. Nekoosa Corp ............................. 11

Weinberger v. Great N. Nekoosa Corp. ............................ 21

Welch ....................................................... 23, 24

Welch v. Metropolitan Life Ins. Co. ...................... 22, 23, 24

Wing v. Asarco, Inc. ............................................ 20

## Statutes

28 U.S.C. § 1712 ................................................ 14

28 U.S.C. § 1712(a) ............................................. 14

28 U.S.C. § 1712(c) ............................................. 15

28 U.S.C. § 1712(e) ............................................. 14

Fed. R. Civ. P. 23(h) .......................................... 13

## Other Authorities

Barbara J. Rothstein & Thomas E. Willging, Managing Class Action Litigation: A Pocket
    Guide for Judges 18 (3d ed. 2010) ........................... 15

Barbara J. Rothstein & Thomas E. Willging, Managing Class Action Litigation: A Pocket
    Guide for Judges 20 (3d ed. 2010) ........................... 10

Class Action Fairness Act of 2005 (CAFA) ....................... 13

The State Bar of California Committee on Mandatory Fee Arbitration, Arbitration
    Advisory 03-01 (2003) ....................................... 24

**Hereby the Objector, Mrs. Rosa Amelia Zurek, objects to the Settlement in Nwabueze v., AT&T, Inc., Case No. CV 09-1529 SI.**

<u>INTRODUCTION</u>

Rosa Amelia Zurek, the Objector, represents tens of thousands of class members who have been harmed by AT&T's unlawful actions. The Proposed Settlement will extinguish the class members' legal claims against AT&T while providing near-zero recovery. Mrs. Zurek believes that the proposed settlement is worthless, and she believes that she will receive no benefit from the proposed settlement. There is nothing wrong with class counsel being richly rewarded for a job well done. Where the recovery to the class is nothing, the class counsel should not be rewarded.

Mrs. Zurek spent valuable money on bills from AT&T at a time when she was a waitress at a chain restaurant just earning minimum wage, heavily in debt and with little discretionary income. Mrs. Zurek should be entitled to the protections of federal and California consumer protection law. Yet, under the terms of the Proposed Settlement, Mrs. Zurek will receive nothing of real value, while waiving all of her rights against AT&T both now and in perpetuity. The Proposed Settlement is unconscionable by its terms, violates the Class Action Fairness Act of 2005, and proposes a

Settlement Class that cannot properly be certified.
Furthermore, Class Counsel and other Plaintiffs'
counsel would claim $5,500,000 in attorneys' fees for
selling out Mrs. Zurek and the other absent class
members. This is an unconscionable amount in light of
the inadequate relief obtained, the indicia of
collusion in obtaining the Proposed Settlement, and the
inadequacy of Plaintiffs' counsel's billing practices.

*For all of these reasons, the Court should reject
the Proposed Settlement and the attorneys' fee award.*

## I. The Objector Is a Member of the Class

Rosa Amelia Zurek is a resident of the state of
California who has been billed for third-party charges
on an AT&T landline telephone Account (BTN:
7603533529679) (see Exhibit) between January 1, 2005
and January 14, 2013 which she did not authorize.

The putative settlement class is defined as "All
current and former AT&T ILEC landline telephone
customers who between January 1, 2005 to January 14,
2013 were billed for Third-Party Charges submitted to
AT&T through a Clearinghouse, also known as a billing
aggregator, such as Billing Concepts Inc. a/k/a Billing
Services Group Clearing Solutions or BSG d/b/a USBI and
ZPDI, ACI Billing Services Inc. d/b/a OAN, Enhanced
Services Billing, Inc. d/b/a ESBI, and HBS Billing

1  Services Company, The Billing Resource d/b/a The
2  Billing Resource or Integretel, ILD Teleservices, Inc.,
3  Transaction Clearing, LLC, PaymentOne Corp., d/b/a
4  PaymentOne or eBillit, and eTelcharge.com, Inc. [AT&T
5  ILEC means an AT&T-affiliated incumbent local exchange
6  carrier, such as Pacific Bell Telephone Company, d/b/a
7  AT&T California, Illinois Bell Telephone Company, d/b/a
8  AT&T Illinois, etc.]"

10 Excluded from the Settlement Class are:

12 Judicial officers to whom the Action is assigned; or
13 the U.S. government or any State government or
14 instrumentality thereof.

16 Mrs. Zurek has been billed for third-party charges on
17 an AT&T landline telephone Account (BTN: 7603533529679)
18 between January 1, 2005 and January 14, 2013 which she
19 did not authorize, according to this putative class
20 definition, and does not fall within any of the
21 excluded categories of persons and entities. Mrs. Zurek
22 is therefore a class member with standing to object.
23 She intends to appear at the fairness hearing with her
24 husband Michael Zurek.

