JEFFREY F. KELLER (SBN 148005)
**KELLER GROVER, LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
E-Mail: jfkeller@kellergrover.com

JOHN G. JACOBS (*PRO HAC VIC*
BRYAN G. KOLTON (*PRO HAC VICE*)
**JACOBS KOLTON, CHTD.**
55 West Monroe, Suite 2970
Chicago, Illinois 60603
Telephone: (312) 427-4000
Facsimile: (312) 268-2425
E-Mail: jgjacobs@jacobskolton.com
E-Mail: bgkolton@jacobskolton.com

David Schachman (*PRO HAC VICE*)
**LAW OFFICES OF
DAVID SCHACHMAN, P.C.**
55 West Monroe Street, Suite 2970
Chicago, Illinois 60603
Telephone: (312) 427-9500
Facsimile: (312) 268-2425
ds@schachmanlaw.com

Michael W. Sobol (State Bar No. 194857)
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
msobol@lchb.com

Michael A. Caddell
Cynthia B. Chapman
Craig C. Marchiando (Pro Hac Vice)
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston, TX 77010
Telephone: (713) 751-0400
Facsimile: (713) 751-0906
mac@caddellchapman.com
cbc@caddellchapman.com
ccm@caddellchapman.com

*Attorneys for Plaintiff and the Settlement Class*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOY NWABUEZE, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T INC., a Delaware corporation; PACIFIC BELL TELEPHONE COMPANY d/b/a AT&T CALIFORNIA, a California corporation; AT&T SERVICES, INC., a Delaware corporation; AT&T OPERATIONS, INC., a Delaware corporation; and DOES 1 through 21,<br><br>Defendants. | Case No. CV 09-01529 SI<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF JOHN G. JACOBS IN SUPPORT OF FINAL APPROVAL**<br><br>Location: Courtroom 10, 19th Floor.<br>450 Golden Gate Avenue<br>San Francisco, California 94102<br>Date: November 15, 2013<br>Time: 9:00 a.m.<br><br>**The Honorable Susan Illston** |

DECLARATION OF JOHN G. JACOBS ISO FINAL APPROVAL   CASE NO. CV 09-01529 SI

**DECLARATION**

John G. Jacobs, pursuant to 28 U. S. C. § 1746, hereby declares and states as follows:

1. I am President and founder of Jacobs Kolton, Chtd. I am a member of the bar of Illinois and have been admitted *pro hac vice* in this matter. I am one of the attorneys representing Plaintiff and the Class in this matter. This declaration is based on my own personal knowledge except where expressly noted otherwise.

**Objections**

2. Since the Notice program began, we have received various letters, some of which indicate they were also sent to counsel for AT&T, Mr. Tribble, and/or sent to the Court. In some instances, it is clear that they are not objecting to the settlement, but instead raising one concern or another (about their AT&T service, or about not wanting to sue AT&T, or individual issues with AT&T, etc.). In other instances, they use the word "object" but appear to be objecting to being charged for unauthorized charges. Some object to one aspect or another of the Settlement. We have reviewed all such correspondence along with counsel for AT&T and have agreed that the 25 documents included in Group Exhibit 1 to the Final Approval Memorandum are all of the correspondence that could remotely be considered objections, even though some of them appear not to be objections to the settlement.

3. The copy of the objection of Rosa Zurek received by our office on June 13, 2013, was received under a cover letter from Ms. Zurek's husband, Michael Zurek, which letter is included with the Zurek objection in Group Exhibit 1 to the Final Approval Motion. The letter states in relevant part, "If you settle this matter, my wife will withdraw her objection. I will extend to you an offer to settle this matter with my wife for $30,000 if the settlement terms are reached by 5:00 p.m. PST on Friday, June 28, 2013."

4. The document from Milagros Herrera included in Exhibit 1 was not received by us from Ms. Herrera. We recovered a copy of it from the Court's ECF docket.

5. Each person in Group Exhibit 1 was sent a letter by me informing them of the revised Final Approval Hearing date and of the requirement that "no objector shall be allowed to

1  appeal the overruling of any objection or the final approval of this settlement unless the objector or
2  his or her or its counsel has appeared in person at the Final Approval Hearing or in advance
3  received for good cause shown the dispensation from the Court form appearing at the Final
4  Approval Hearing. "

**Supplemental Information Regarding Lodestar And Expenses**

6. When we filed our Motion For Approval Of Attorneys' Fees And Expenses (Dkt. No. 197), that included information on our time and expenses devoted to the case up through July 31, 2013. As stated therein, the case has required us to continue to devote substantial time and expense to it, and we will continue to do so. In the period from August 1, 2013 through September 30, 2013, I have devoted an additional 104.5 hours to the case, my partner Bryan G. Kolton has devoted an additional 89.7 hours, attorney Paul Gluck has devoted 58 hours and our paralegal Rachael Malone has devoted an additional 14.8 hours. Copies of our daily time records are available for *in camera* inspection at the Court's request. Billed at our current respective billing rates previously described in my prior declaration on this subject, the lodestar value of our time devoted to this case during this period is $151,375. According to our bookkeeper, our expenses during the period July 1, 2013 (our prior expenses were reported only through June 30, 2013) through September 30, 2013, are $4,535.47. Thus the total lodestar for Jacobs Kolton, Chtd. from the beginning of the case through September 30, 2013 is $2,303,152, and our total expenses from the beginning of the case through September 30, 2013, are $ 120,757.47.

7. Concurrently filed herewith are the Declarations of David Schachman, Jeffrey F. Keller, Michael Sobol and Michael A. Caddell, regarding the additional time and expenses their firms have devoted to the case for the period August 1 – September 30, 2013. Adding those amounts to the amounts stated in their previous declarations that accompanied the fee motion (Dkt. 197), the total lodestar of all Class Counsel firms from the beginning of the case through September 30, 2013 is $ 5,719,595.50, and the total expenses are $ 212,051.59, for a total of time and expenses for $5,931,646.89.

**General Averment**

8.     All statements in the Motion For Final Approval And Supporting Memorandum and in the Class's Response To The DOJ "Statement Of Interest" And The FTC "Memorandum Of Law As *Amicus Curiae*" are true and correct to the best of my knowledge and belief.

Executed in Chicago, Illinois this 18th day of October, 2013.

    /s/ John G. Jacobs
John G. Jacobs