IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOY NWABUEZE, individually and on behalf of a class of similarly situated individuals,

    Plaintiff,

  v.

AT&T INC., et al.,

    Defendants.

No. C 09-01529 SI

**ORDER RE ATTORNEYS' FEES**

This lawsuit was initiated in 2009 against AT&T, on behalf of a class of current and former customers who had allegedly been billed for unauthorized charges placed by billing aggregators on behalf of third-party providers, a process known as "cramming." Following lengthy negotiations, the parties agreed upon a proposed settlement. On November 27, 2013, the Court approved the proposed settlement, but deferred ruling upon the requested attorneys' fees.[1] Dkt. 247. The Court ordered Class Counsel to submit supplemental materials detailing the projects and tasks each attorney completed and when the work was done, as well as detailed expense records. *Id.* Having considered the parties' submissions, including their supplemental filings, the Court hereby GRANTS the motion for fees in the amount of $5,500,000.

//

//

---

[1] The Court's prior Order discusses the background of this litigation and the terms of the settlement in detail. The Court will therefore not repeat this information here.

## LEGAL STANDARD

"While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, Fed. R. Civ. P. 23(h), courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). If a settlement produces a common fund, courts have discretion to employ either the percentage-of-recovery method, or the lodestar method. *In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010). Where a settlement does not create a common fund from which to draw, a court may, in its discretion, analyze the case as a "constructive common fund" for fee-setting purposes. *See Bluetooth*, 654 F.3d at 940-41. To calculate appropriate attorneys' fees under the constructive common fund method, the Court should look to the maximum settlement amount that could be claimed. *See, e.g.*, *Lopez v. Youngblood*, No. CV–F–07–0474 DLB, 2011 WL 10483569, at *12 (E.D. Cal. Sept. 1, 2011); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, No. 06-02069, 2011 WL 31266, at *5 n.5 (N.D. Cal. Jan. 5, 2011).

However, if a court determines that the lodestar method is more appropriate, the proper fee "is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Bluetooth*, 654 F.3d at 941.

Whichever method is utilized, the Ninth Circuit recommends that the district court perform a cross-check, using the other method to confirm the reasonableness of the fee. *Id.* at 944-45.

## DISCUSSION

The parties have agreed that Class Counsel may recover up to $5,500,000, or an amount not to exceed the fee awarded in *Moore v. Verizon Communications*, No. C 09-1823 SBA.[2] Motion for Approval of Attorneys' Fees and Expenses, Dkt. 197 at 2 n.2. Class Counsel contends that the fees they seek are reasonable under both the percentage-of-recovery, and the lodestar methods of calculation. *Id.* at 2. For the following reasons, the Court finds that the lodestar method is the appropriate method to

---

[2] On November 27, 2013, Magistrate Judge Corley issued a Report and Recommendation in *Moore*, finding that $7,500,000 in fees was warranted. *See* No. C 09-1823 SBA, Dkt. 211. Her recommendation will be considered by Judge Armstrong in due course.

2

use in this case, and concludes that, under this method of calculation, the fees sought are reasonable and appropriate.

### 1. Method of Calculation.

The lodestar method of calculation is appropriate in cases where "there is no way to gauge the net value of the settlement or any percentage thereof." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 9th Cir. 1998). By contrast, the percentage-of-recovery method is useful in cases where "the benefit to the class is easily quantified," and it is therefore worthwhile to forego the "often more time-consuming task of calculating the lodestar." *Bluetooth*, 654 F.3d at 942.

The settlement to which the parties agreed is a claims-based settlement; AT&T agreed to pay for all unauthorized third-party charges incurred. The overall value of the settlement is based upon the estimated total claims that might be filed for unauthorized charges, the injunctive relief that the settlement obtained, the free billing summaries that AT&T provides to all customers who request them, and costs of settlement administration. Dkt. 197 at 7-8. Until the entire process is complete, there is no reliable method of determining the precise value of the recovery the Class Members will receive. Although Class Counsel assert that the total value of the settlement exceeds, or has the potential to exceed, $100,000,000, the Court need not engage in speculation regarding the true value of the settlement given that the parties do not dispute that the lodestar method is appropriate here.