27 **II. The Objector changed her name due to marriage**
28 On the postcard (see Exhibit) which notified the
   Objector about this instant matter her maiden name is

noted: "Rosa Amelia Mancilla". Due to her marriage on February 5, 2013 she changed her name to "Rosa Amelia Zurek".

### III. The objector has moved

On the postcard which notified the Objector about this instant matter her old address is noted. The old address was:

> 1301 North 6th Street
> El Centro, CA 92243-1456

The new address is:

> Rosa Amelia Zurek
> 558 South 2nd Street, Apt. 8
> El Centro, CA 92243-2760

### IV. The Objector is in PRO SE

Objector, Mrs. Zurek, in PRO SE, and unskilled in law, studying the instant matter and writing this objection in her spare time after working long hours as a waitress at minimum wage.

## V. The Objector Provides a Valuable Perspective for the Court in the Exercise of its Independent Duty to Closely Scrutinize the Proposed Settlement

"Both the class representative and the courts have a duty to protect the interests of absent class members." Silber v. Mabon, 957 F.2d 697, 701 (9th Cir. 1992); see also Diaz v. Trust Territory of Pacific Islands, 876 F.2d 1401, 1408 (9th Cir. 1989) ("The district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members."). Where a court is confronted with a settlement-only class certification, the court must look to factors "designed to protect absentees." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997); Molski v. Gleich, 318 F.3d 937, 953 (9th Cir. 2003).

This Proposed Settlement merits especially close scrutiny by the Court because it presents an instance where a settlement agreement precedes formal evaluation of class certification. "Settlements that take place prior to formal class certification require a higher standard of fairness." Molski, 318 F.3d at 953 (quoting Dunleavy v. Nadler, 213 F.3d 454, 458 (9th Cir. 2000)). "Prior to formal class certification, there is an even greater potential for a breach of fiduciary duty owed the class during settlement. Accordingly, such [settlement] agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under

1 Rule 23(e) before securing the court's approval as
2 fair." In re Bluetooth Headset Prod. Liability, 654
3 F.3d 935, 946–47 (9th Cir. 2011) (citing Hanlon v.
4 Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)).
5 Accordingly, mere consideration and satisfaction of the
6 eight *Churchill* factors[1] alone are not enough to sustain
7 a settlement as fair, and is "not enough to survive
8 appellate review." Id. at 946–47. Rather, the Court
9 must also look for "subtle signs" of collusion in facts
10 such as a **disproportionate attorneys' fees distribution**
11 or a "clear sailing" arrangement, both of which exist
12 here. See id. at 947.

13 The "clear sailing" agreement in the Proposed
14 Settlement provides another reason for the Court to
15 apply extra scrutiny. See Barbara J. Rothstein & Thomas
16 E. Willging, Managing Class Action Litigation: A Pocket
17 Guide for Judges 20 (3d ed. 2010) (defining a "clear
18 sailing" agreement as a "stipulation that attorney fees

19

20 [1] These factors are: (1) the strength of the plaintiff's case; (2) the risk,
21 expense, complexity, and likely duration of further litigation; (3) the risk
22 of maintaining class action status throughout the trial; (4) the amount
23 offered in settlement; (5) the extent of discovery completed and the stage of
24 the proceedings; (6) the experience and views of counsel; (7) the presence
25 of a governmental participant; and (8) the reaction of the class members of
26 the proposed settlement. Churchill Vill., L.L.C. v. Gen. Elec., 361 F.3d 566,
27 575 (9th Cir. 2004); Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375
28 (9th Cir. 1993).

1   based on the inflated settlement figure will not be

2   contested" and advising that it "adds decibels to the

3   alarms set off" by other settlement red flags). The

4   Ninth Circuit has cautioned that a clear sailing

5   agreement is a "warning sign" that may point toward

6   collusion. In re Bluetooth, 654 F.3d at 947. In the

7   instant Proposed Settlement, Defendants agreed not to

8   contest Plaintiffs' Counsel's fee request so long as it

9   was for a total amount of less than 25% of the

10  Settlement Fund amount. (Stipulation of Settlement §

11  I.1.) Clear sailing provisions such as this are

12  disfavored in the Ninth Circuit because they deprive

13  the court and the absent class members of the benefit

14  of the adversarial process, and thus necessitate

15  greater scrutiny. In re Bluetooth, 654 F.3d at 949.

16  "[T]he very existence of a clear sailing provision

17  increases the likelihood that class counsel will have

18  bargained away something of value to the class."

19  Weinberger v. Great N. Nekoosa Corp., 925 F.2d 518, 524

20  (1st Cir. 1991).

21

22

23

24  VI. The "Claim Forms" Are Coupons, and the Proposed Settlement Should
          Be Evaluated As Such

25

26  The primary relief offered by the proposed settlement

27  is to pay Class Members who timely submit a properly

28  completed Claim Form the full amount (100%) of

    unauthorized Third-Party Charges. Class members may

only receive cash compensation when they timely submit a properly completed Claim Form for the full amount (100%) of unauthorized Third-Party Charges. This circumstance will undoubtedly be rare, since it requires class members to complete a procedural maze: request a Billing Summary from AT&T of all of the Third-Party Charges that the class members were billed from January 1, 2005 through January 14, 2013, and finally out and submitting claim paperwork. In short, the proposed Settlement was designed to make the cost of securing of a cash settlement greater than the benefit.

Because the primary relief offered by the proposed settlement is to timely submit a properly completed Claim Form in order to get any cash benefit, the proposed settlement is a "coupon settlement." See <u>True v. Am. Honda Motor Co.</u>, 749 F. Supp. 2d 1052, 1069 & n.20 (C.D. Cal. 2010) (finding a coupon settlement where coupons were the primary form of relief, even where other forms of relief were involved); <u>Fleury v. Richemont North Am., Inc.</u>, No. C-05-4525 EMC, 2008 WL 3287154, at *2 (N.D. Cal. Aug. 6, 2008) (defining a coupon settlement as one where the relief constitutes "a discount on another product or service offered by the defendant in the lawsuit"). The Claim Forms are a form of in-kind compensation, which are not worth the efforts of a yearlong lawsuit, unless you are the class counsel collecting soon $5,500,000 in attorneys' fees.

Furthermore it is foreseeable that some percentage of
the possible claims will never be claimed and, as a
result, will not constitute a cost. Coupon settlements
are problematic because: (1) they often do not provide
meaningful compensation to class members; (2) they
often fail to disgorge ill-gotten gains from the
defendant; and (3) they often require class members to
do future business with the defendant in order to
receive compensation. See Figueroa v. Sharper Image
Corp., 517 F. Supp. 2d 1292, 1302 (S.D. Fla. 2007).

For these reasons, a higher level of court scrutiny
has been mandated by Congress for coupon settlements
than for other types of settlements, under the Class
Action Fairness Act of 2005 (CAFA). See, e.g., Synfuel
Techs., Inc. v. DHL Express (USA), Inc., 463 F.3d at
654; True v. Am. Honda Motor Co., 749 F. Supp. 2d at
1069; Figueroa v. Sharper Image Corp., 517 F. Supp. 2d
at 1321; see also S. Rep. No. 109-14, at 27 (2005), as
reprinted in 2005 U.S.C.C.A.N. 3, 27 (Section 5 of CAFA
"requires greater scrutiny of coupon settlements");
Fed. R. Civ. P. 23(h), 2003 Advisory Committee Notes
("Settlements involving nonmonetary provisions for
class members also deserve careful scrutiny to ensure
that these provisions have actual value to the
class."). Accordingly, courts have rejected numerous
proposed coupon settlements. See, e.g., Sobel v. Hertz,
No. 3:06-CV-00545-LRH-RAM, 2011 WL 2559565 (D. Nev.
June 27, 2011) (denying final approval of proposed

coupon settlement); <u>True v. Am. Honda Motor Co.</u>, 749 F. Supp. 2d at 1069-70, 1082-83 (declining to find proposed coupon settlement to be "fair, reasonable and adequate" under either Fed. R. Civ. P. 23(e) or 28 U.S.C. § 1712(e)).

VII.  The Proposed Settlement Would Violate the Class Action Fairness Act (CAFA), and Final Approval Should Be Denied On This Basis Alone

Although Class Counsel has been careful to never use the word "coupon" in describing the proposed settlement, instead favoring the term "Claim Form" (see generally Stipulation of Settlement), mere semantics are not sufficient to escape one's obligations under Federal law. In CAFA, Congress provided clear guidelines on how coupon settlements must be carried out and calculated. 28 U.S.C. § 1712. The proposed settlement would necessarily and by its own terms violate CAFA by violating the requirement that attorney fees attributable to coupons be based upon actual coupon redemption.

Because this is a coupon settlement, any award of attorneys' fees attributable to the value of the coupons "shall be based on the value to class members of the coupons that are redeemed." 28 U.S.C. § 1712(a) (emphasis added). This narrow focus on the actual value of redeemed coupons is mandated even where other forms of relief are proffered in addition to coupons. See 28

U.S.C. § 1712(c) (requiring that where mixed relief is awarded, including both coupons and equitable relief, the portion of any attorneys' fees attributable to the value from coupons must still be calculated according to § 1712(a)). It is not enough merely to know the total value of coupons that could be issued, nor is it even sufficient to know the total number of class members who have submitted claims. "Determining the precise value to the class of the rare beneficial coupon settlement . . . calls for hard data on class members' redemption of the coupons." Barbara J. Rothstein & Thomas E. Willging, Managing Class Action Litigation: A Pocket Guide for Judges 18 (3d ed. 2010). Under the proposed settlement terms, the value to the class attributable to redeemed coupons is not determined, and there are no plans in place to track or evaluate coupon redemption. Instead, attorneys' fees are justified based upon lodestar calculations. Thus, for the sake of mere convenience to Class Counsel in its mission to recover fees quickly and efficiently, actual coupon value and redemptions are entirely ignored. Such shenanigans do not comport with CAFA, and insofar as this settlement represents an attempt to sidestep a CAFA-mandated focus on the value of redeemed coupons, it should not garner final approval.

VIII.   The Proposed Settlement Class Should Be Decertified Because
        Individualized Issues Predominate Over Common Issues

When the simultaneous notice of the class and the
settlement is distributed to the proposed class,
objecting class members can still challenge the class
on commonality, typicality, adequacy of representation,
superiority, and predominance grounds—they are not
limited to objections based strictly on the
settlement's terms. In re General Motors Corp. Pick-Up
Truck Fuel Tank, 55 F.3d 768, 791 (3d Cir. 1995)
(citing 2 Herbert Newberg & Alba Conte, Newberg On
Class Actions § 11.27 at 11-40 (3d ed. 1992)). The
particular area where evaluation of a proposed
settlement class often falls short is in predominance.
The predominance inquiry "tests whether proposed
classes are sufficiently cohesive to warrant
adjudication by representation." Amchem Prods., Inc. v.
Windsor, 521 U.S. at 693. The evaluation of a
settlement class should not be less rigorous than
formal evaluation of a class for litigation purposes,
because such "legal or factual questions . . . preexist
any settlement." Id. at 622-23. Although the
predominance requirement is "readily met in certain
cases alleging consumer . . . fraud," id. at 625, the
presence of individualized issues regarding the
necessity of proving reliance may preclude a finding of
predominance. See McLaughlin v. Am. Tobacco Co.,

522 F.3d 215, 222-25 (2d Cir. 2008). Furthermore, the existence of differences in state law will compound any disparities. Amchem Prods., Inc. v. Windsor, 521 U.S. at 624. Multiple courts have decertified proposed settlement classes based upon inadequacies found during the predominance inquiry. E.g., Id. at 625; In re Grand Theft Auto Video Game Consumer Litigation, 251 F.R.D. 139 (S.D.N.Y. 2008). The proposed settlement class is nationwide, and would treat class members from divergent states in an identical manner. The class members in this consolidated litigation, like the Objector (who resides in California), have very different and specific claims based on divergent state consumer protection statutes. The original complaints, preconsolidation, sounded claims in state consumer protection laws including fraud, misrepresentation and false advertising. Federal courts have held that some state consumer protection laws, including those of California, implicate reliance as an element, requiring individualized proof. E.g., In re Grand Theft Auto Video Game Consumer Litig., 251 F.R.D. at 146, 153-55; see also In re St. Jude Med., Inc., 522 F.3d 836, 839-40 (8th Cir. 2008)(decertifying a nationwide class of purchasers to whom the lower court had decided to apply Minnesota consumer-fraud law). Such reliance issues, implicated here, preclude final certification of this proposed settlement class. See McLaughlin v. Am. Tobacco Co., 522 F.3d at 222-26

1  (decertifying nationwide class on predominance grounds
2  due to individualized reliance issues); In re
3  Bridgestone/Firestone, Inc., 288 F.3d 1012, 1017-19
4  (7th Cir. 2002) (decertifying two nationwide classes on
5  predominance grounds due to differences in state law);
6  In re Grand Theft Auto Video Game Consumer Litig., 251
7  F.R.D. at 155-57. "Differences across states may be
8  costly for courts and litigants alike, but they are a
9  fundamental aspect of our federal republic and must not
10 be overridden in a quest to clear the queue in court."
11 In re Bridgestone/Firestone, Inc., 288 F.3d at 1020.
12
13
14
15     IX. The Attorney Fee Request Is Disproportionate to the Actual Benefit
16          Derived By the Class and Should Be Both Reduced and Delayed.
17 Regardless of how the Court evaluates the Proposed
18 Settlement, the Court should also carefully scrutinize
19 the motion of Class Counsel for an award of attorneys'
20 fees. "Courts have long recognized that settlement
21 class actions present unique due process concerns for
22 absent class members." In re Bluetooth Headset Prod.
23 Liability, 654 F.3d 935, 946 (9th Cir. 2011) (quoting
24 Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir.
25 1998) (internal quotation marks omitted)). During the
26 settlement of class actions, "there is great concern
27 that attorneys may sacrifice the interests of the
28 class" for the sake of a fee award. Six (6) Mexican
   Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311

1  (9th Cir. 1990). "Given . . . economic realities, the
2  assumption in scrutinizing a class action settlement
3  agreement must be, and has always been, that the
4  members of the class retain an interest in assuring
5  that the fees to be paid class counsel are not
6  unreasonably high." Staton v. Boeing Co., 327 F.3d 938,
7  964 (9th Cir. 2003). Fees must be "fundamentally fair,
8  adequate, and reasonable." Id. The Ninth Circuit
9  therefore instructs that "a district court must
10  carefully assess the reasonableness of a fee amount
11  spelled out in a class action settlement agreement."
12  Id. at 963. While courts in this circuit regularly have
13  afforded a presumption of fairness to non-collusive
14  settlement, the same deference is not appropriate in
15  considering the fairness of an award of attorneys'
16  fees. See Staton v. Boeing Co., 327 F.3d 938, 964 (9th
17  Cir. 2003) ("That the defendant in form agrees to pay
18  the fees independently of any monetary award or
19  injunctive relief provided to the class in the
20  agreement does not detract from the need to carefully
21  scrutinize the fee award."); In re HP Inkjet Printer
22  Litig., 5:05-CV-3580 JF, 2011 WL 1158635, at *9 (N.D.
23  Cal. Mar. 29, 2011); Create-A-Card, Inc. v. Intuit,
24  Inc., No. C 07-06452 WHA, 2009 WL 3073920, at *2 (N.D.
25  Cal. Sept. 22, 2009)("It is clearly within the Court's
26  discretion to award less in fees than the amount sought
27  by counsel, even absent defendant's objection to the
28  requested amount."). The Court remains independently

obligated to ensure that any fee award is fair and reasonable, even if the parties have already agreed to an amount. In re Bluetooth, 646 F.3d at 941; see also Wing v. Asarco, Inc., 114 F.3d 986, 988 (9th Cir.1997).

   a. *The particular circumstances and terms of the Proposed Settlement necessitate an especially high level of scrutiny.*

Courts have applied special care to evaluating fee requests which are "negotiated at the same time as the substantive relief to the class." True v. Am. Honda Motor Co., 749 F. Supp. 2d at 1078. This is because such negotiation creates a risk of collusion. One prominent example of simultaneous negotiation is found in "clear sailing" agreements. See Barbara J. Rothstein & Thomas E. Willging, Managing Class Action Litigation: A Pocket Guide for Judges 20 (3d ed. 2010) (defining a "clear sailing" agreement as a "stipulation that attorney fees based on the inflated settlement figure will not be contested" and advising that it "adds decibels to the alarms set off" by other settlement red flags). The Ninth Circuit has cautioned that a clear sailing agreement is a "warning sign" that may point toward collusion and gives "the district court . . . a special obligation to assure itself that the fees awarded in the agreement were not unreasonably high"— because if they are, this may indicate an unfair settlement agreement. In re Bluetooth, 654 F.3d at 947

(quoting <u>Staton v. Boeing Co.</u>, 327 F.3d 938, 965 (9th Cir. 2003) (internal marks omitted)).

In the instant Proposed Settlement, the settling parties instituted a clear sailing arrangement, whereby Defendants agreed not to contest Plaintiffs' Counsel's fee request. Clear sailing provisions such as this are disfavored in the Ninth Circuit because they deprive the court and the absent class members of the benefit of the adversarial process, and thus necessitate greater scrutiny. In re <u>Bluetooth</u>, 654 F.3d at 949. "[T]he very existence of a clear sailing provision increases the likelihood that class counsel will have bargained away something of value to the class." <u>Weinberger v. Great N. Nekoosa Corp.</u>, 925 F.2d 518, 524 (1st Cir. 1991).

   b.  *The attorney fee request is excessive under a lodestar analysis, shows evidence of unreasonable hours claimed, and requires scrutiny by the Court.*

While a lodestar method of awarding fees is permissible under CAFA, application of a "lodestar amount is particularly inappropriate where . . . the benefit achieved for the class is small, as in the instant case, and the lodestar amount large." <u>True v. Am. Honda Motor Co.</u>, 749 F. Supp. 2d at 1077. While a lodestar figure is presumptively reasonable, the Ninth Circuit has cautioned that any lodestar figure should be adjusted upward or downward based on an appropriate

1  positive or negative multiplier based on reasonableness
2  factors. In re Bluetooth, 654 F.3d at 942. The foremost
3  consideration in determining the reasonableness of a
4  lodestar figure should be "the benefit obtained for the
5  class." Id.(citing Hensley v. Eckerhart, 461 U.S. 424,
6  434-36 (1983); McCown v. City of Fontana, 565 F.3d
7  1097, 1102 (9th Cir. 2009)). The contingency nature of
8  plaintiffs' counsel's representation cannot be used to
9  justify a fee enhancement or an inflated hourly rate.
10 Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 947
11 (9th Cir. 2007); see also Cann v. Carpenters' Pension
12 Trust Fund, 989 F.2d 313, 318 (9th Cir. 1993)
13 (contingency fee enhancement); Davis v. City and Cnty.
14 of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992),
15 vacated in part on other grounds, 984 F.2d 345 (1993)
16 (inflated hourly rate). Rather, the "key consideration
17 in determining a fee award is reasonableness in light
18 of the benefit actually conferred," even under a
19 lodestar analysis. Create-A-Card, Inc. v. Intuit, Inc.,
20 No. C07-06452 WHA, 2009 WL 3073920, at *3 (N.D. Cal.
21 Sept. 22, 2009).

22    Under the Proposed Settlement terms, the class has
23 achieved extremely limited results, unfair, inadequate,
24 and insufficient results, as argued elsewhere in this
25 brief. "[W]here the plaintiff has achieved 'only
26 limited success,' counting all hours expended on the
27 litigation—even those reasonably spent—may produce an
28 'excessive amount' . . . ." In re Bluetooth, 654 F.3d

at 942 (quoting <u>Hensley</u>, 461 U.S. at 436, 440).
Therefore, the fee award requested by Plaintiffs'
counsel is excessive in this case, and a negative
multiplier should be applied due to the sheer
inadequacy of the results obtained for the class.
Further separate and independent negative reductions
from the lodestar amount are also appropriate for block
billing and billing in quarter-hour increments, as will
now be explained in depth.

Reductions are appropriate where plaintiffs'
counsel chooses to "block bill" it's time rather than
itemize each task individually. <u>Welch v. Metropolitan</u>
<u>Life Ins. Co.</u>, 480 F.3d at 948. The fee applicant bears
the burden of documenting the appropriate hours
expended in the litigation and must submit evidence in
support of those hours worked. Id.; see also <u>Gates v.</u>
<u>Deukmejian</u>, 987 F.2d 1392, 1397 (9th Cir. 1992). Block
billing justifies reductions because it makes it more
difficult to determine how much time was spent on
particular activities. <u>Welch</u>, 480 F.3d at 948; see
also, e.g., <u>Role Models Am., Inc. v. Brownlee</u>, 353 F.3d
962, 971 (D.C. Cir. 2004) (reducing requested hours
because counsel's billing "lump[ed] together multiple
tasks, making it impossible to evaluate their
reasonableness"); <u>Fischer v. SJB-P.D. Inc.</u>, 214 F.3d
1115, 1121 (9th Cir. 2000) (holding that a district
court may reduce hours to offset "poorly documented"
billing). Block billing "may increase time by 10% to

30%." See The State Bar of California Committee on Mandatory Fee Arbitration, Arbitration Advisory 03-01 (2003).

Here, Class Counsel as well as other Plaintiffs' counsel have failed to individually itemize the tasks completed during the hours claimed—only total accumulated hours have been submitted per attorney, with no timesheets specifying what tasks relating to the litigation were accomplished. (See generally Pl.'s Notice Of Mot. & Mot. For Award of Att'y's Fees, Reimbursement of Expenses & Incentive Award Payments, June 22, 2012, ECF No. 48.) It may be true that counsel possess such documentation, and have merely failed to submit it, in which case reduction is only appropriate for those hours which were actually block billed. Welch, 480 F.3d at 948. Therefore, the Court should direct Class Counsel and other Plaintiffs' counsel to submit full billing records for the Court's evaluation, and enter reductions to the hours claimed where block billing has occurred. Once the Court has separated block billed hours from those for which counsel can submit appropriate documentation, a 20% reduction on block billed hours would be appropriate, as this represents the middle range of the likely unjustified increase in billed time from block billing practices.

Reductions are also appropriate where plaintiffs' counsel chooses to bill in quarter-hour increments. See Welch v. Metropolitan Life Ins. Co., 480 F.3d at 948-

49. This is because it may result in a request for
compensation for hours not reasonably expended on the
litigation. Id. Such findings may be made upon a review
of the firm's summary time sheet for features such as
"phone calls and e-mails that likely took a fraction of
the time," as well as "quarter-hour or half-hour
charges for the drafting of letters, telephone calls
and intra-office conferences." Id. at 949 (affirming
the district court's 20% across-the-board reduction on
counsel's requested hours where counsel had billed in
quarter-hour increments).

   In summation, the Court should institute several
independent reductions from the attorney's fee award to
ensure the fairness and reasonableness of any fee
award.


## CONCLUSION

Neither the Proposed Settlement, nor the proposed
attorneys' fee award should be given final approval by
the Court. The Proposed Settlement is a coupon
settlement which violates multiple provisions of CAFA,
and should be rejected on that basis alone. The terms
of the Proposed Settlement also would provide extremely
minimal relief to the class, such that the Proposed
Settlement cannot be approved as fair, reasonable, or
adequate under Fed. R. Civ. P. 23(e). Further, the
Proposed Settlement Class should be decertified because

1   individualized issues of state consumer protection law
2   predominate over any common issues. Finally, the
3   proposed attorneys' fee award is excessive and
4   unjustifiable under any theory of calculation, and must
5   be both reduced and delayed in order for the Court to
6   faithfully execute its independent fiduciary duty to
7   the class. For all of these reasons, the Proposed
8   Settlement and attorneys' fee request represent an
9   unfair and unjust attempt to liquidate the consumer
10  rights of the Objector and tens of thousands of
11  similarly-situated consumers for grossly inadequate
12  consideration. Due to the signs of collusion, the
13  Objector can only conclude that Class Counsel
14  sacrificed the interests of the class for a chance at
15  obtaining significant attorneys' fees without
16  opposition from AT&T. In the interests of justice, the
17  Proposed Settlement and attorneys' fee award must be
18  rejected. Objector, Mrs. Zurek, in PRO SE, and
19  unskilled in law, studying the instant matter and
20  writing this Objection in her spare time after working
21  long hours as a waitress at minimum wage, hopes that
22  voicing her opinion as a working class person, who
23  actually has to work very hard for every dollar she
24  earns, against ludicrous and excessive attorney fee
25  awards, helps the honorable Court to understand how the
26  common United States citizen thinks about that
27  litigation attorneys abuse the legal system for their
28  sole benefit. $5,500,000 in attorneys' fees? How many

1  more luxury automobiles, yachts and villas do these

2  attorneys need? The objector, Mrs. Zurek, working since

3  1999 as a waitress at minimum wage, living in a small

4  border town close to Mexico, does not even own a car

5  after all those years of hard work.

6

7

8  I affirm, under penalty of perjury, that the foregoing

9  is true and correct.

10

11

12

13

14

15  June 10, 2013                    Respectfully submitted:

16

17  ......................

18                                   Rosa Amelia Zurek

19                                   IN PRO PER

20                                   558 South 2nd Street,

21                                   Apt. 8

22                                   El Centro, CA 92243-2760

## CERTIFICATE OF SERVICE

THE UNDERSIGNED DECLARES:

On June 10, 2013 I served a copy of

## OBJECTION OF CLASS MEMBER ROSA AMELIA ZUREK

## TO THE PROPOSED SETTLEMENT AND NOTICE OF

## INTENT TO APPEAR

by depositing it as 1st class mail in a mail box, in El Centro, California, in
an envelope bearing the requisite postage, addressed as follows:

**John G. Jacobs**

(Class Counsel)

55 West Monroe Street, Suite 2970

Chicago, IL 60603

**Douglas R. Tribble**

(AT&T's counsel)

501 W. Broadway, Suite 1100

San Diego, CA 92101

**Settlement Administrator**

Nwabueze v. AT&T, Inc.

c/o GCG

P.O. Box 35045

Seattle, WA 98124

I declare under penalty of perjury that the foregoing is true and correct.

Executed at El Centro, California, on June 10, 2013.

Rosa Amelia Zurek
558 South 2nd Street, Apt. 8
El Centro, CA 92243-2760

OBJECTION TO PROPOSED SETTLEMENT - Case No.: CV 09-1529 SI - 29

Exhibit

**AT&T Third Party Billing Settlement Administrator**
c/o The Garden City Group, Inc. ("GCG")
*Nwabueze v. AT&T, Case No. CV-09-1529 SI*
P.O. Box 35045
Seattle, WA 98124

· Forwarding Service Requested

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
P A I D
CHICAGO, IL
PERMIT NO. 941

ATN0516500363



 This is only a summary. For complete
details, scan this code with your smartphone.
It will take you to a website with more
detailed information, plus a claim form that
you can submit online; OR
CALL: 1-866-242-0603
EMAIL: info@ATTthirdpartybillingsettlement.com
GO TO: www.ATTthirdpartybillingsettlement.com

BTN: 7603533529679

*This is a Court-ordered Notice, read it carefully. Your legal
rights may be affected. This is not a solicitation from a lawyer.*
**You Received This Notice Because AT&T's Records
Indicate That You Have Been Billed For Third-Party
Charges On An AT&T Landline Telephone Account
Between January 1, 2005 And January 14, 2013, And
If You Did Not Authorize Those Charges You May Be
Entitled To A Payment From This Class Action
Settlement.**

9679 0426505 **AUTO**SCH 5-DIGIT 92243
11/535/1
ROSA AMELIA MANCILLA
1301 N 6TH ST
EL CENTRO CA 92243-1456

---

### CLASS ACTION SETTLEMENT NOTICE
(Para ver este aviso en Español, se puede visitar www.ATTthirdpartybillingsettlement.com/Espanul.)

**What is the case about?** Plaintiffs have brought a class action lawsuit against AT&T alleging that unauthorized Third-Party Charges have been placed on AT&T customers' landline telephone bills ("cramming"), in violation of federal and state law. AT&T denies any wrongdoing. Both sides have agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation, and the Settlement has been preliminarily approved by the Court. **Who is in the Settlement Class?** The Settlement Class is defined as: all present and former AT&T ILEC landline customers in the United States who, at any time from January 1, 2005 through January 14, 2013, had a Third-Party charge placed on the customer's AT&T ILEC landline telephone bill through a Clearinghouse. [AT&T ILEC means an AT&T-affiliated incumbent local exchange carrier, such as Pacific Bell Telephone Company, d/b/a AT&T California, etc.] Any judge handling the action, the U.S. and state governments and government agencies are excluded from the Settlement Class.
**What does the settlement provide?** You may apply for payment of 100% of all unauthorized Third-Party Charges you paid on your AT&T landline phone bills during the Class Period that have not already been reimbursed. Payment amounts may vary considerably among class members, but Class Counsel contend that some class members may have claims of hundreds of dollars or more.
**ALERT: YOUR LEGAL OPTIONS**
**Make a claim for payment:** First, look at your old bills or get a free summary of third-party charges by submitting a Billing Summary Request form to the Settlement Administrator ("GCG"), at the address below, by December 2, 2013. Second, submit a Claim Form to GCG by December 2, 2013 or 30 days after you get your Billing Summary, if you timely requested one, whichever is later. You may use your BTN (Billing Telephone Account Number) to request your free Billing Summary. Your BTN can be found on the front of this card above your name. **Exclude yourself/Opt out** If you don't want to be legally bound by the settlement, you must exclude yourself. To be excluded, you must mail a signed request to be excluded from *Nwabueze v. AT&T*, with your name, address, and phone number, to GCG (at the address below) received or postmarked by September 2, 2013. If you don't exclude yourself, you won't be able to sue, or continue to sue, AT&T or any other Released Parties about the claims in this case. (For a description of Released Parties, go to www.ATTthirdpartybillingsettlement.com.)
**Object:** If you do not opt out, you or your lawyer have the right to object to, or comment on, the settlement, Class Counsel's request for attorneys' fees & expenses ($5,500,000) and/or incentive awards ($10,000 total), which amounts do not reduce class member payments but are paid in addition by AT&T), by mailing your objection to: John G. Jacobs, 55 West Monroe, Suite 2970, Chicago, IL 60603, and Douglas R. Tribble, 501 West Broadway, San Diego, CA 92101 and filing it with the Clerk of the Court at 450 Golden Gate Avenue, San Francisco, CA 94102 by September 2, 2013.
**Appear in Court:** The Court has scheduled a Final Approval Hearing on November 1, 2013 at 9:00 a.m. at the U.S. District Court, Northern District California, 450 Golden Gate Ave., 19th Floor, Courtroom 10, San Francisco, CA 94102. You may appear at the hearing yourself or through an attorney if you have submitted an objection, but you do not need to appear unless you wish to.
Address of the Settlement Administrator ("GCG"): Nwabueze v. AT&T Inc., c/o GCG, P.O. Box 35045, Seattle, WA 98124
To get Billing Summary Request Forms, Claim Forms, or more information, contact the Settlement Administrator, Garden City Group ("GCG"), at www.ATTthirdpartybillingsettlement.com, 1-866-242-0603, or via email at Info@ATTthirdpartybillingsettlement.com.