Accordingly, the Court concludes that the lodestar method is the proper calculation to apply in this matter.

### 2. Application of the Lodestar Method of Calculation.

Class Counsel assert that, as of December 12, 2013, the lodestar in this case was $6,035,946 in fees, and $221,051.13 in expenses, for a combined total of $6,256,997.03. Dkt. 248 at 14. Counsel do not seek a multiplier in this case, given that the maximum fee award is capped at $5,500,000. Dkt. 197 at 10-11.

"In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210

(9th Cir. 1986). After reviewing all documentation submitted by Class Counsel, including their supplemental filings, the Court concludes that Counsel have met their burden of demonstrating that the work performed was justified by their responsibilities to the Class.

At the Court's request, Class Counsel submitted additional documentation in support of the fee request, clarifying the responsibilities of the time-keepers involved in the case and the time periods in which the relevant work was completed. *See* Dkt. 248. With respect to the hours spent, the Court finds the hours submitted by counsel to be reasonable, given the complex nature of the litigation and the favorable result achieved for the class. With respect to hourly rates, the relevant question is whether the rates sought are reasonable and within the prevailing market rates. After reviewing the supplemental briefing, the Court also finds that the rates requested are within the range of reasonable hourly rates for contingency litigation approved in this District. Additionally, Class Counsel provided itemized listings of the expenses each firm incurred in relation to this litigation. *See* Dkt. 248. The Court finds that the expenses incurred are recoverable because they are reasonable out of pocket expenses that would normally be charged to a fee paying client. Therefore, the Court concludes that Class Counsels' lodestar calculation of $6,035,946 in fees, and $221,051.13 in expenses, for a combined total of $6,256,997.03 would be reasonable and appropriate, and is substantially in excess of the requested $5,500,000.00.

### 3. Percentage-of-Recovery Cross-Check.

The Ninth Circuit recommends that any lodestar fee award be cross-checked with the percentage-of-recovery method. *Bluetooth*, 654 F.3d at 944. Accordingly, the Court will perform the recommended cross-check here.

Class Counsel assert that, as of November 27, 2013, AT&T has received more than 500,000 requests for free billing summaries, and more than $16,000,000 in claims have been filed. The terms of the settlement require AT&T to pay 100% of all valid claims it receives. Moreover, AT&T is financially responsible for compiling free billing summaries upon request, an expense that it asserts would have cost the Class Members over $100 million if AT&T did not provide them. *See* Dkt. 197 at 8. Additionally, AT&T will be responsible for paying the Settlement Administrator, a cost estimated to exceed $15,000,000. *Id.* The attorneys' fees and expenses will also be paid by AT&T, and will not

4

be deducted from the recovery of any of the Class Members. Instead, this cost is in addition to all the other costs AT&T has agreed to pay under the terms of the settlement. In sum, Class Counsel contends that the overall value of the settlement is well in excess of $100,000,000. Dkt. 197 at 8.

In the Ninth Circuit, the "benchmark" award under the percentage-of-recovery method is 25% of the recovery obtained. *See, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Taking Class Counsels' estimate of the value of recovery as accurate and applying this benchmark, the total fee request of $5,500,000 is well under the generally accepted 25% award.

Accordingly, the Court finds that the percentage-of-recovery cross-check confirms that a fee award of $5,500,000 is reasonable and appropriate in this case.

**CONCLUSION**

For the foregoing reasons and for good cause appearing, and on the basis of the record before it, the Court hereby GRANTS the motion for approval of attorneys' fees and expenses in the amount of $5,500,000. This Order resolves Docket No. 197.

**IT IS SO ORDERED.**

Dated: January 29, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE